Trey Crawford – SBN 24059623
Michael J. Lang -SBN 24036944 (admission pending)
Alexandra Ohlinger - SBN 24091423 (admission pending)
Gracen Moreno - SBN 24116248
David M. Akere - SBN 24126294
**CRAWFORD WISHNEW & LANG PLLC**
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Fascimile: (214) 602-6551
tcrawford@cwl.law
mlang@cwl.law
aohlinger@cwl.law
gmoreno@cwl.law
dakere@cwl.law

***Counsel for Defendants***
***Toby Neugebauer and Melissa Neugebauer***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>ANIMO BANCORP, INC.,<br><br>Debtor. | §<br>§<br>§<br>§<br>§ | <br>Case No. 24-50359-cag<br><br>Chapter 7 |
| JOHN PATRICK LOWE, TRUSTEE,<br><br>Plaintiff<br><br>v.<br>TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br>Adversary No. 26-05011-cag |

**DEFENDANTS' TOBY NEUGEBAUER AND MELISSA NEUGEBAUER'S**
**ANSWER TO TRUSTEE'S ORIGINAL COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW Toby Neugebauer and Melissa Neugebauer, (the "Neugebauers" or "Defendants") and file their Original Answer to Trustee's Original Complaint [Doc. # 1] (the "Complaint") and Affirmative Defenses, and respectfully states as follows:

## DEFENDANTS' ANSWER TO THE COMPLAINT

## I. SUMMARY

1. Defendants admit they received $3,500,000 each from Amino Bancorp, Inc. ("Debtor" or "Bancorp") on or about November 30, 2022. Defendants deny all remaining allegations in paragraph 1.

2. Defendants admit that they have not "returned" the $7,000,000 they received from Debtor referenced in the first sentence of paragraph 2 but deny any allegation (implied or otherwise) that those funds are fraudulent transfers, were, in any way, improper, or should be returned. Defendants deny that the Trustee has any right to disallow any Claim filed or to be filed by Defendants against the Debtor or the Estate. The remainder of paragraph 2 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, describe what the Trustee is attempting to accomplish through the Adversary Proceeding. In that vein, the Complaint speaks for itself. However, to the extent the remainder of paragraph 2 does include allegations for which an admission or denial is required, Defendants deny same.

## II. JURISDICTION AND VENUE

3. The Defendants admit the allegations in the first sentence of paragraph 3. Defendants admit the allegations in the second sentence of paragraph 3. The third sentence of

paragraph 3 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains the Trustee's position on consenting to the Court's entry of final orders and judgments. To the extent the third sentence in paragraph 3 does include allegations for which an admission or denial is required, Defendants deny same.

4. Defendants admit the allegations in paragraph 4.

5. Paragraph 5 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 5 does include allegations for which an admission or denial is required, Defendants deny same. Defendants deny any implication that they committed any acts or actions that would support any claims referenced in paragraph 5 and deny that Plaintiff is entitled to any damages or other relief as set forth therein.

## III. PARTIES

6. Defendants lack sufficient information to form a belief about the truth of the allegations contained in paragraph 6, which also contains legal conclusions.

7. Defendants admit that they reside at 1077 Strait Lane, Dallas, Texas 75229. The remainder of paragraph 7 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions.

## IV. FACTUAL BACKGROUND

8. Defendants admit the allegation in paragraph 8.

9. Defendants admit that: (1) Bancorp was formed on or about May 27, 2021 as a Texas for-profit corporation; (2) was wholly owned by Defendants, with each owning 50%; (3) Defendant Toby Neugebauer was a director of Bancorp; and (4) at times, Defendant Toby

Neugebauer executed certain documents on behalf of Bancorp. Defendants deny all other allegations as worded, whether express or implied, of paragraph 9.

10. Defendants admit: (1) With Purpose Inc. d/b/a GloriFi ("GloriFi") was a Delaware corporation that sought to develop and launch an integrated financial services platform offering banking, insurance, and mortgage products through a mobile application and website; (2) GloriFi was a separate legal entity from Bancorp; and (3) Defendants had ownership in both Bancorp and Glorifi. Defendants deny that Bancorp "operated within the broader GloriFi enterprise and shared common ownership and control through Toby and Melissa," as worded. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 10.

11. Defendants admit: (1) Bancorp made efforts to acquire Ganado Bancshares, Inc., a bank holding company that owned Citizens State Bank in Ganado, Texas (collectively, "Ganado"); (2) Defendant Toby Neugebauer was a director of Bancorp; and (3) Defendants knew Bancorp needed approval from the Federal Reserve Board to acquire Ganado. Defendants deny all other allegations as worded, whether express or implied, of paragraph 11.

12. Defendants admit that they provided Bancorp $7,000,000 ($3,500,000 million each). Defendants deny all other allegations as worded, whether express or implied, of paragraph 12. Moreover, the allegations regarding the note payable to the Neugebauer Family Trust are not allegations for which an admission or denial is required by the Federal Rules as those documents speak for themselves.

13. Defendants admit to receiving the notices depicted in the screenshots in paragraph 13. Defendants deny the allegations in paragraph 13 about the purpose for the capital call, which is not set forth in the notices. The notices speak for themselves.

14. Defendants admit the allegations in the first sentence of paragraph 14. Defendants deny all other allegations as worded, whether express or implied, of paragraph 14.

15. Defendants admit that they provided Bancorp $7,000,000 ($3,500,000 million each). Defendants deny all other allegations as worded, whether express or implied, of paragraph 15. Moreover, the allegations regarding the Bank Acquisition Plan are not allegations for which an admission or denial is required by the Federal Rules, as documents speak for themselves.

16. Defendants admit: (1) that they provided Bancorp $7,000,000 ($3,500,000 million each); and (2) that they signed the Original Application. Defendants deny all other allegations as worded, whether express or implied, of paragraph 16. Moreover, the allegations regarding the Original Application are not allegations for which an admission or denial is required by the Federal Rules, as documents speak for themselves.

17. Defendants admit that they provided Bancorp $7,000,000 ($3,500,000 million each). Defendants deny all other allegations as worded, whether express or implied, of paragraph 17. Moreover, the allegations regarding the Subsequent Application are not allegations for which an admission or denial is required by the Federal Rules, as documents speak for themselves.

18. Defendants deny the allegations as worded in paragraph 18.

19. Defendants admit that (1) Amino Services, LLC ("ASL") is currently a subsidiary of GloriFi; and (2) ASL was involved with developing the "'tech stack' intended to bring GloriFi's integrated financial services platform directly to users through a mobile application and website." Defendants deny all other allegations as worded, whether express or implied, of paragraph 19.

20. Defendants admit that Bancorp entered into an engagement agreement with Capco. Defendants lack sufficient information to either admit or deny the remaining allegations contained in paragraph 20. These allegations are therefore denied.

21. The allegations regarding the contents of the engagement with Capco are not allegations for which an admission or denial is required by the Federal Rules, as documents speak for themselves. To the extent the allegations regarding engagement with Capco are allegations for which an admission or denial is required, Defendants lack sufficient information to form a belief about the truth of the allegations contained in paragraph 21. As a result, Defendants deny same.

22. Defendants lack sufficient information to form a belief about the truth of the allegations contained in paragraph 22. These allegations are therefore denied.

23. The allegations in paragraph 23 about the Capco Demand and the lawsuit are not allegations for which an admission or denial is required by the Federal Rules, as documents and court dockets speak for themselves. Defendants lack sufficient information to form a belief about the truth of the allegation related to a partial screenshot. Defendants deny all other allegations as worded, whether express or implied, of paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants admit that they provided Bancorp $7,000,000 ($3,500,000 million each). Defendants deny all other allegations as worded, whether express or implied, of paragraph 25.

26. Defendants admit that Bancorp transferred $7,000,000 ($3,500,000 million each) to Defendants on or about November 30, 2022. Defendants deny all other allegations as worded, whether express or implied, of paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants lack sufficient information to form a belief about the truth of the allegations contained in the first sentence of paragraph 28. These allegations are therefore denied.

29. Defendants deny the allegations in paragraph 29.

## V.
## CLAIMS FOR RELIEF

### A. COUNT I: Avoidance of Transfer – Actual Fraudulent Transfer (11 U.S.C. § 548(a)(1)(A))

30. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 30 of the Complaint.

31. Defendants admit the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

### B. COUNT II: Avoidance of Transfer – Actual Fraudulent Transfer (TEX. BUS. & COM. CODE § 24.005(a)(1))

36. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

### C. COUNT III: Avoidance of Transfers as Constructively Fraudulent Transfers Under the Bankruptcy Code (11 U.S.C. § 548(a)(1)(B))

40. Defendants restate and reallege their admissions and denials as set forth herein in

response to Paragraph 40 of the Complaint.

41. Defendants admit that they provided $7,000,000 to Bancorp on or about October 7, 2021, and that, on or about November 30, 2022 Bancorp transferred those funds back to Defendants. Defendants deny the remaining allegations in paragraph 41.

42. Defendants admit that, on or about November 30, 2022, Bancorp transferred $7,000,000 to Defendants. Defendants deny the remaining allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

### D. COUNT IV: Avoidance of Transfers as Constructively Fraudulent Transfers Under TUFTA (TEX. BUS. & COMM. CODE § 24.005(a)(2))

44. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 44 of the Complaint.

45. Defendants admit that the Trustee is making this pleading, but Defendants deny the allegations in paragraph 45 that the "Transfers were fraudulent under TUFTA."

46. Defendants admit that they provided $7,000,000 to Bancorp on or about October 7, 2021, and that, on or about November 30, 2022 Bancorp transferred those funds back to Defendants. Defendants deny the remaining allegations in paragraph 46.

47. The allegations in paragraph 47 are legal issues that Defendants do not need to admit or deny; however, to the extent a denial is required, Defendants deny the allegations in paragraph 47.

48. Defendants admit that, on or about November 30, 2022, Bancorp transferred $7,000,000 to Defendants. Defendants deny the remaining allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

### E. COUNT V: Avoidance of Transfers as Constructively Fraudulent Transfers Under TUFTA (TEX. BUS. & COMM. CODE § 24.006(a))

51. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 51 of the Complaint.

52. Defendants admit that the allegations in paragraph 52 are what the Trustee is pleading but deny any liability in connection with the referenced claim.

53. Defendants admit that, on or about November 30, 2022, Bancorp transferred $7,000,000 to Defendants.

54. The allegations in paragraph 54 are legal issues that Defendants do not need to admit or deny; however, to the extent a denial is required, Defendants deny the allegations in paragraph 54.

55. Defendants admit that they provided Bancorp $7,000,000. Defendants deny the remaining allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

### F. COUNT VI: Recovery of Voidable Transfer (11 U.S.C. § 550)

57. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 57 of the Complaint.

58. Defendants admit that Debtor paid Toby Neugebauer on or about November 30, 2022.

59. Defendants admit that Debtor paid Melissa Neugebauer on or about November 30, 2022.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

### G. COUNT VII: Disallowance of Claim (11 U.S.C. § 502)

62. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 62 of the Complaint.

63. Defendants admit that Debtor transferred funds to Defendant Toby Neugebauer on or about November 30, 2022.

64. Defendants admit that Debtor transferred funds to Defendant Melissa Neugebauer on or about November 30, 2022.

65. Defendants deny the allegations in paragraph 65.

66. Defendants admit they have not "paid back" the transfers from Bancorp but deny any allegation, express or implied, that they were required to do so (or that not doing so subjects them to any liability for the claims asserted in the Complaint).

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

### H. COUNT VIII: Pre-Judgment and Post-Judgment Interest, Attorneys' Fees, and Expenses

69. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 69 of the Complaint

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

## PLAINTIFF'S PRAYER

72. Defendants deny that Plaintiff is entitled to any of the relief that it requests in the Prayer of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. In further Answer to the Complaint, and by way of separate and individual

defenses and affirmative defenses, Defendants allege as follows:

2. Defendants are entitled to offset for amounts owed to Defendants by Bancorp.

3. Bancorp was not insolvent at the time of the alleged fraudulent transfers.

4. Any alleged transfers were in payment of a debt incurred by Bancorp in the ordinary course of business or financial affairs of Bancorp and Defendants and were made according to ordinary business terms.

5. Plaintiff received reasonably equivalent value for the transfers to Defendants.

6. Plaintiff may not avoid the alleged transfers to Defendants pursuant to 11 U.S.C. § 548 or under applicable state law pursuant to 11 U.S.C. § 544 because:

a. Bancorp was solvent when the alleged transfers were made, or did not become insolvent as a result of the alleged transfers;

b. Bancorp was not engaged or about to engage in business or transactions for which any property remaining with Bancorp was unreasonably small capital; or

c. Bancorp did not intend to incur or did not believe that it would incur debts that would be beyond its ability to pay as such debts matured.

7. Plaintiff is not entitled to recovery under any theory, thus Plaintiff may not hold Defendants liable pursuant to 11 U.S.C. § 550.

8. Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefited Bancorp and were affirmed and completed with Bancorp's knowledge, agreement, or acquiescence.

9. Plaintiff is not entitled to an award of attorneys' fees under applicable state law, the Bankruptcy Code, or any other applicable law as Plaintiff has shown no legal or factual basis for such an award.

10. Defendants reserve the right to amend this Answer to correct and add defenses as further information regarding Plaintiff's claims becomes available through the course of discovery or otherwise.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court enter a take nothing judgment against Plaintiff, deny any and all relief requested by Plaintiff, enter judgment in favor of Defendants, and grant Defendants such other relief, at law or equity, to which Defendants show themselves justly entitled.

April 1, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

*/s/ Trey Crawford*

Trey Crawford
Texas State Bar No. 24059623
tcrawford@cwl.law
Michael J. Lang (admission pending)
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger (admission pending)
Texas State Bar No. 24091423
aohlinger@cwl.law
Gracen Moreno
Texas State Bar No. 24116248
gmoreno@cwl.law
David M. Akere
Texas State Bar No. 24126294
dakere@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Fascimile: (214) 602-6551

***Counsel for Defendants***
***Toby Neugebauer and Melissa Neugebauer***

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, I served a copy of the foregoing document electronically to all filers of record via the CM/ECF system and/or email.

/s/ *Trey Crawford*
Trey Crawford