**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 24-50359-alt** |
| **ANIMO BANCORP, INC.,** | § | **Chapter 7** |
| **DEBTOR.** | § | |
| **JOHN PATRICK LOWE, TRUSTEE,** | § | |
| **Plaintiff,** | § | **Adversary No. 26-05011-alt** |
| **v.** | § | |
| **TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,** | § | |
| **Defendants.** | § | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

This confidentiality and protective order ("Protective Order") is made under Federal Rule of Civil Procedure 26(c) and Federal Rule of Bankruptcy Procedure 9018. It governs any

document, information, or other thing furnished, in connection with the above-referenced adversary proceeding (the "Adversary Proceeding", to any party by either (i) another party or (ii) a non-party who receives a subpoena or discovery request in connection with the Adversary Proceeding.

**1. Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed by a testifying witness, information revealed in a written response to an interrogatory or other discovery request, or otherwise.

**2. Qualified Persons**

"Qualified Persons" means:

a. for Attorneys' Eyes Only information:

i. retained and in-house counsel for the receiving party, including employees and agents of retained counsel;

ii. persons retained or employed by a party solely for the purpose of assisting in the preparation of the Adversary Proceeding for trial, including but not limited to experts (whether testifying or consulting) and their staff and support personnel;

iii. litigation vendors, court reporters, and videographers, to the extent reasonably necessary to provide their respective services in connection with this Adversary Proceeding;

iv. insurers providing coverage in connection with the Adversary Proceeding, to the extent reasonably necessary to assess the claims and defenses;

v. persons who were the authors or recipients of the relevant document(s) in the ordinary course of business; and

vi. this Court, and any other court that presides over this Adversary Proceeding, in addition to the relevant court's staff.

b. for Confidential Information:

i. the persons identified in paragraph 2(a) of this Protective Order;

ii. the parties and their respective agents and employees, to whom it is reasonably necessary that Confidential Information be shown for purposes of this Adversary Proceeding;

iii. any witness in a deposition or trial, including during preparation for deposition or trial; and

iv. any person permitted access by order of the Court or upon written agreement by the party that produced or disclosed the Confidential Information.

**3. Designation Criteria**

a. *Confidential Information*. Information and documents that may be designated as Confidential Information may include, but are not limited to, trade secrets, confidential or proprietary financial information, privileged information, operational data, business plans, personnel files and information, personally identifiable information, personal information that is protected by law, and other sensitive information that, if made generally available to the public, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties. Notwithstanding the foregoing, the determination of whether specific documents or information can be designated "Confidential Information" will be made on a case-by-case basis by the Court (in the event of a challenge to any such designation), and the foregoing guidance regarding documents and information that may qualify for a "Confidential Information" designation does not restrict the Court's determination of whether the "Confidential Information" designation is appropriate for the specific documents and/or information at issue.

b. *Attorneys' Eyes Only*. The designation "Attorneys' Eyes Only" is appropriate only for documents and information the disclosure of which to persons other than those identified in paragraph 2(a) may subject the producing or disclosing person to competitive or financial injury

or potential legal liability to third parties; such documents and information may include, without limitation, non-public financial information, pricing information, and documents reflecting the identity of customers. Notwithstanding the foregoing, the determination of whether specific documents or information can be designated "Attorney's Eyes Only" will be made on a case-by-case basis by the Court (in the event of a challenge to any such designation), and the foregoing guidance regarding documents and information that may qualify for an "Attorney's Eyes Only" designation does not restrict the Court's determination of whether the "Attorney's Eyes Only" designation is appropriate for the specific documents and/or information at issue.

**4. Use of Classified Information**

All Classified Information produced or disclosed in the course of this Adversary Proceeding shall be used by the receiving party solely for the purpose of preparing this Adversary Proceeding for trial, trying this Adversary Proceeding, and/or appealing a ruling in this Adversary Proceeding. Classified Information shall not be disclosed except in accordance with the terms of this Protective Order. Trustee may use Classified Information produced by Defendants in any adversary or other proceeding arising from the above-captioned bankruptcy proceeding so long as the Classified Information is produced or used subject to a protective order or confidentiality agreement and contains the same designation (i.e., Confidential or Attorneys' Eyes Only) in any other proceeding.

**5. Marking of Documents**

Documents provided in this Adversary Proceeding may be designated by the producing person or party as Classified Information by marking each page of the documents so identified with a stamp indicating that the information is "Confidential" or "Attorney's Eyes Only."

**6. Disclosure at Depositions**

Any person may designate information disclosed at a deposition as Classified Information by notifying all parties in writing, or aloud and on the record in a transcribed deposition, that all or a portion of the deposition transcript (in addition to any video recording of the deposition) shall be treated as Classified Information. All deposition transcripts and videos shall be treated as Confidential Information for at least 14 days after the initial receipt by the parties of the deposition's final transcript, absent prior designation as Attorneys' Eyes Only information. Counsel for a party or witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order; such exclusion shall be limited only to those periods of examination during which Classified Information is being used or discussed.

**7. Disclosure to Qualified Persons**

Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable to provide the producing party the opportunity to seek a protective order or confidential treatment of such information. Information designated as Attorneys' Eyes Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

**8. Unintentional Disclosure**

Documents unintentionally produced without designation as Classified Information may later be designated, by written notice, as Classified Information and shall be treated thereafter as Classified Information.

If a receiving party learns of any unauthorized disclosure of Confidential or Attorneys'

Eyes Only information, the receiving party shall immediately inform the producing person or party of all pertinent facts related to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9. Consent to Disclosure and Use in Examination**

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each person designating the information as Classified Information consents to such disclosure or if any court orders such disclosure. Nor shall anything in this Protective Order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of who produced such information.

**10. Challenging the Designation**

A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this Adversary Proceeding disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties and/or the producing person, as the case may be, shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

**11. Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this Adversary Proceeding, the party shall do one of the following: (1) with the consent of the producing party or person, file only a redacted copy of the information; or (2) file such information under seal, contemporaneously with a motion to seal the paper containing Classified Information, provided that if the Court requests or requires additional information or evidence to justify the request to maintain the paper under seal, such information or evidence shall be provided by the party or person who designated the Classified Information as Classified Information.

**12. Filing Under Seal**

The clerk of this Court is hereby directed to maintain under seal all documents and papers filed under seal in this Adversary Proceeding that have been designated, in whole or in part, as Classified Information by any party to this litigation, consistent with the sealing requirements of the Court.

**13. Return of Documents**

Not later than 120 days after the conclusion of this Adversary Proceeding, any appeal(s) related to it, and the above-captioned bankruptcy proceeding (Case No. 24-50359-cag), whichever is latest, all parties in receipt of Classified Information produced or disclosed by another party or person shall destroy such Classified Information, together with any reproductions of such information and any notes, summaries, or descriptions of such information, except to the extent such information has been used as evidence filed with or presented to this Court. Notwithstanding this obligation to destroy Confidential Information, (i) counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial

portions of the text of any Classified Information, and (ii) a party receiving Classified Information may retain such Classified Information to the extent required by law, provided that a party obligated by law to retain Classified Information will destroy such Classified Information, as described previously in this paragraph, once such party is no longer obligated by law to retain it.

**14. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this Adversary Proceeding, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this Adversary Proceeding, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

**15. Advice to Clients**

This Protective Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this Adversary Proceeding from conveying to his or her client the attorney's evaluation, in a general way, of Attorneys' Eyes Only information or materials produced or exchanged under the terms of this Protective Order; provided, however, that any such conveyance of an attorney's evaluation of Attorneys' Eyes Only information or materials shall be made only if necessary for the attorney to advise or seek direction from his or her client in the same manner such attorney would advise or seek direction from his or her client in the absence of relevant Attorneys' Eyes Only information or materials; and provided further that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific

contents of any Attorneys' Eyes Only information or materials produced by another person if such disclosure would be contrary to the terms of this Protective Order.

**16. Waiver**

Nothing in this Protective Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of the parties to assert any applicable discovery or trial privilege.

**17. [*Intentionally omitted – See* Adv. Dkt. No. 15]**

**18. Miscellaneous**

The Court retains jurisdiction indefinitely over the parties and any persons provided access to Classified Information under the terms of this Protective Order with respect to any dispute over the improper use of such Classified Information.

The terms and conditions of this Protective Order shall be immediately effective and enforceable upon its entry.

# # #

*/s/ Joshua J. Iacuone*
**CHASE J. POTTER**
Texas State Bar No. 24088245
potter@imcplaw.com
**Greg McAllister**
Texas State Bar No. 24071191
greg@imcplaw.com
**JOSHUA J. IACUONE**
Texas State Bar No. 24036818
josh@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas State Bar No. 24058104
shepherd@imcplaw.com
**JESSE A. OKIROR**
Texas State Bar No. 24065843
jesse@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Avenue, Suite 1112
Dallas, Texas 75206
(214) 432-6744 - Telephone

**SPECIAL COUNSEL FOR THE TRUSTEE**

*/s/ Michael J. Lang (w/permission)*
Trey Crawford
Texas State Bar No. 24059623
tcrawford@cwl.law
Michael J. Lang (admission pending)
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger (admission pending)
Texas State Bar No. 24091423
aohlinger@cwl.law
Gracen Moreno
Texas State Bar No. 24116248
gmoreno@cwl.law
David M. Akere
Texas State Bar No. 24126294
dakere@cwl.law

**CRAWFORD, WISHNEW & LANG PLLC**
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

**COUNSEL FOR DEFENDANTS TOBY NEUGEBAUER AND MELISSA NEUGEBAUER**