**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**ANIMO BANCORP, INC.,**<br><br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-alt**<br><br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-alt** |

**MOTION TO COMPEL DISCOVERY AGAINST DEFENDANTS TOBY NEUGEBAUER AND MELISSA NEUGEBAUER AND BRIEF IN SUPPORT**

Plaintiff John Patrick Lowe (the "Trustee" or "Plaintiff"), as the duly-appointed Chapter 7 Trustee for the estate of Animo Bancorp, Inc. (the "Debtor" or "Bancorp"), files this Motion to Compel Discovery and Brief in Support the ("Motion") against Defendants Toby Neugebauer ("Toby") and Melissa Neugebauer ("Melissa," and collectively with Toby the "Defendants" or the "Neugebauers"). Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding through Rules 7026 and 7037 of the Federal Rules of Bankruptcy Procedure, the Trustee hereby respectfully moves this Court to compel the Neugebauers to provide full and complete discovery responses and document production in

response to (1) the Trustee's First and Second Sets of Discovery Requests to Toby; and (2) the Trustee's First Set of Discovery Requests to Melissa, and shows:

## I. INTRODUCTION

1. Bancorp, Animo Services, LLC ("ASL"), and With Purpose Inc., d/b/a GloriFi ("GloriFi"), all operated under the broader GloriFi umbrella, sharing common ownership and control through Toby and Melissa. Adv. Dkt. No. 1, ¶¶ 10, 19. Bancorp, formed in May 2021, was the entity through which GloriFi sought to acquire a chartered bank. *Id.* ¶ 11.

2. Toby and Melissa each owned a 50% interest in Bancorp. *Id.* ¶ 9. On October 5, 2021, Bancorp issued a capital call notice to Toby and Melissa requesting that they collectively fund $7,000,000 to Bancorp. *Id.* ¶ 13. Toby and Melissa each contributed $3,500,000 to Bancorp on October 7, 2021.[1] Adv. Dkt. No. 1, ¶ 14.

3. Bancorp retained various third-party consultants and technology vendors to build out GloriFi's banking infrastructure, including but not limited to The Capital Markets Company LLC ("Capco") and Personetics Technologies, Inc. *See* Ex. B at App. 011-13. Bancorp, however, never obtained the regulatory approval necessary to charter as a bank, and without a functioning, revenue-generating bank, it struggled to pay these obligations as they came due. *See* Adv. Dkt. No. 1, ¶ 17; *see also* Ex. B at App. 011-13. Bancorp incurred additional liabilities and debts, including outstanding rent to Birmingham Financial Center, LLC and unpaid taxes to several taxing authorities. *See* Ex. B at App. 011-13. Defendants were aware that Bancorp owed these creditors

---

[1] Defendants originally contended the $7,000,000 contributed by Toby and Melissa to Bancorp on October 7, 2021 was a loan, not an equity infusion. Defendants have abandoned that stance, as Toby's answer to Interrogatory No. 22 in Trustee's Third Set of Discovery Requests to Defendant Toby Neugebauer (which is not at issue in this Motion) states: "Bancorp's own books, its Bank Acquisition Business Plan, and its Federal Reserve applications confirm the Neugebauer contribution was booked and treated as equity, not debt . . . ." Ex. A at App. 007-008.

significant sums. For example, Capco sent Bancorp a demand letter requesting payment of outstanding fees on November 14, 2022 (the "Capco Demand").[2] Adv. Dkt. No. 1, ¶ 23.

4. On November 30, 2022, and just sixteen days after receiving the Capco Demand, Defendants directed Bancorp to transfer $3,500,000 to Toby (the "Toby Transfer") and $3,500,000 to Melissa (the "Melissa Transfer" and collectively with the Toby Transfer, the "Transfers"). *Id.* ¶ 26. The Transfers were not made in exchange for *any* value to the Debtor.[3] Immediately preceding the Transfers, Bancorp held just $7,135,825.46 in cash. Adv. Dkt. No. 1, ¶ 28. By making the Transfers, Toby and Melissa left Bancorp with an unreasonably small amount of capital and completely incapable of paying the Capco Demand, let alone the more than $1.2 million in liabilities that would later be reflected as unsecured claims in Bancorp's bankruptcy. *See* Ex. B at App. 011-013.

## II. FACTUAL AND PROCEDURAL BACKGROUND

5. On May 12, 2026, Plaintiff served his First Set of Discovery Requests to Toby. Ex. C at App. 015-035. Toby served his Objections and Responses to the Trustee's First Set of Discovery Requests ("Toby's First Responses") on June 18. Ex. D at App. 037-049. Toby's First Responses contained numerous discovery deficiencies, and the Trustee addressed those deficiencies in a letter sent to Toby on June 26. Ex. E at App. 051-054. The letter requested that

---

[2] Bancorp did not pay Capco as demanded. Adv. Dkt. No. 1, ¶ 23. Accordingly, Capco filed a lawsuit against Bancorp in the 14th Judicial District Court of Dallas County, Cause No. DC-22-17307. *Id*. Following dispositive motions from both parties, the court rendered a final judgment for Capco in the amount of $396,904.38 for breach of contract, $72,097.50 in attorney fees, and $19,736.53 in pre-judgment interest against Bancorp. *Id.* After being denied a new trial, Toby directed Bancorp to file bankruptcy.

[3] Toby's answer to Interrogatory No. 22 in Trustee's Third Set of Discovery Requests to Defendant Toby Neugebauer (which is not at issue in this Motion) confirms as much. Asked to state all facts supporting Defendants' contention that the Transfers were made in exchange for value, Toby answered that ***"[t]he Toby Transfer was a dollar-for-dollar return of his own October 7, 2021 equity contribution to Bancorp . . . a return of capital . . . ."*** Ex. A at App. 007-008. By Toby's own account, the Toby Transfer returned his equity investment, rather than conveying new value to Bancorp. *See id.*

Toby amend his responses and objections to comply with the Federal Rules of Civil Procedure, made applicable through the Federal Rules of Bankruptcy Procedure (collectively, the "Rules"), and invited Toby to confer with the Trustee to discuss such issues. *Id.* at App. 054. The Trustee never received a response from Toby.

6. Plaintiff served his First Set of Discovery Requests to Melissa on June 5. Ex. F at App. 056-075. Melissa served her Objections and Responses to the Trustee's First Set of Discovery Requests ("Melissa's Responses") on July 6. Ex. G at App. 077-092. Melissa's Responses contained numerous deficiencies. *See id.* The Trustee notified Melissa of these deficiencies in a letter on July 27. Ex. H at App. 094-097. The Trustee requested that Melissa amend her responses and invited her to confer. *Id.* at App. 096. Melissa never responded.

7. The Trustee served his Second Set of Discovery Requests to Toby on June 5. Ex. I at App. 099-111. Toby served his Objections and Responses to the Trustee's Second Set of Discovery Requests ("Toby's Second Responses" and collectively with Toby's First Responses and Melissa's Responses, the "Responses") on July 6. Ex. J at App. 113-121. Toby's Second Responses included many of the same deficiencies in Toby's First Responses. *See id.* The Trustee notified Toby of these deficiencies in a letter on July 27. Ex. K at App. 123-126. The Trustee requested Toby amend his discovery responses and objections and welcomed Toby to confer on these issues, but Toby never responded. *Id.* at App. 126.

8. Despite three written deficiency letters and repeated opportunities to cure, Defendants have not amended a single response, nor have they produced all responsive documents. Despite the Trustee's best efforts to resolve these issues without the Court's intervention, Defendants have failed to cure their deficient Responses.

## III. LEGAL STANDARD

### A. General Permissible Scope of Discovery

9. Federal Rules of Civil Procedure 26, 33, 34, 36, and 37 apply to this adversary proceeding through Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, 7036, and 7037. The scope of discovery allowed under these rules is broad: parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). Courts in the Western District of Texas interpret relevance liberally as "'[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.'" *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

### B. Federal Rule of Civil Procedure 37(a) Governs Motions to Compel Discovery

10. Federal Rule of Civil Procedure 37(a) governs motions to compel discovery. *See* FED. R. CIV. P. 37(a); *see also Superior Sales West, Inc. v. Gonzalez*, 335 F.R.D. 98, 102 (W.D. Tex. 2020). "After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling discovery . . . ." *Superior Sales*, 335 F.R.D. at 102. When the requested discovery appears relevant, "the party resisting the discovery has the burden to establish the lack of relevance . . . ." *Rodriguez-Meza v. Venegas*, No. 2:17-CV-54–AM–CW, 2020 WL 14100944, at *2 (W.D. Tex. Mar. 27, 2020).[4] Additionally, the party resisting discovery

---

[4] As it pertains to motions to compel, "most courts" put the initial burden on the party resisting discovery to show that the requested discovery falls outside the permitted scope under Federal Rule of Civil Procedure 26(b)(1) [*see Rodriguez-Meza*, 2020 WL 14100944, at *2 n.4], although the Trustee acknowledges that "the party seeking discovery *may* well need to make its own showing of many or all of the proportionality factors set out in Rule 26(b)(1)." *Nice Group USA, Inc. v. Melenyzer*, No. CVSA15CA00787DAE, 2016 WL 11783016, at *2 (W.D. Tex. Aug. 23, 2016) (emphasis added). Either way, the Trustee has proven the requested discovery is relevant and proportional [*see* Exs.

has the burden to specifically show that the requested discovery is objectionable. *See Rodriguez-Meza*, 2020 WL 14100944, at *4 n.7; *see also Nice Group*, 2016 WL 11783016, at *2.

## IV. ARGUMENTS AND AUTHORITIES

### A. Defendants' "Subject to" and "Without Waiving" Objections are Improper and Defendants Fail to State Whether They are Withholding Responsive Information or Documents

11. The practice of asserting objections in response to a request for production or interrogatory, proceeding to answer the discovery request, and qualifying the response with "subject to" or "without waiving" the objections is improper. *See Rodriguez-Meza*, 2020 WL 14100944, at *5; *see also Heller v. City of Dallas*, 303 F.R.D. 466, 486-87 (N.D. Tex. 2014). Qualifying an answer to an interrogatory or a response to a request for production with "subject to" and/or "without waiving" objections "'is manifestly confusing (at best) and misleading (at [worst]), and has no basis at all in the Federal Rules of Civil Procedure.'" *Rodriguez-Meza*, 2020 WL 14100944, at *5 (quoting *Heller*, 303 F.R.D. at 486-87). Such a practice leaves the requesting party uncertain as to whether the responding party withheld any responsive information to the interrogatory or any responsive documents to a request for production. *See id.*; *see also Heller*, 303 F.R.D. at 487.

12. The Federal Rules of Civil Procedure also require the responding party to identify whether the party is withholding any responsive information or documents because of an objection to either an interrogatory or a request for production. *Rodriguez-Meza*, 2020 WL 14100944, at *4; *see also Heller*, 303 F.R.D. at 485. Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n

---

E, H, K], and the "party resisting discovery still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) . . . ." *Nice Group*, 2016 WL 11783016, at *2.

objection must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C).

13. The Responses answer multiple discovery requests "subject to and without waiving" the objections. Toby's response to Request for Production No. 6 is illustrative:

> **REQUEST FOR PRODUCTION NO. 6:** Produce all Documents and/or Communications regarding the $3,500,000 You contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."
>
> **RESPONSE:** Defendant objects to the term "contributed" as vague and ambiguous because it assumes a mischaracterization that Defendant disputes: whether the $3,500,000 was equity or a loan. Subject to and without waiving the foregoing objection, Defendant will produce responsive documents in his possession, custody and control.

Ex. D at App. 040 (emphasis added).

14. Defendants' "[s]ubject to and without waiving" qualification and failure to state whether documents or information have been withheld pursuant to objections have left the Trustee unable to determine whether Defendants have provided complete responses. Accordingly, Plaintiff requests that Defendants be ordered to (1) strike the "subject to" and "without waiving" qualifiers from every response in which they appear, and (2) state whether responsive information to an interrogatory or responsive documents to a request for production have been withheld.

### B. "Overbroad," "Unduly Burdensome," "Neither Relevant Nor Proportional," and other Boilerplate Objections are Meritless Without Specific Factual Support[5]

15. The Western District of Texas requires the responding party to explain with specificity why a discovery request is objectionable. *See Nice Group*, 2016 WL 11783016, at *2, *6; *see also Rodriguez-Meza*, 2020 WL 14100944, at *4 ("[T]he grounds for objecting to an interrogatory or a request for production must be stated with specificity . . . ."). Unsupported

[5] Other boilerplate objections utilized in the Responses include "marshal all evidence" and "harassing."

objections are nothing more than boilerplate that are treated as a failure to answer. *Rodriguez-Meza*, 2020 WL 14100944, at *4. Additionally, a party resisting discovery on the grounds that a request is "overly broad" or "unduly burdensome" must show specifically how each request is objectionable by submitting affidavits or other evidence that reveals the nature of the burden. *Rodriguez-Meza*, 2020 WL 14100944, at *4 n.7 (citing *Heller*, 303 F.R.D. at 490).

16. The Responses assert numerous unexplained and boilerplate objections. Melissa's response to Request for Production No. 27 is demonstrative:

> **REQUEST FOR PRODUCTION NO. 27:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Melissa Transfer. If no responsive materials are being produced, You must state "none."
>
> **RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case.

Ex. G at App. 083 (emphasis added).

17. Melissa provides no explanation, affidavit, or other evidence as to why Request for Production No. 27 is irrelevant or not proportional. Melissa's response is nothing more than unsubstantiated boilerplate. This defect recurs throughout the Responses. *See generally* Exs. D, G, J. Accordingly, Plaintiff requests that Defendants be ordered to withdraw all boilerplate objections.

**C. Melissa's "Possession, Custody, or Control" Objection is Meritless**

18. A party must produce all responsive documents within its possession, custody, or control. FED. R. CIV. P. 34(a)(1). The definitions of "possession" and "control" are broad, including more than actual possession or control of materials. *League of United Latin Am. Citizens v. Abbott*, No. 321CV00299DCGJESJVB, 2022 WL 1540589, at *1 (W.D. Tex. May 16, 2022). A party claiming it lacks possession, custody, or control must say so explicitly and explain the basis for that claim, so the Court can assess whether a reasonable inquiry was made. *See Finalrod IP, LLC*

*v. John Crane, Inc.*, No. MO:15-CV-00097- DC, 2018 WL 11361726, at *4 (W.D. Tex. May 22, 2018) (citing *Heller*, 303 F.R.D. at 485).

19. Melissa's Responses repeatedly assert an objection that Melissa had "no role with Bancorp" and "does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer." *See* Ex. G at App. 079-087. Melissa clearly had a substantial role with Bancorp, as evidenced by her admitted 50% ownership and $3,500,000 equity infusion in Bancorp. *See id.* at App. 087-088. Plaintiff requests that the Court find that Melissa has possession, custody, or control over responsive documents in the Trustee's First Set of Discovery Requests to Defendant Melissa Neugebauer and order Melissa to produce all such responsive documents.

**D. Defendants Must Produce a Privilege Log Identifying Withheld Documents**

20. Federal Rule of Civil Procedure 26(b)(5)(A) requires a responding party, when withholding information based on privilege, to "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). To comply with Federal Rule of Civil Procedure 26(b)(5)(A), the responding party must produce a privilege log. *See, e.g.*, *Crow v. ProPetro Services, Inc.*, No. MO15CV00149RAJDC, 2016 WL 9776368, at *5 (W.D. Tex. June 6, 2016). Defendants have yet to produce a privilege log, and Plaintiff requests that Defendants be required to produce one identifying all documents withheld on privilege or work-product grounds.[6]

[6] The Trustee is amenable to a categorical privilege log, to the extent it allows the Trustee to assess Defendants' privilege claims. But the failure to log any privileged documents or communications fails to comply with the Rules.

### E. Toby's Document Production is Deficient in Form and Substance, and Melissa Has Produced Nothing

21. Responding parties must produce electronically stored information in the form in which it is ordinarily maintained or in a reasonably usable form and must preserve associated metadata. *See* FED. R. CIV. P. 34(b)(2)(E); *see also Trmanini v. Ross Stores, Inc.,* No. SA-21-CV-00044-JKP, 2021 WL 5926128, at *2 (W.D. Tex. Dec. 15, 2021). Defendants' document production is not in native or searchable PDF format and is unaccompanied by any load file, metadata, or field-level data. Additionally, Toby represented that he would produce documents responsive to Request for Production Nos. 24, 25, and 26, which sought the cash balance of Bancorp on November 30, 2022, and December 1, 2022, and all records of the Toby Transfer including wire confirmations, bank records, and accounting entries. Ex. D at App. 042-043. However, Defendants' woeful document production omits the bank and transaction records evidencing the Transfers, contains not a single text message, and less than ten emails. Accordingly, Plaintiff requests that Defendants be ordered to produce all responsive documents.

## V. CONCLUSION AND PRAYER FOR RELIEF

22. The Responses do not comply with the Rules or the controlling authority of the Western District of Texas. The deficiencies are systemic and pervasive, and in several instances reflect deliberate non-compliance with settled law. For these reasons, Plaintiff respectfully requests that the Court grant this Motion, overrule Defendants' improper objections, and require Defendants to provide full and complete written responses and produce all responsive documents. Plaintiff further requests all other relief to which he has shown himself to be justly entitled.

Respectfully submitted,

*/s/ Joshua J. Iacuone*

**CHASE J. POTTER**
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
**GREG MCALLISTER**
Texas State Bar No. 24071191
E-Mail: greg@imcplaw.com
**JOSHUA J. IACUONE**
Texas Bar No. 24036818
E-Mail: josh@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**JESSE A. OKIROR**
Texas Bar No. 24065843
E-Mail: jesse@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**SPECIAL COUNSEL FOR THE TRUSTEE**

## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiff attempted to confer in good faith with counsel for Defendants regarding the matters raised in this opposed Motion. Plaintiff's counsel sent a deficiency letter to Toby's counsel on June 26, 2026 detailing the deficiencies in Toby's First Responses, but Toby's counsel did not respond. Plaintiff's counsel sent a deficiency letter to Melissa's counsel on July 27 identifying the issues with Melissa's Responses, but Melissa's counsel did not respond. Additionally, Plaintiff's counsel sent a deficiency letter to Toby's counsel regarding the deficiencies in Toby's Second Responses on July 27, but Toby's counsel did not respond.

*/s/ Joshua J. Iacuone*
**JOSHUA J. IACUONE**

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2026, a true and correct copy of the foregoing was served on all parties receiving electronic notice through the Court's ECF system.

*/s/ Joshua J. Iacuone*
**JOSHUA J. IACUONE**