**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**ANIMO BANCORP, INC.,**<br><br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-alt**<br><br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-alt** |

**APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AGAINST DEFENDANTS TOBY NEUGEBAUER AND MELISSA NEUGEBAUER**

**Index**

| Exhibit | Appendix Page Range | Description |
|---|---|---|
| A | App. 001 - 009 | Defendant's Objections and Responses to Trustee's Third Set of Discovery Requests to Defendant Toby Neugebauer |
| B | App. 010 – 013 | Claims Register |
| C | App. 014 – 035 | Trustee's First Set of Discovery Requests to Defendant Toby Neugebauer |
| D | App. 036 – 049 | Defendant Toby Neugebauer's Objections and Responses to Trustee's First Set of Discovery Requests to Defendant Toby Neugebauer |

| | | |
|---|---|---|
| E | App. 050 – 054 | Deficiency Letter re: Defendant Toby Neugebauer's Objections and Responses to Trustee's First Set of Discovery Requests to Defendant Toby Neugebauer |
| F | App. 055 – 075 | Trustee's First Set of Discovery Requests to Defendant Melissa Neugebauer |
| G | App. 076 – 092 | Defendant Melissa Neugebauer's Objections and Responses to Trustee's First Set of Discovery |
| H | App. 093 – 097 | Deficiency Letter re: Defendant Melissa Neugebauer's Objections and Responses to Trustee's First Set of Discovery Requests to Defendant Melissa Neugebauer |
| I | App. 098 – 111 | Trustee's Second Set of Discovery Requests to Defendant Toby Neugebauer |
| J | App. 112 – 121 | Defendant Toby Neugebauer's Objections and Responses to Trustee's Second Set of Discovery Requests |
| K | App. 122 – 126 | Deficiency Letter re: Defendant Toby Neugebauer's Objections and Responses to Trustee's Second Set of Discovery Requests to Defendant Toby Neugebauer |

Respectfully submitted,

*/s/ Joshua J. Iacuone*
**CHASE J. POTTER**
Texas State Bar No. 24088245
potter@imcplaw.com
**GREG MCALLISTER**
Texas State Bar No. 24071191
greg@imcplaw.com
**JOSHUA J. IACUONE**
Texas State Bar No. 24036818
josh@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas State Bar No. 24058104
shepherd@imcplaw.com
**JESSE A. OKIROR**
Texas State Bar No. 24065843
jesse@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Avenue, Suite 1112
Dallas, Texas 75206
(214) 432-6744 – Telephone

**SPECIAL COUNSEL FOR THE TRUSTEE**

## CERTIFICATE OF SERVICE

I certify that on August 18, 2026, a true and correct copy of the foregoing was served on all parties receiving electronic notice through the Court's ECF system.

*/s/ Joshua J. Iacuone*
**JOSHUA J. IACUONE**

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**ANIMO BANCORP, INC.,**<br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-cag**<br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-cag** |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO TRUSTEE'S**
**THIRD SET OF DISCOVERY REQUESTS TO DEFENDANT TOBY NEUGEBAUER**

TO: Trustee, John Patrick Lowe by and through his attorneys of record, Chase J. Potter and John L. Shepherd, IACUONE MCALLISTER POTTER PLLC, Energy Square One, 4925 Greenville Ave., Suite 1112, Dallas, TX 75206.

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36 and Federal Rules of Bankruptcy Procedure 7033, 7044, and 7036, Defendant Toby Neugebauer ("T. Neugebauer") hereby serves this his Objections and Responses to Trustee John Patrick Lowe ("Trustee")'s First Set of Discovery Requests to Toby Neugebauer and reserves the right to supplement or amend these objections and further reserves all other rights he may have under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

August 7, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**
/s/ *Trey Crawford*
Trey Crawford
SBN 24059623
tcrawford@cwl.law
Michael J. Lang
SBN 24036944
mlang@cwl.law
Alexandra Ohlinger
SBN 24091423
aohlinger@cwl.law
Gracen Moreno
SBN 24116248
gmoreno@cwl.law
David M. Akere
SBN 24126294
dakere@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

*Counsel for Toby Neugebauer and Melissa Neugebauer*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2026, I served a copy of the foregoing document electronically in accordance with the applicable rules to counsel for Trustee.

/s/ *Trey Crawford*
Trey Crawford

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 52:** All Documents and/or Communications between You and Joiner regarding Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks every document or communication regardless of whether the document or communication has any relation to the transfers, claims or elements of each claim at issue in this Adversary Proceeding.

Defendant has no responsive documents within his possession, custody and control. Any responsive documents would be within documents under the Trustee's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 53:** All Documents and/or Communications between You and Joiner regarding the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents within his possession, custody and control. Any responsive documents would be within documents under the Trustee's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 54:** All Documents and/or Communications between You and Joiner regarding the Capco Demand. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents within his possession, custody and control. The Capco letter was sent to Bill.Conroy@Glorifi.com, Stephen@withpurpose.com, Sree.Charan@Glorifi.com, accounting.withpurpose@glorifi.com and accounting@withpurpose.com

**REQUEST FOR PRODUCTION NO. 55:** All Documents and/or Communications between You and Joiner regarding Bancorp's financial condition, solvency, or ability to pay its debts. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 56:** All Documents and/or Communications between You and Joiner regarding the characterization of the $7,000,000 provided to Bancorp by You and Melissa on October 7, 2021. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 57:** All Documents and/or Communications regarding Joiner's role, engagement, authority, or involvement with Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 58:** All Documents and/or Communications regarding Joiner's role, engagement, authority, or involvement with You, Melissa, or the NFT. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as overly broad and because it seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence. All communications regarding Joiner's role, etc. with Toby Neugebauer, Melissa Neugebauer or the Neugebauer family trust without any limitation or other language limiting it to any issue in this case is objectively overly broad and harassing.

**REQUEST FOR PRODUCTION NO. 59:** All Documents and/or Communications evidencing any agreement or engagement between Joiner and any of the following: Bancorp, You, Melissa, or the NFT. This Request includes, but is not limited to, engagement letters, consulting agreements, retainer agreements, statements of work, and any amendments thereto. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as overly broad and because it seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence. All communications regarding Joiner's role, etc. with Toby Neugebauer, Melissa Neugebauer or the Neugebauer family trust without any limitation or other language limiting it to any issue in this case is objectively overly broad and harassing.

Joiner was never employed by and did not receive any compensation from Bancorp. As a result, Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 60:** All Documents and/or Communications regarding any compensation arrangements between Joiner and any of the following: Bancorp, You, Melissa, or the NFT. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as overly broad and because it seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence. All communications regarding Joiner's role, etc. with Toby Neugebauer, Melissa Neugebauer or the Neugebauer family trust without any limitation or other language limiting it to any issue in this case is objectively overly broad and harassing.

Joiner was never employed by and did not receive any compensation from Bancorp. As a result, Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 61:** All Documents and/or Communications regarding any payments made to Joiner by any of the following: Bancorp, You, Melissa, or the NFT. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as overly broad and because it seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence. All communications regarding Joiner's role, etc. with Toby Neugebauer, Melissa Neugebauer or the Neugebauer family trust without any limitation or other language limiting it to any issue in this case is objectively overly broad and harassing.

Joiner was never employed by and did not receive any compensation from Bancorp. As a result, Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 62:** All Documents and/or Communications regarding the scope or limits of Joiner's authority to act on behalf of Bancorp, You, Melissa, or the NFT. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as overly broad and because it seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence. All communications regarding Joiner's role, etc. with Toby Neugebauer, Melissa Neugebauer or the Neugebauer family trust without any limitation or other language limiting it to any issue in this case is objectively overly broad and harassing.

There is no written authorization. Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 63:** All Documents and/or Communications supporting any contention that Bancorp received any asset, property, service, work, or other contemporaneous value in exchange for the Toby Transfer. If no responsive materials are being produced, You must state "none."

**RESPONSE:** See Neug-Animo000183

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 20:** Describe in detail Joiner's relationship with Bancorp, including any positions, titles, or roles he held with Bancorp, the responsibilities he had pursuant to each position, title, or role, and the dates of each.

**RESPONSE:** Joiner was never employed by and did not receive any compensation from Bancorp. Joiner formed Bancorp, which was ultimately owned by Toby and Melissa. He opened a bank account for Bancorp.

**INTERROGATORY NO. 21:** State all facts and provide the Bates range of all Documents supporting Your denial of Request for Admission No. 15 (which requested admission that You were aware of the Capco Demand prior to November 30, 2022), including, but not limited to, the date on which, the manner by which, and the Person(s) from whom You first became aware of the Capco Demand.

**RESPONSE:** Defendant objects to this request as nonsensical in that it asks for documents and facts proving a negative.

Subject to the foregoing objection, the facts are that Toby Neugebauer was not aware of the Capco demand. Bancorp was not an operating entity. The only services provided to Bancorp were provided by attorneys and accountants in connection with Bancorp's efforts to acquire Granado Bank. All of the attorneys and accountants were paid in full. Capco and the other creditors performed services for With Purpose, Inc. ("GloriFi") and Animo Services, LLC (owned by GloriFi), not Bancorp. The Capco letter was sent to the following individuals at GloriFi: Bill.Conroy@Glorifi.com, Stephen@withpurpose.com, Sree.Charan@Glorifi.com, accounting.withpurpose@glorifi.com and accounting@withpurpose.com. Moreover, the Capco debt was on Animo Services, LLC's payables schedules and was not on Bancorp's balance sheet.

**INTERROGATORY NO. 22:** State all facts and provide the Bates range of all Documents supporting Your denial of Request for Admission No. 22 (which requested admission that the Toby Transfer was not made in exchange for any asset, property, or other contemporaneous value You provided to Bancorp), including, but not limited to, (a) a description of each asset, property, service, or other value You contend You provided to Bancorp in exchange for the Toby Transfer; (b) the date on which You provided it; (c) the monetary value You ascribe to it; and (d) the identity of each Person with knowledge of same.

The Toby Transfer was a dollar-for-dollar return of his own October 7, 2021 equity contribution to Bancorp, made after the Federal Reserve denied the company's bank license and shareholders wound the company down — a return of capital that requires no separate asset, property, or service in exchange, which is the basis for the denial.

Bancorp's own books, its Bank Acquisition Business Plan, and its Federal Reserve applications confirm the Neugebauer contribution was booked and treated as equity, not debt, and

the vendors reflected in Bancorp's financials were creditors of Animo Services, LLC (sold to With Purpose, Inc.) not of Bancorp. See also Neug-Animo000183.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 44:** Admit that Joiner participated in the decision to cause, direct, or authorize the Transfers.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 45:** Admit that Joiner was not acting as Your attorney in connection with the Transfers.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 46:** Admit that the total amount of the Transfers ($7,000,000) equaled the total amount that You and Melissa provided to Bancorp on or about October 7, 2021.

**RESPONSE:** Admit.

# EXHIBIT B

# Western District of Texas
# Claims Register

## 24-50359-cag Animo Bancorp, Inc.

**Chief Bkrpcy Judge:** Craig A Gargotta
**Office:** San Antonio
**Trustee:** John Patrick Lowe

**Chapter:** 7
**Last Date to file claims:** 06/03/2024
**Last Date to file (Govt):**

*Creditor:* (18632915)
Dallas County
Linebarger Goggan Blair & Sampson, LLP
c/o Sherrel K. Knighton
2777 N. Stemmons Frwy Ste 1000
Dallas, Texas 75207

**Claim No: 1**
*Original Filed Date*: 03/11/2024
*Original Entered Date*: 03/11/2024

*Status:*
*Filed by:* CR
*Entered by:* Sherrel K. Knighton
*Modified:*

Amount claimed: $11099.58
Secured claimed: $11099.58

*History:*
Details 1-1 03/11/2024 Claim #1 filed by Dallas County, Amount claimed: $11099.58 (Knighton, Sherrel)

*Description:*
*Remarks:*

*Creditor:* (18637700)
Tennessee Department of Revenue
c/o Attorney General
PO Box 20207
Nasville, TN 37202-0207

**Claim No: 2**
*Original Filed Date*: 03/18/2024
*Original Entered Date*: 03/19/2024

*Status:*
*Filed by:* CR
*Entered by:* Krystal D Torres
*Modified:*

Amount claimed: $2048.35

*History:*
Details 2-1 03/18/2024 Claim #2 filed by Tennessee Department of Revenue, Amount claimed: $2048.35 (Torres, Krystal)

*Description:*
*Remarks:*

*Creditor:* (18665525)
Predictive Analytics Group, Inc.
David A. Felice, Esq.
Bailey & Glasser, LLP
2961 Centerville Rd., Ste. 302
Wilmington, DE 19808

**Claim No: 3**
*Original Filed Date*: 04/05/2024
*Original Entered Date*: 04/05/2024

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $252655.00

*History:*
Details 3-1 04/05/2024 Claim #3 filed by Predictive Analytics Group, Inc., Amount claimed: $252655.00 (Admin)

*Description:*
*Remarks:*

*Creditor:* (18694776)
Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin TX 78711-2548

**Claim No: 4**
*Original Filed Date*: 05/28/2024
*Original Entered Date*: 05/28/2024

*Status:*
*Filed by:* CR
*Entered by:* Azucena Arrieta
*Modified:* 08/13/2024

Amount claimed: $2170.00
Priority claimed: $2170.00

*History:*
Details 4-1 05/28/2024 Claim #4 filed by Comptroller of Public Accounts, Amount claimed: $2170.00 (Arrieta, Azucena)

*Description:* (4-1) Franchise Tax Ch. 171
*Remarks:* (4-1) Withdrawal of Proof of Claim filed 08/13/24

*Creditor:* (18699316)
Birmingham Financial Center, LLC
505 N 20th Street
Suite 1000
Birmingham, AL 35203

**Claim No: 5**
*Original Filed Date*: 06/03/2024
*Original Entered Date*: 06/03/2024

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $35065.59

*History:*
Details 5-1 06/03/2024 Claim #5 filed by Birmingham Financial Center, LLC, Amount claimed: $35065.59 (Admin)

*Description:*
*Remarks:*

*Creditor:* (18699524)
The Capital Markets Company LLC
c/o Michael B Hess
Akerman LLP
2001 Ross Ave., Ste 3600
Dallas, TX 75201

**Claim No: 6**
*Original Filed Date*: 06/03/2024
*Original Entered Date*: 06/03/2024

*Status:*
*Filed by:* CR
*Entered by:* David W. Parham
*Modified:*

Amount claimed: $505784.55

*History:*
Details 6-1 06/03/2024 Claim #6 filed by The Capital Markets Company LLC, Amount claimed: $505784.55 (Parham, David)

*Description:*
*Remarks:*

*Creditor:* (18712388) History
Personetics Technologies, Inc.
4 Ariel Sharon
Giv'atayim Israel 53200

**Claim No: 7**
*Original Filed Date*: 06/25/2024
*Original Entered Date*: 06/25/2024

*Status:*
*Filed by:* CR
*Entered by:* Admin
*Modified:*

Amount claimed: $466340.00

*History:*
Details 7-1 06/25/2024 Claim #7 filed by Personetics Technologies, Inc., Amount claimed: $466340.00 (Admin)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (18809959)<br>State of New Jersey Division of Taxation<br>PO Box 245<br>Trenton, NJ 08648 | **Claim No: 8**<br>*Original Filed Date*: 11/21/2024<br>*Original Entered Date*: 11/21/2024 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Admin<br>*Modified:* |

Amount claimed: $5085.09
Secured claimed: $854.12
Priority claimed: $4000.00

*History:*

| | | |
|---|---|---|
| Details | 8-1 | 11/21/2024 Claim #8 filed by State of New Jersey Division of Taxation, Amount claimed: $5085.09 (Admin) |

*Description:*

*Remarks:* (8-1) Account Number (last 4 digits):3849

## Claims Register Summary

**Case Name:** Animo Bancorp, Inc.
**Case Number:** 24-50359-cag
**Chapter:** 7
**Date Filed:** 03/05/2024
**Total Number Of Claims:** 8

| | |
|---|---|
| **Total Amount Claimed*** | $1280248.16 |
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $11953.70 | |
| **Priority** | $6170.00 | |
| **Administrative** | | |



| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/04/2025 08:34:57 | | | |
| **PACER Login:** | CJPotter2021 | **Client Code:** | 189.00002 |
| **Description:** | Claims Register | **Search Criteria:** | 24-50359-cag Filed or Entered From: 1/1/1900 Filed or Entered To: 11/4/2025 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**ANIMO BANCORP, INC.,**<br><br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-cag**<br><br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-cag** |

**TRUSTEE'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT TOBY NEUGEBAUER**

TO: Defendant Toby Neugebauer ("Toby"), by and through his counsel of record, Trey Crawford, Michael J. Lang, Alexandra Ohlinger, Gracen Moreno, and David M. Akere, CRAWFORD, WISHNEW & LANG PLLC, 1700 Pacific Avenue, Suite 2390, Dallas, Texas 75201

Plaintiff John Patrick Lowe, Trustee ("Plaintiff" or "Trustee") hereby serves this First Set of Discovery Requests on Defendant Toby Neugebauer ("Toby" or "Defendant") in connection with the above-referenced Adversary Proceeding. Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and Rules 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure, Toby is required to provide his responses to the discovery requests set forth herein and produce any responsive documents and/or other materials within thirty (30) days.

Respectfully submitted,

*/s/ Chase J. Potter*

**CHASE J. POTTER**
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**SPECIAL COUNSEL FOR**
**JOHN PATRICK LOWE, TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2026, a true and correct copy of the foregoing document was served in accordance with the applicable Rules to counsel for Toby Neugebauer.

*/s/ Chase J. Potter*
CHASE J. POTTER

## INSTRUCTIONS

1. Requests for Production:

All Documents shall either be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in each request.

You are required to produce all Documents requested within your possession, custody or control. Possession, custody or control includes constructive possession such that the person need not have actual physical possession. As long as the person has the superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody or control.

Responsive Documents and materials shall be produced for inspection and copying at the law offices of Iacuone McAllister Potter, PLLC c/o Chase J. Potter, Energy Square One, 4925 Greenville Ave., Suite 1112, Dallas, Texas 75206. In lieu of producing physical copies, responsive Documents and materials may be produced electronically by sending same to the following e-mail addresses: (1) potter@imcplaw.com and (2) emily@imcplaw.com

Unless expressly stated otherwise, each Request for Production shall be deemed to call for production of copies of the original document or documents, and any attachments or other materials appended thereto.

These Requests for Production are considered continuing and require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure.

If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each such document:

a. Specify the precise nature of the privilege claimed and the request or portion of the request to which the privilege applies;

b. State whether any document has been withheld based on the privilege asserted; and

c. Identify the document in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim (*i.e.*, by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name of the business address of its custodian).

2. Interrogatories:

You must answer the Interrogatories set forth below separately and fully in writing under oath.

These Interrogatories are considered continuing and require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure.

3. Requests for Admission:

You must either admit or deny each Request for Admission set forth below. If a matter is not admitted or denied, the answer must state in detail why it cannot be truthfully admitted or denied. A denial must fairly respond to the substance of the matter and, when good faith requires that an answer be qualified or a request only be partially denied, the answer must specify the part admitted and qualify or deny the rest. Lack of knowledge or information may only be asserted as a reason for failing to admit or deny if the response states that a reasonable inquiry was made and that the information known or that can be readily obtained is insufficient to enable an admission or denial.

4. In construing these requests along with the accompanying definitions and instructions, the plural includes the singular and the singular includes the plural; a masculine, feminine, or neutral shall not exclude the other genders; the words "and" and "or" are both conjunctive and disjunctive so as to require production of all documents responsive to the requests; "any" and "all" mean both "any" and "all"; "each" and "every" mean both "each" and "every;" and "including" means "including without limitation."

5. Unless otherwise specified, the requests set forth herein are limited to the time frame of May 27, 2021, to the present.

## DEFINITIONS

As used in these requests, the following terms should be understood to have the meanings listed below. If a request uses a term not defined herein, the term should be understood to have its ordinary meaning.

1. "Trustee" or "Plaintiff" means John Patrick Lowe, the Trustee in the Bankruptcy Case (as defined herein) and the plaintiff in the Adversary Proceeding (as defined herein).

2. "Toby," "Defendant," "You," or "Your" means Toby Neugebauer, one of the defendants in the Adversary Proceeding (as defined herein) and any of his agents, representatives, attorneys, and/or any other Person acting on his behalf or at his direction.

3. "Melissa" means Melissa Neugebauer, one of the defendants in the Adversary Proceeding (as defined herein) and any of her agents, representatives, attorneys, and/or any other Person acting on her behalf or at her direction.

4. The "Neugebauers" or "Defendants" means Toby and Melissa, collectively.

5. "NFT" means the Neugebauer Family Trust, and any of its trustees, beneficiaries, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

6. "Bancorp," "Animo Bancorp," the "Company," or the "Debtor" means Animo Bancorp, Inc., and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees,

agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

7. "GloriFi," "WPI," or "With Purpose" means With Purpose, Inc., and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

8. "ASL" means Animo Services, LLC, and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

9. "Ganado Bancshares" means Ganado Bancshares, Inc., which owned Citizens (as defined herein), and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

10. "Citizens" means Citizens State Bank, and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

11. "Ganado" means Ganado Bancshares and Citizens, collectively.

12. "Capco" means Capital Markets Company, LLC, and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

13. "Federal Reserve Board" or "FRB" means the Federal Reserve Board.

14. "Bank Acquisition Plan" means the Citizens State Bank Acquisition Business Plan, as referenced in paragraph 15 of the Complaint.

15. "Original Application" means Bancorp's application to the Board of Governors of the Federal Reserve System, as referenced in paragraph 16 of the Complaint.

16. "Subsequent Application" means Bancorp's new application to the Board of Governors of the Federal Reserve System, as referenced in paragraph 17 of the Complaint.

17. "Capco Demand" means the November 14, 2022, letter from Capco to Bancorp, as referenced in paragraph 23 of the Complaint.

18. "Capco Lawsuit" means Cause No. DC-22-17307, which Capco filed against Bancorp on December 16, 2022, in the 14th Judicial District Court of Dallas County, Texas, as referenced in paragraph 23 of the Complaint.

19. "Estate" means the bankruptcy estate of Bancorp.

20. "Transfers" means the transfers of the Debtor's property to the Neugebauers, as set forth in paragraphs 1 and 26 of the Complaint.

21. The "Toby Transfer" means the $3,500,000 transferred from the Debtor to Toby on November 30, 2022.

22. The "Melissa Transfer" means the $3,500,000 transferred from the Debtor to Melissa on November 30, 2022.

23. "Adversary Proceeding" means the Adversary Proceeding pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, under Adv. No. 26-05011-cag, styled *John Patrick Lowe, Trustee, v. Toby Neugebauer and Melissa Neugebauer*.

24. "Bankruptcy Case" means the Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, under Case No. 24-50359-cag, styled *In re: Animo Bancorp, Inc.*

25. "Complaint" means Trustee's Original Complaint, and any amended or supplemental complaints, in the Adversary Proceeding.

26. "Petition Date" means March 5, 2024.

27. "Person" or "Persons" means all individuals and entities including, without limitation, all natural persons, sole proprietorships, organizations, associations, companies, limited liability companies, holding companies, partnerships, joint ventures, affiliates, subsidiaries, parent entities, limited partnerships, corporations, firms, service providers, and/or any other individuals or entities having a separate identification, recognized in law or in fact.

28. "Representative" or "Representatives" means any agent, employee, officer, director, manager, member, board member, executive, trustee, attorney, or any other Person (as defined herein) acting on behalf of (or at the direction of) any of the referenced Persons or entities.

29. "Document" or "Documents" shall have the fullest scope permitted under the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure and includes, but is not limited to, any documents or electronically stored information such as writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations. The term "Document" or "Documents" further includes, but is not limited to, identical or non-identical copies or drafts, regardless of origin or location, and any record of any type or description, whether handwritten, typed, printed, punched, taped, filed, transcribed or otherwise created, regardless of whether it is produced, reproduced or stored on discs, tapes, cards or other computer or electronic devices or electronically compiled or stored information, including electronically stored information such as text messages, emails, and instant messages.

30. "Communication" or "Communications" means any transmission or exchange of information (including the transmission or exchange of any Documents) whether orally, in writing, or otherwise (*e.g.*, through mail), and includes without limitation, any conversation, letter, note, memorandum, intrafirm or intraoffice correspondence, telephone calls, including voicemails, telegraphs, telexes, telecopies, facsimile transmissions, cables, conferences, tape recordings, discussions, electronic transmissions, including but not limited to emails, text messages, and instant messages, or face to face communications.

31. "Identify" means:

(a) when used in reference to an individual, to state his or her full name, his or her present or last known address, his or her e-mail address, his or her telephone number, the full name and present or last known address of his or her employer or business, and his or her position with such employer or business.

(b) when used in reference to a corporation, partnership, unincorporated association, or other entity, to state its full name and its present or last known address.

(c) when used in reference to a document, to state the date, author(s), addressee(s), recipient(s), type of document, and general subject matter of same. If any document was, but is no longer, in your possession or custody or subject to your control, you are instead requested to provide a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

(d) when used in reference to a statement, a representation, a directive or other information, state the date it was made, the location where it was made, the location where it was received (if other than the location where it was made), and its specific content.

32. "Regarding" or "regarding" means directly or indirectly relating to, pertaining to, referring to, concerning, describing, evidencing, depicting, or constituting.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce the "financial records" referenced in Defendants' Initial Disclosures. If no responsive documents are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Produce the "transaction records, including but not limited to, secured convertible promissory notes, consent to assignment, and assignment of note" referenced in Defendants' Initial Disclosures. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Produce the "public filings" referenced in Defendants' Initial Disclosures. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Produce all Documents regarding Your service as a director, officer, and/or other authorized representative of Bancorp, including appointment documents, corporate resolutions, written consents, and/or delegations of authority. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Produce all Documents and/or Communications regarding the October 5, 2021, capital call notice issued by Bancorp to You and Melissa, as referenced in paragraph 13 of the Complaint. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents and/or Communications regarding the $3,500,000 You contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Produce all Documents and/or Communications regarding the $3,500,000 that Melissa contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Produce all Documents and/or Communications regarding the characterization, classification, and/or treatment of the $3,500,000 You provided to Bancorp on or about October 7, 2021, including, but not limited to, Documents regarding whether such contribution was treated as equity or debt on Bancorp's books and records. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Produce all Documents and/or Communications regarding the characterization, classification, and/or treatment of the $3,500,000 that Melissa provided to Bancorp on or about October 7, 2021, including, but not limited to, Documents regarding whether such contribution was treated as equity or debt on Bancorp's books and records. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 10:</u>** Produce all promissory notes, loan agreements, credit agreements, repayment agreements, security agreements, and/or other Documents, if any, evidencing or purporting to evidence any debt, loan, or other repayment obligation of Bancorp to You, if any. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 11:</u>** All promissory notes, loan agreements, credit agreements, repayment agreements, security agreements, and/or other Documents, if any, evidencing or purporting to evidence any debt, loan, or other repayment obligation of Bancorp to Melissa, if any. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 12:</u>** All Documents and/or Communications regarding the Bank Acquisition Plan, including, but not limited to, all drafts, revisions, transmittals, and attachments. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 13:</u>** All Documents and/or Communications regarding the Original Application, including, but not limited to, drafts, revisions, exhibits, attachments, any certifications signed or executed by You, and/or any other Documents or Communications regarding the decision to identify the Neugebauers' $7,000,000 capital contribution as a "direct investment in Bancorp." If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 14:</u>** All Documents and Communications regarding the Subsequent Application, including, but not limited to, drafts, revisions, exhibits, attachments, any certifications signed or executed by You, and/or any other Documents or Communications

regarding the decision to identify the Neugebauers' $7,000,000 equity infusion as a "cash capital contribution" in Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All Documents and/or Communications regarding the engagement of Capco by Bancorp, including, but not limited to, the engagement agreement, statements of work, any amendments or change orders, and Your personal involvement with engaging Capco. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All Documents and/or Communications exchanged between You and Capco regarding Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All Documents and/or Communications regarding the Capco Demand. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All Documents and/or Communications regarding Your knowledge of amounts owed by Bancorp to Capco prior to November 30, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All Documents and/or Communications regarding Your knowledge, prior to November 30, 2022, that Bancorp needed to obtain FRB approval to acquire Ganado. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp had not obtained FRB approval. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp had no operating revenue. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp's primary remaining asset was the cash in its bank account. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All Documents and/or Communications regarding the decision to cause, direct, or authorize Bancorp to make the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All Documents regarding the cash balance of Bancorp on November 30, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All Documents regarding the cash balance of Bancorp on December 1, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All Documents and/or Communications regarding the Toby Transfer, including, but not limited to, wire confirmations, bank records, accounting entries, and/or any other written confirmation or documentation of such same. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Toby Transfer. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All Documents and/or Communications regarding Your knowledge, prior to November 30, 2022, of Bancorp's financial condition, solvency, liquidity, capital adequacy, and/or ability to pay its debts. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All Documents and Communications relating to the $28,000,000 contingent debt financing from the NFT to Bancorp referenced in paragraph 12 of the Complaint, including any promissory note(s), term sheets, security agreements, or related financing Documents. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** All Documents and/or Communications exchanged between You and any Representative of Bancorp, and/or between You and any accountant, auditor, bookkeeper, tax preparer, or financial advisor, regarding the characterization of and/or basis for the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** All insurance policies (including directors' and officers' liability policies) that may provide coverage to You for any claim asserted in this Adversary Proceeding. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** All Documents and Communications that support Your statement in paragraph 2 of Your Affirmative Defenses that "Defendants are entitled to offset for amounts owed to Defendants by Bancorp." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** All Documents and Communications that support Your statement in paragraph 3 of Your Affirmative Defenses that "Bancorp was not insolvent at the time of the alleged fraudulent transfers." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All Documents and Communications that support Your statement in paragraph 4 of Your Affirmative Defenses that "Any alleged transfers were in payment of a debt incurred by Bancorp in the ordinary course of business or financial affairs of Bancorp and Defendants and were made according to ordinary business terms." If no responsive

materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** All Documents and Communications that support Your statement in paragraph 5 of Your Affirmative Defenses that "Plaintiff received reasonably equivalent value for the transfers to Defendants." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** All Documents and Communications that support Your statement in paragraph 6 of Your Affirmative Defenses that "Plaintiff may not avoid the alleged transfers to Defendants pursuant to 11 U.S.C. § 548 or under applicable state law pursuant to 11 U.S.C. § 544 because (a) Bancorp was solvent when the alleged transfers were made or did not become insolvent as a result of the alleged transfers; (b) Bancorp was not engaged or about to engage in business or transactions for which any property remaining with Bancorp was unreasonably small capital; or (c) Bancorp did not intend to incur or did not believe that it would incur debts that would be beyond its ability to pay as such debts matured." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** All Documents and/or Communications that support Your statement in paragraph 8 of Your Affirmative Defenses that "Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefited Bancorp and were affirmed and completed with Bancorp's knowledge, agreement, or acquiescence." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify by bates range any documents, correspondence, or other materials being produced in response to Request for Production No. 1 above. If none, state none.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify by bates range any documents, correspondence, or other materials being produced in response to Request for Production No. 2 above. If none, state none.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify by bates range any documents, correspondence, or other materials being produced in response to Request for Production No. 3 above. If none, state none.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify by bates range any documents, correspondence, or other materials being produced in response to Request for Production No. 10 above. If none, state none.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify all Persons who participated in, authorized, directed, approved, and/or were consulted regarding the Transfers, and describe in detail each such Person's role in connection with same.

**RESPONSE:**

**INTERROGATORY NO. 6:** State all facts, if any, and Identify all Documents, if any, supporting any contention that the $3,500,000 You provided to Bancorp on or about October 7, 2021 was a loan, debt, or other repayment obligation (as opposed to equity), including, but not limited to, the principal amount, date on which the obligation was incurred, interest rate, maturity date, security, and repayment terms.

**RESPONSE:**

**INTERROGATORY NO. 7:** Identify all subsequent transfers, disbursements, investments, and uses of the funds comprising the Toby Transfer from November 30, 2022, to the present.

**RESPONSE:**

**INTERROGATORY NO. 8:** Identify all subsequent transfers, disbursements, investments, and uses of the funds comprising the Melissa Transfer from November 30, 2022, to the present.

**RESPONSE:**

**INTERROGATORY NO. 9:** Identify and describe in detail each service, work, asset, property, or other value that You contend Bancorp received from You in exchange for the Toby Transfer.

**RESPONSE:**

**INTERROGATORY NO. 10:** Identify and describe in detail each service, work, asset, property, or other value that You contend Bancorp received from Melissa in exchange for the Melissa Transfer.

**RESPONSE:**

**INTERROGATORY NO. 11:** Describe in detail the basis for Your defense that Bancorp's financial condition was not vulnerable at the time of the Transfers (*i.e.*, paragraph 6 of Your Affirmative Defenses).

**RESPONSE:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that, from May 27, 2021, through the Petition Date, You held a 50% ownership interest in Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that, from May 27, 2021, through the Petition Date, Melissa held a 50% ownership interest in Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that You were a director of Bancorp from the date of Bancorp's formation through the Petition Date.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that, on or about October 7, 2021, You provided $3,500,000 to Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that, on or about October 7, 2021, Melissa provided $3,500,000 to Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit that the $7,000,000 provided by You and Melissa to Bancorp on or about October 7, 2021, was not accompanied by a promissory note.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit that the $7,000,000 provided by You and Melissa to Bancorp on or about October 7, 2021, did not bear interest.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit that the $7,000,000 provided by You and Melissa to Bancorp on or about October 7, 2021, did not include a maturity date.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit that the $7,000,000 provided by You and Melissa to Bancorp on or about October 7, 2021, was not accompanied by any repayment obligation on the part of Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Admit that You certified that the Original Application was true, correct, and complete.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Admit that the Original Application identified the $7,000,000 provided by You and Melissa to Bancorp as a "direct investment in Bancorp by Toby and Melissa Neugebauer."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Admit that You certified that the Subsequent Application was true, correct, and complete.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Admit that the Subsequent Application classified the $7,000,000 provided by You and Melissa to Bancorp as a "cash capital contribution."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Admit that, as of November 30, 2022, You knew that Bancorp had no operating revenue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Admit that You were aware of the Capco Demand prior to November 30, 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Admit that, on or about November 30, 2022, Bancorp transferred $3,500,000 to You (*i.e.*, the Toby Transfer).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Admit that, on or about November 30, 2022, Bancorp transferred $3,500,000 to Melissa (*i.e.*, the Melissa Transfer).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Admit that, immediately after the Transfers, Bancorp held no more than $135,825.46 in cash.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Admit that You directed, caused, or authorized Bancorp to make the Toby Transfer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Admit that the Toby Transfer was not made pursuant to any written promissory note.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Admit that the Toby Transfer was not made in exchange for any services or work You performed for Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Admit that the Toby Transfer was not made in exchange for any asset, property, or other contemporaneous value You provided to Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Admit that You have not returned any portion of the Toby Transfer to Bancorp or the Estate.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:** Admit that You directed, caused, or authorized Bancorp to make the Melissa Transfer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** Admit that the Melissa Transfer was not made pursuant to any written promissory note.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Admit that the Melissa Transfer was not made in exchange for any services or work that Melissa performed for Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Admit that the Melissa Transfer was not made in exchange for any asset, property, or other contemporaneous value that Melissa provided to Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Admit that Melissa has not returned any portion of the Melissa Transfer to Bancorp or the Estate.

**RESPONSE:**

# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**ANIMO BANCORP, INC.,**<br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-cag**<br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-cag** |

**DEFENDANT TOBY NEUGEBAUER'S OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT TOBY NEUGEBAUER**

TO: Trustee, John Patrick Lowe by and through his attorneys of record, Chase J. Potter and John L. Shepherd, IACUONE MCALLISTER POTTER PLLC, Energy Square One, 4925 Greenville Ave., Suite 1112, Dallas, TX 75206.

Pursuant to FED. R. CIV. P. 26, 33, 34, and 36 and Federal Rules of Bankruptcy Procedure 7033, 7044, and 7036, Defendant Toby Neugebauer ("T. Neugebauer") hereby serves his Objections and Responses to Trustee John Patrick Lowe ("Trustee")'s First Set of Discovery Requests to Toby Neugebauer and reserves the right to supplement or amend these objections and further reserves all other rights he may have under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

Date: June 18, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

/s/ *Trey Crawford*
Trey Crawford
State Bar No. 24059623
tcrawford@cwl.law
Michael J. Lang
State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
State Bar No. 24091423
aohlinger@cwl.law
Gracen Moreno
State Bar No. 24116248
gmoreno@cwl.law
David M. Akere
State Bar No. 24126294
dakere@cwl.law
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

***Counsel for Toby Neugebauer***

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I served a copy of the foregoing document electronically in accordance with the applicable rules to counsel for Trustee.

/s/ *Trey Crawford*
Trey Crawford

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Global Objections**

1. Defendant objects to the instruction to state "none" "if no responsive documents are being produced." Defendant would only state "none" to the extent that, after a diligent search, no responsive records have been identified and Defendant does not believe any such records exist.

2. Defendant objects to each Request, Interrogatory, and Request for Admission to the extent it seeks information protected by attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity, especially because the Trustee defines "You," and "Toby," and the entity terms to include Toby's attorneys. Defendant will log privilege documents.

3. Except where a specific objection states otherwise, Defendant is not withholding responsive, non-privileged documents within his possession, custody, or control on the basis of these general objections. *See* FED. R. CIV. P. 34(b)(2). Defendant will produce responsive documents as kept in the usual course of business and will produce documents on a rolling basis at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 1:** Produce the "financial records" referenced in Defendants' Initial Disclosures. If no responsive documents are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 2:** Produce the "transaction records, including but not limited to, secured convertible promissory notes, consent to assignment, and assignment of note" referenced in Defendants' Initial Disclosures. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 3:** Produce the "public filings" referenced in Defendants' Initial Disclosures. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 4:** Produce all Documents regarding Your service as a director, officer, and/or other authorized representative of Bancorp, including appointment documents, corporate resolutions, written consents, and/or delegations of authority. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 5:** Produce all Documents and/or Communications regarding the October 5, 2021, capital call notice issued by Bancorp to You and Melissa, as referenced in paragraph 13 of the Complaint. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents and/or Communications regarding the $3,500,000 You contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to the term "contributed" as vague and ambiguous because it assumes a mischaracterization that Defendant disputes: whether the $3,500,000 was equity or a loan. Subject to and without waiving the foregoing objection, Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 7:** Produce all Documents and/or Communications regarding the $3,500,000 that Melissa contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to the term "contributed" as vague and ambiguous because it assumes a mischaracterization that Defendant disputes: whether the $3,500,000 was equity or a loan. Subject to and without waiving the foregoing objection, Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 8:** Produce all Documents and/or Communications regarding the characterization, classification, and/or treatment of the $3,500,000 You provided to Bancorp on or about October 7, 2021, including, but not limited to, Documents regarding whether such contribution was treated as equity or debt on Bancorp's books and records. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to the term "contribution" as vague and ambiguous because it assumes a mischaracterization that Defendant disputes: whether the $3,500,000 was equity or a loan. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 9:** Produce all Documents and/or Communications regarding the characterization, classification, and/or treatment of the $3,500,000 that Melissa provided to Bancorp on or about October 7, 2021, including, but not limited to, Documents regarding whether such contribution was treated as equity or debt on Bancorp's books and records. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to the term "contribution" as vague and ambiguous because it assumes a mischaracterization that Defendant disputes: whether the $3,500,000 was equity or a loan. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 10:** Produce all promissory notes, loan agreements, credit agreements, repayment agreements, security agreements, and/or other Documents, if any, evidencing or purporting to evidence any debt, loan, or other repayment obligation of Bancorp to You, if any. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 11:** All promissory notes, loan agreements, credit agreements, repayment agreements, security agreements, and/or other Documents, if any, evidencing or purporting to evidence any debt, loan, or other repayment obligation of Bancorp to Melissa, if any. If no responsive materials are being produced, You must state "none." **RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 12:** All Documents and/or Communications regarding the Bank Acquisition Plan, including, but not limited to, all drafts, revisions, transmittals, and attachments. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 13:** All Documents and/or Communications regarding the Original Application, including, but not limited to, drafts, revisions, exhibits, attachments, any certifications signed or executed by You, and/or any other Documents or Communications regarding the decision to identify the Neugebauers' $7,000,000 capital contribution as a "direct investment in Bancorp." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 14:** All Documents and Communications regarding the Subsequent Application, including, but not limited to, drafts, revisions, exhibits, attachments, any certifications signed or executed by You, and/or any other Documents or Communications regarding the decision to identify the Neugebauers' $7,000,000 equity infusion as a "cash capital contribution" in Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 15:** All Documents and/or Communications regarding the engagement of Capco by Bancorp, including, but not limited to, the engagement agreement, statements of work, any amendments or change orders, and Your personal involvement with engaging Capco. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 16:** All Documents and/or Communications exchanged between You and Capco regarding Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 17:** All Documents and/or Communications regarding the Capco Demand. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 18:** All Documents and/or Communications regarding Your knowledge of amounts owed by Bancorp to Capco prior to November 30, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:** After a diligent search, Defendants have not yet found any responsive documents.

**REQUEST FOR PRODUCTION NO. 19:** All Documents and/or Communications regarding Your knowledge, prior to November 30, 2022, that Bancorp needed to obtain FRB approval to acquire Ganado. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 20:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp had not obtained FRB approval. If no responsive materials are being produced, You must state "none."

**RESPONSE:** After a diligent search, Defendants have not yet found any responsive documents.

**REQUEST FOR PRODUCTION NO. 21:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp had no operating revenue. If no responsive materials are being produced, You must state "none."

**RESPONSE:** After a diligent search, Defendants have not yet found any responsive documents.

**REQUEST FOR PRODUCTION NO. 22:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp's primary remaining asset was the cash in its bank account. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 23:** All Documents and/or Communications regarding the decision to cause, direct, or authorize Bancorp to make the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:** After a diligent search, Defendants have not yet found any responsive documents.

**REQUEST FOR PRODUCTION NO. 24:** All Documents regarding the cash balance of Bancorp on November 30, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 25:** All Documents regarding the cash balance of Bancorp on December 1, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 26:** All Documents and/or Communications regarding the Toby Transfer, including, but not limited to, wire confirmations, bank records, accounting entries, and/or any other written confirmation or documentation of such same. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 27:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Toby Transfer. If no

responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 28:** All Documents and/or Communications regarding Your knowledge, prior to November 30, 2022, of Bancorp's financial condition, solvency, liquidity, capital adequacy, and/or ability to pay its debts. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 29:** All Documents and Communications relating to the $28,000,000 contingent debt financing from the NFT to Bancorp referenced in paragraph 12 of the Complaint, including any promissory note(s), term sheets, security agreements, or related financing Documents. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 30:** All Documents and/or Communications exchanged between You and any Representative of Bancorp, and/or between You and any accountant, auditor, bookkeeper, tax preparer, or financial advisor, regarding the characterization of and/or basis for the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 31:** All insurance policies (including directors' and officers' liability policies) that may provide coverage to You for any claim asserted in this Adversary Proceeding. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 32:** All Documents and Communications that support Your statement in paragraph 2 of Your Affirmative Defenses that "Defendants are entitled to offset for amounts owed to Defendants by Bancorp." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 33:** All Documents and Communications that support Your statement in paragraph 3 of Your Affirmative Defenses that "Bancorp was not insolvent at the time of the alleged fraudulent transfers." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 34:** All Documents and Communications that support Your statement in paragraph 4 of Your Affirmative Defenses that "Any alleged transfers were in payment of a debt incurred by Bancorp in the ordinary course of business or financial affairs of Bancorp and Defendants and were made according to ordinary business terms." If no responsive

materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 35:** All Documents and Communications that support Your statement in paragraph 5 of Your Affirmative Defenses that "Plaintiff received reasonably equivalent value for the transfers to Defendants." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 36:** All Documents and Communications that support Your statement in paragraph 6 of Your Affirmative Defenses that "Plaintiff may not avoid the alleged transfers to Defendants pursuant to 11 U.S.C. § 548 or under applicable state law pursuant to 11 U.S.C. § 544 because (a) Bancorp was solvent when the alleged transfers were made or did not become insolvent as a result of the alleged transfers; (b) Bancorp was not engaged or about to engage in business or transactions for which any property remaining with Bancorp was unreasonably small capital; or (c) Bancorp did not intend to incur or did not believe that it would incur debts that would be beyond its ability to pay as such debts matured." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 37:** All Documents and/or Communications that support Your statement in paragraph 8 of Your Affirmative Defenses that "Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefited Bancorp and were affirmed and completed with Bancorp's knowledge, agreement, or acquiescence." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce responsive documents in his possession, custody and control.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify by bates range any documents, correspondence, or other materials being produced in response to Request for Production No. 1 above. If none, state none.

**RESPONSE:** Defendants object to this request as unduly burdensome.

**INTERROGATORY NO. 2:** Identify by bates range any documents, correspondence, or other materials being produced in response to Request for Production No. 2 above. If none, state none.

**RESPONSE:** Defendants object to this request as unduly burdensome.

**INTERROGATORY NO. 3:** Identify by bates range any documents, correspondence, or other materials being produced in response to Request for Production No. 3 above. If none, state none.

**RESPONSE:** Defendants object to this request as unduly burdensome.

**INTERROGATORY NO. 4:** Identify by bates range any documents, correspondence, or other materials being produced in response to Request for Production No. 10 above. If none, state none.

**RESPONSE:** Defendants object to this request as unduly burdensome.

**INTERROGATORY NO. 5:** Identify all Persons who participated in, authorized, directed, approved, and/or were consulted regarding the Transfers, and describe in detail each such Person's role in connection with same.

**RESPONSE:** Toby Neugebauer and Brian Joiner.

**INTERROGATORY NO. 6:** State all facts, if any, and Identify all Documents, if any, supporting any contention that the $3,500,000 You provided to Bancorp on or about October 7, 2021 was a loan, debt, or other repayment obligation (as opposed to equity), including, but not limited to, the principal amount, date on which the obligation was incurred, interest rate, maturity date, security, and repayment terms.

**RESPONSE:** None.

**INTERROGATORY NO. 7:** Identify all subsequent transfers, disbursements, investments, and uses of the funds comprising the Toby Transfer from November 30, 2022, to the present.

**RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case.

**INTERROGATORY NO. 8:** Identify all subsequent transfers, disbursements, investments, and uses of the funds comprising the Melissa Transfer from November 30, 2022, to the present.

**RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case.

**INTERROGATORY NO. 9:** Identify and describe in detail each service, work, asset, property, or other value that You contend Bancorp received from You in exchange for the Toby Transfer.

**RESPONSE:** Object as vague and calling for a narrative answer more suitable for a deposition and calling for Defendant to marshal all of his evidence and thus exceeding the scope of Rule 33.

**INTERROGATORY NO. 10:** Identify and describe in detail each service, work, asset, property, or other value that You contend Bancorp received from Melissa in exchange for the Melissa Transfer.

**RESPONSE:** Object as vague and calling for a narrative answer more suitable for a deposition and calling for Defendant to marshal all of his evidence and thus exceeding the scope of Rule 33.

**INTERROGATORY NO. 11:** Describe in detail the basis for Your defense that Bancorp's financial condition was not vulnerable at the time of the Transfers (*i.e.*, paragraph 6 of Your Affirmative Defenses).

**RESPONSE:** Defendant objects to the term "vulnerable" as vague and ambiguous. To the extent the term "vulnerable" is a legal term, Defendant objects as requesting a legal conclusion.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that, from May 27, 2021, through the Petition Date, You held a 50% ownership interest in Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 2:** Admit that, from May 27, 2021, through the Petition Date, Melissa held a 50% ownership interest in Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 3:** Admit that You were a director of Bancorp from the date of Bancorp's formation through the Petition Date.

**ESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 4:** Admit that, on or about October 7, 2021, You provided $3,500,000 to Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 5:** Admit that, on or about October 7, 2021, Melissa provided $3,500,000 to Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 6:** Admit that the $7,000,000 provided by You and Melissa to Bancorp on or about October 7, 2021, was not accompanied by a promissory note.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 7:** Admit that the $7,000,000 provided by You and Melissa to Bancorp on or about October 7, 2021, did not bear interest.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 8:** Admit that the $7,000,000 provided by You and Melissa to Bancorp on or about October 7, 2021, did not include a maturity date.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 9:** Admit that the $7,000,000 provided by You and Melissa to Bancorp on or about October 7, 2021, was not accompanied by any repayment obligation on the part of Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 10:** Admit that You certified that the Original Application was true, correct, and complete.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 11:** Admit that the Original Application identified the $7,000,000 provided by You and Melissa to Bancorp as a "direct investment in Bancorp by Toby and Melissa Neugebauer."

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 12:** Admit that You certified that the Subsequent Application was true, correct, and complete.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 13:** Admit that the Subsequent Application classified the $7,000,000 provided by You and Melissa to Bancorp as a "cash capital contribution."

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 14:** Admit that, as of November 30, 2022, You knew that Bancorp had no operating revenue.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 15:** Admit that You were aware of the Capco Demand prior to November 30, 2022.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 16:** Admit that, on or about November 30, 2022, Bancorp transferred $3,500,000 to You (*i.e.*, the Toby Transfer).

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 17:** Admit that, on or about November 30, 2022, Bancorp transferred $3,500,000 to Melissa (*i.e.*, the Melissa Transfer).

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 18:** Admit that, immediately after the Transfers, Bancorp held no more than $135,825.46 in cash.

**RESPONSE:** After a reasonable inquiry, Defendant does not have sufficient information to admit or deny this request, therefore denied.

**REQUEST FOR ADMISSION NO. 19:** Admit that You directed, caused, or authorized Bancorp to make the Toby Transfer.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 20:** Admit that the Toby Transfer was not made

pursuant to any written promissory note.

**RESPONSE:** Admit there is no promissory note.

**REQUEST FOR ADMISSION NO. 21:** Admit that the Toby Transfer was not made in exchange for any services or work You performed for Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 22:** Admit that the Toby Transfer was not made in exchange for any asset, property, or other contemporaneous value You provided to Bancorp.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 23:** Admit that You have not returned any portion of the Toby Transfer to Bancorp or the Estate.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 24:** Admit that You directed, caused, or authorized Bancorp to make the Melissa Transfer.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 25:** Admit that the Melissa Transfer was not made pursuant to any written promissory note.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 26:** Admit that the Melissa Transfer was not made in exchange for any services or work that Melissa performed for Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 27:** Admit that the Melissa Transfer was not made in exchange for any asset, property, or other contemporaneous value that Melissa provided to Bancorp.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 28:** Admit that Melissa has not returned any portion of the Melissa Transfer to Bancorp or the Estate.

**RESPONSE:** Admit.

# EXHIBIT E

IACUONE McALLISTER POTTER

**Chase J. Potter**
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
214.432.1548
potter@imcplaw.com

June 26, 2026

***Via Email***

Michael Lang
Crawford, Wishnew & Lang PLLC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
mlang@cwl.law

Re: *In re Animo Bancorp, Inc.*, Case No. 24-50359-cag; *John Patrick Lowe, Trustee v. Toby Neugebauer and Melissa Neugebauer*, Adversary No. 26-05011-cag, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division – Deficiencies in Defendant Toby Neugebauer's Objections and Responses to Trustee's First Set of Discovery Requests

Dear Mr. Lang:

I write on behalf of John Patrick Lowe, the Chapter 7 Trustee (the "Trustee"), regarding the deficiencies in Defendant Toby Neugebauer's ("Mr. Neugebauer") Objections and Responses to Trustee's First Set of Discovery Requests to Defendant Toby Neugebauer, served on June 18, 2026, in response to requests the Trustee served on May 12, 2026. We request that Mr. Neugebauer cure each deficiency and serve complete, amended responses, with the documents he has promised to produce, by July 6, 2026. This letter is the Trustee's good-faith effort to resolve these disputes without court intervention.

**1. <u>The "will produce" responses do not comply with Rule 34.</u>**

The bulk of Mr. Neugebauer's document responses, including those to Requests for Production Nos. 1 through 17, 19, 22, 24 through 26, 28 through 30, 32, and 34 through 37, state only that he "will produce responsive documents in his possession, custody and control," and per Mr. Neugebauer's Global Objection No. 3, "on a rolling basis at a mutually convenient time." To date, no documents have been produced.

The Federal Rules of Civil Procedure (the "Rules"), incorporated to this adversary proceeding through the Federal Rules of Bankruptcy Procedure, require a responding party to produce responsive documents no later than the time stated in the request or another reasonable time identified in the response, and to state whether any responsive materials are being withheld on the basis of an objection. *See* FED. R. CIV. P. 34(b)(2)(B) and (C).

A promise to produce at some unspecified future time, with no completion date and no statement of whether anything is withheld, satisfies none of these requirements. *See* FED. R. CIV. P. 34(b)(2)(B) and (C*); see also Rodriguez-Meza v. Venegas*, No. 2:17-CV-54–AM–CW, 2020 WL 14100944, at *4 (W.D. Tex. Mar. 27, 2020). Accordingly, Mr. Neugebauer has failed to comply with his obligations under the Rules. Please serve amended responses that comply with the Rules and in doing so: 1) confirm whether any responsive documents are being withheld; 2) if so, on what basis; and 3) produce all responsive documents, by July 6, 2026.

2. **The "vague and ambiguous" objections to Requests for Production Nos. 6 through 9 are improper.**

Requests for Production Nos. 6 through 9 seek documents concerning the $3,500,000 each of Mr. and Mrs. Neugebauer provided to Animo Bancorp, Inc. ("Bancorp") and its characterization on Bancorp's books. Mr. Neugebauer objects that "contributed" and "contribution" are vague because they assume "a mischaracterization" of whether the funds were equity or a loan, then answers "subject to and without waiving" that objection. The terms are not ambiguous. Even if the Requests were vague or ambiguous, a vague and ambiguous objection does not excuse the responding party from providing a substantive answer based on the responding party's current understanding of the request. *See Rodriguez-Meza*, 2020 WL 14100944, at *4 n.7; *see also Heller v. City of Dallas*, 303 F.R.D. 466, 488 (N.D. Tex. 2014).

Additionally, the "subject to and without waiving" formulation preserves nothing and leaves the Trustee unable to tell whether documents are being withheld. *See Heller*, 303 F.R.D. at 486-87; *see also Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580-81 (N.D. Tex. 2018). Please withdraw the objections and confirm complete production.

3. **The boilerplate "unduly burdensome" objections to Interrogatories Nos. 1 through 4 are waived.**

Interrogatories Nos. 1 through 4 ask Mr. Neugebauer to identify, by Bates range, the documents produced in response to Requests for Production Nos. 1, 2, 3, and 10. Mr. Neugebauer objected to each as "unduly burdensome" and provided no answer. A generalized burden objection that does not explain, with specific facts, why a request is burdensome is invalid. *See Rodriguez-Meza*, 2020 WL 14100944, at *4; *see also Heller*, 303 F.R.D. at 490-91. Identifying a Bates range imposes no meaningful burden.

4. **The relevance and proportionality objections to Interrogatories Nos. 7 and 8 and Request No. 27 are improper.**

These requests seek the subsequent transfers, dispositions, and uses of the funds comprising the Toby Transfer and the Melissa Transfer. Mr. Neugebauer objects that they are "overbroad" and seek information "neither relevant to any claim or defense nor proportional to the needs of the case," and provides no explanation, making these objections nothing more than boilerplate. *See Rodriguez-Meza*, 2020 WL 14100944, at *4; *see also Heller*, 303 F.R.D. at 491. Where the funds went is direct evidence of the intent to hinder, delay, or defraud creditors and of the recognized badges of fraud. The proportionality of this discovery is plain given the $7,000,000 at issue.

5. **<u>The objections to Interrogatories Nos. 9 and 10 are not valid.</u>**

Interrogatories Nos. 9 and 10 ask Mr. Neugebauer to describe the value Mr. Neugebauer and Mrs. Neugebauer provided Bancorp in exchange for each Transfer. Mr. Neugebauer objected to the Interrogatories on the basis that they are "vague," called for "a narrative answer more suitable for a deposition," and called for "Defendant to marshal all of his evidence."

Mr. Neugebauer's vagueness objection is the posterchild for a boilerplate objection. By any rational interpretation, these Interrogatories are unambiguous. Even if Interrogatories Nos. 9 and 10 were vague or ambiguous, the Rules require Mr. Neugebauer to provide a substantive answer based on his understanding of the interrogatories. *See Rodriguez-Meza*, 2020 WL 14100944, at *4 n.7; *see also Heller*, 303 F.R.D. at 488.

Mr. Neugebauer's "more suitable for a deposition" objections fare no better. Absent a court order or a binding stipulation between parties, Federal Rule of Civil Procedure 26(d) allows a party to conduct discovery in any sequence. *See*, *e.g.*, *Heller*, 303 F.R.D. at 493.

Finally, Mr. Neugebauer's objections on the grounds that the Interrogatories require him to marshal all of his evidence are improper and cannot shield Mr. Neugebauer from providing a substantive response. *See Carrizal v. Tex. - Health & Human Services Comm'n*, No. EP-23-CV-00343-DCG, 2025 WL 2648256, at *6 (W.D. Tex. Sept. 8, 2025). Mr. Neugebauer is not required to marshal his trial evidence before such evidence is gathered, but he is undoubtedly required to provide the Trustee with facts or documentation supporting his defenses. *See id*.

**6. <u>The objections to Interrogatory No. 11 are not valid.</u>**

Interrogatory No. 11 asked Mr. Neugebauer to describe the basis for his defense that Bancorp's financial condition was not vulnerable at the time of the Transfers, and specifically pointed to paragraph 6 of the affirmative defenses section of Mr. and Mrs. Neugebauer's Answer to Trustee's Original Complaint and Affirmative Defenses (the "Answer") to avoid any ambiguity. Interrogatory No. 11 is clearly asking about Bancorp's financial condition and potential insolvency and/or financial vulnerability at the time of the Transfers. As explained above, a vague and ambiguous objection does not excuse the responding party from providing a substantive answer. *See Rodriguez-Meza*, 2020 WL 14100944, at *4 n.7; *see also Heller*, 303 F.R.D. at 488. Mr. Neugebauer cannot use his vague and ambiguous objection to escape answering this Interrogatory. If this Interrogatory was in fact vague and ambiguous, Mr. Neugebauer should have at least answered the Interrogatory based on the defenses specified in paragraph 6 of his affirmative defenses section of his Answer.

Additionally, Mr. Neugebauer's legal contention objections are improper. Federal Rule of Civil Procedure 33(a)(2) permits contention interrogatories, as "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2); *see Innovative Commc'n Sys., Inc. v. Innovative Computing Sys., Inc.*, No. A-13-CV-1044-LY, 2014 WL 3535716, at *2 (W.D. Tex. July 16, 2014); *see also In re Adkins Supply, Inc.*, 555 B.R. 579, 591 (Bankr. N.D. Tex. 2016).

7. **<u>The answer to Interrogatory No. 5 is incomplete.</u>**

Interrogatory No. 5 asks Mr. Neugebauer to identify every person who participated in, authorized, directed, approved, or was consulted regarding the Transfers and to describe each person's role. Mr. Neugebauer's answer states only "Toby Neugebauer and Brian Joiner," and omits the required description of each person's role. Please supplement to describe the role of each identified person, including Mr. Joiner.

8. **<u>No privilege log has been served.</u>**

Global Objection No. 2 asserts the attorney-client privilege and work-product protection and states that Mr. Neugebauer "will log privilege documents," but no privilege log has been provided. A party withholding documents on privilege grounds must serve a log identifying each document with enough detail to permit the Trustee to assess the claim. Mr. Neugebauer must produce a privilege log. Please serve a compliant privilege log identifying the date, author, recipients, subject matter, privilege asserted, and basis for each withheld document, or confirm that nothing is being withheld on privilege grounds.

Trustee requests that Mr. Neugebauer amend his discovery responses and objections to comply with the Rules. If the Trustee does not receive complete, amended responses curing these deficiencies by July 6, 2026, the Trustee will move to compel and will seek all available relief, including his attorneys' fees and costs under Federal Rule of Civil Procedure 37. We remain willing to confer by telephone at your convenience. Nothing in this letter waives any of the Trustee's rights, all of which are expressly reserved.

Sincerely,

Chase J. Potter

# EXHIBIT F

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**ANIMO BANCORP, INC.,**<br><br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-cag**<br><br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-cag** |

**TRUSTEE'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT MELISSA NEUGEBAUER**

TO: Defendant Melissa Neugebauer ("Melissa"), by and through her counsel of record, Trey Crawford, Michael J. Lang, Alexandra Ohlinger, Gracen Moreno, and David M. Akere, CRAWFORD, WISHNEW & LANG PLLC, 1700 Pacific Avenue, Suite 2390, Dallas, Texas 75201

Plaintiff John Patrick Lowe, Trustee ("Plaintiff" or "Trustee") hereby serves this First Set of Discovery Requests on Defendant Melissa Neugebauer ("Melissa" or "Defendant") in connection with the above-referenced Adversary Proceeding. Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and Rules 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure, Melissa is required to provide her responses to the discovery requests set forth herein and produce any responsive documents and/or other materials within thirty (30) days.

Respectfully submitted,

*/s/ Chase J. Potter*

**CHASE J. POTTER**
Texas State Bar No. 24088245
E-Mail: potter@imcplaw.com
**GREG MCALLISTER**
Texas State Bar No.24071191
E-Mail: greg@imcplaw.com
**JOAHUA J. IACUONE**
Texas State Bar No. 24036818
E-Mail: josh@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas State Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**JESSE A. OKIROR**
Texas State Bar No. 24065843
E-Mail: okiror@imcplaw.com
**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**SPECIAL COUNSEL FOR**
**JOHN PATRICK LOWE, TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2026, a true and correct copy of the foregoing document was served in accordance with the applicable Rules to counsel for Melissa Neugebauer.

*/s/ Chase J. Potter*
CHASE J. POTTER

# INSTRUCTIONS

1. Requests for Production:

All Documents shall either be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in each request.

You are required to produce all Documents requested within your possession, custody or control. Possession, custody or control includes constructive possession such that the person need not have actual physical possession. As long as the person has the superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody or control.

Responsive Documents and materials shall be produced for inspection and copying at the law offices of Iacuone McAllister Potter, PLLC c/o Chase J. Potter, Energy Square One, 4925 Greenville Ave., Suite 1112, Dallas, Texas 75206. In lieu of producing physical copies, responsive Documents and materials may be produced electronically by sending same to the following e-mail addresses: (1) potter@imcplaw.com and (2) emily@imcplaw.com

Unless expressly stated otherwise, each Request for Production shall be deemed to call for production of copies of the original document or documents, and any attachments or other materials appended thereto.

These Requests for Production are considered continuing and require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure.

If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each such document:

a. Specify the precise nature of the privilege claimed and the request or portion of the request to which the privilege applies;

b. State whether any document has been withheld based on the privilege asserted; and

c. Identify the document in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim (*i.e.*, by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name of the business address of its custodian).

2. Requests for Admission:

You must either admit or deny each Request for Admission set forth below. If a matter is not admitted or denied, the answer must state in detail why it cannot be truthfully admitted or denied. A denial must fairly respond to the substance of the matter and, when good faith requires that an answer be qualified or a request only be partially denied, the answer must specify the part admitted and qualify or deny the rest. Lack of knowledge or information may only be asserted as a reason for failing to admit or deny if the response states that a reasonable inquiry was made and

that the information known or that can be readily obtained is insufficient to enable an admission or denial.

3. In construing these requests along with the accompanying definitions and instructions, the plural includes the singular and the singular includes the plural; a masculine, feminine, or neutral shall not exclude the other genders; the words "and" and "or" are both conjunctive and disjunctive so as to require production of all documents responsive to the requests; "any" and "all" mean both "any" and "all"; "each" and "every" mean both "each" and "every;" and "including" means "including without limitation."

4. Unless otherwise specified, the requests set forth herein are limited to the time frame of May 27, 2021, to the present.

## **DEFINITIONS**

As used in these requests, the following terms should be understood to have the meanings listed below. If a request uses a term not defined herein, the term should be understood to have its ordinary meaning.

1. "Trustee" or "Plaintiff" means John Patrick Lowe, the Trustee in the Bankruptcy Case (as defined herein) and the plaintiff in the Adversary Proceeding (as defined herein).

2. "Melissa," "Defendant," "You," or "Your" means Melissa Neugebauer, one of the defendants in the Adversary Proceeding (as defined herein) and any of her agents, representatives, attorneys, and/or any other Person acting on her behalf or at her direction.

3. "Toby" means Toby Neugebauer, one of the defendants in the Adversary Proceeding (as defined herein) and any of his agents, representatives, attorneys, and/or any other Person acting on his behalf or at his direction.

4. The "Neugebauers" or "Defendants" means Melissa and Toby, collectively.

5. "NFT" means the Neugebauer Family Trust, and any of its trustees, beneficiaries, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

6. "Bancorp," "Animo Bancorp," the "Company," or the "Debtor" means Animo Bancorp, Inc., and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

7. "GloriFi," "WPI," or "With Purpose" means With Purpose, Inc., and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

8. "ASL" means Animo Services, LLC, and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

9. "Ganado Bancshares" means Ganado Bancshares, Inc., which owned Citizens (as defined herein), and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

10. "Citizens" means Citizens State Bank, and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

11. "Ganado" means Ganado Bancshares and Citizens, collectively.

12. "Capco" means Capital Markets Company, LLC, and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

13. "Federal Reserve Board" or "FRB" means the Federal Reserve Board.

14. "Bank Acquisition Plan" means the Citizens State Bank Acquisition Business Plan, as referenced in paragraph 15 of the Complaint.

15. "Original Application" means Bancorp's application to the Board of Governors of the Federal Reserve System, as referenced in paragraph 16 of the Complaint.

16. "Subsequent Application" means Bancorp's new application to the Board of Governors of the Federal Reserve System, as referenced in paragraph 17 of the Complaint.

17. "Capco Demand" means the November 14, 2022, letter from Capco to Bancorp, as referenced in paragraph 23 of the Complaint.

18. "Capco Lawsuit" means Cause No. DC-22-17307, which Capco filed against Bancorp on December 16, 2022, in the 14th Judicial District Court of Dallas County, Texas, as referenced in paragraph 23 of the Complaint.

19. "Estate" means the bankruptcy estate of Bancorp.

20. "Transfers" means the transfers of the Debtor's property to the Neugebauers, as set forth in paragraphs 1 and 26 of the Complaint.

21. The "Toby Transfer" means the $3,500,000 transferred from the Debtor to Toby on November 30, 2022.

22. The "Melissa Transfer" means the $3,500,000 transferred from the Debtor to Melissa on November 30, 2022.

23. "Adversary Proceeding" means the Adversary Proceeding pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, under Adv. No. 26-05011-alt, styled *John Patrick Lowe, Trustee, v. Toby Neugebauer and Melissa Neugebauer*.

24. "Bankruptcy Case" means the Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, under Case No. 24-50359-alt, styled *In re: Animo Bancorp, Inc.*

25. "Complaint" means Trustee's Original Complaint, and any amended or supplemental complaints, in the Adversary Proceeding.

26. "Petition Date" means March 5, 2024.

27. "Person" or "Persons" means all individuals and entities including, without limitation, all natural persons, sole proprietorships, organizations, associations, companies, limited liability companies, holding companies, partnerships, joint ventures, affiliates, subsidiaries, parent entities, limited partnerships, corporations, firms, service providers, and/or any other individuals or entities having a separate identification, recognized in law or in fact.

28. "Representative" or "Representatives" means any agent, employee, officer, director, manager, member, board member, executive, trustee, attorney, or any other Person (as defined herein) acting on behalf of (or at the direction of) any of the referenced Persons or entities.

29. "Document" or "Documents" shall have the fullest scope permitted under the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure and includes, but is not limited to, any documents or electronically stored information such as writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations. The term "Document" or "Documents" further includes, but is not limited to, identical or non-identical copies or drafts, regardless of origin or location, and any record of any type or description, whether handwritten, typed, printed, punched, taped, filed, transcribed or otherwise created, regardless of whether it is produced, reproduced or stored on discs, tapes, cards or other computer or electronic devices or electronically compiled or stored information, including electronically stored information such as text messages, emails, and instant messages.

30. "Communication" or "Communications" means any transmission or exchange of information (including the transmission or exchange of any Documents) whether orally, in writing, or otherwise (*e.g.*, through mail), and includes without limitation, any conversation, letter, note, memorandum, intrafirm or intraoffice correspondence, telephone calls, including voicemails, telegraphs, telexes, telecopies, facsimile transmissions, cables, conferences, tape recordings, discussions, electronic transmissions, including but not limited to emails, text messages, and instant messages, or face to face communications.

31. "Identify" means:

(a) when used in reference to an individual, to state his or her full name, his or her present or last known address, his or her e-mail address, his or her telephone number, the full name and present or last known address of his or her employer or business, and his or her position with such employer or business.

(b) when used in reference to a corporation, partnership, unincorporated association, or other entity, to state its full name and its present or last known address.

(c) when used in reference to a document, to state the date, author(s), addressee(s), recipient(s), type of document, and general subject matter of same. If any document was, but is no longer, in your possession or custody or subject to your control, you are instead requested to provide a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

(d) when used in reference to a statement, a representation, a directive or other information, state the date it was made, the location where it was made, the location where it was received (if other than the location where it was made), and its specific content.

32. "Regarding" or "regarding" means directly or indirectly relating to, pertaining to, referring to, concerning, describing, evidencing, depicting, or constituting.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce the "financial records" referenced in Defendants' Initial Disclosures. If no responsive documents are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Produce the "transaction records, including but not limited to, secured convertible promissory notes, consent to assignment, and assignment of note" referenced in Defendants' Initial Disclosures. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Produce the "public filings" referenced in Defendants' Initial Disclosures. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Produce all Documents regarding Your service as a director, officer, and/or other authorized representative of Bancorp, including appointment documents, corporate resolutions, written consents, and/or delegations of authority. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Produce all Documents and/or Communications regarding the October 5, 2021, capital call notice issued by Bancorp to You and Toby, as referenced in paragraph 13 of the Complaint. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents and/or Communications regarding the $3,500,000 You contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Produce all Documents and/or Communications regarding the $3,500,000 that Toby contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Produce all Documents and/or Communications regarding the characterization, classification, and/or treatment of the $3,500,000 You provided to Bancorp on or about October 7, 2021, including, but not limited to, Documents regarding whether such contribution was treated as equity or debt on Bancorp's books and records. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Produce all Documents and/or Communications regarding the characterization, classification, and/or treatment of the $3,500,000 that Toby provided to Bancorp on or about October 7, 2021, including, but not limited to, Documents regarding whether such contribution was treated as equity or debt on Bancorp's books and records. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Produce all promissory notes, loan agreements, credit agreements, repayment agreements, security agreements, and/or other Documents, if any, evidencing or purporting to evidence any debt, loan, or other repayment obligation of Bancorp to You, if any. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All promissory notes, loan agreements, credit agreements, repayment agreements, security agreements, and/or other Documents, if any, evidencing or purporting to evidence any debt, loan, or other repayment obligation of Bancorp to Toby, if any. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All Documents and/or Communications regarding the Bank Acquisition Plan, including, but not limited to, all drafts, revisions, transmittals, and attachments. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All Documents and/or Communications regarding the Original Application, including, but not limited to, drafts, revisions, exhibits, attachments, any certifications signed or executed by You, and/or any other Documents or Communications regarding the decision to identify the Neugebauers' $7,000,000 capital contribution as a "direct investment in Bancorp." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All Documents and Communications regarding the Subsequent Application, including, but not limited to, drafts, revisions, exhibits, attachments, any certifications signed or executed by You, and/or any other Documents or Communications regarding the decision to identify the Neugebauers' $7,000,000 equity infusion as a "cash capital contribution" in Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All Documents and/or Communications regarding the engagement of Capco by Bancorp, including, but not limited to, the engagement agreement, statements of work, any amendments or change orders, and Your personal involvement with engaging Capco. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All Documents and/or Communications exchanged between You and Capco regarding Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All Documents and/or Communications regarding the Capco Demand. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All Documents and/or Communications regarding Your knowledge of amounts owed by Bancorp to Capco prior to November 30, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All Documents and/or Communications regarding Your knowledge, prior to November 30, 2022, that Bancorp needed to obtain FRB approval to acquire Ganado. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp had not obtained FRB approval. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp had no operating revenue. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp's primary remaining asset was the cash in its bank account. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All Documents and/or Communications regarding the decision to cause, direct, or authorize Bancorp to make the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All Documents regarding the cash balance of Bancorp on November 30, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All Documents regarding the cash balance of Bancorp on December 1, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All Documents and/or Communications regarding the Melissa Transfer, including, but not limited to, wire confirmations, bank records, accounting entries, and/or any other written confirmation or documentation of such same. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Melissa Transfer. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All Documents and/or Communications regarding Your knowledge, prior to November 30, 2022, of Bancorp's financial condition, solvency, liquidity, capital adequacy, and/or ability to pay its debts. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All Documents and Communications relating to the $28,000,000 contingent debt financing from the NFT to Bancorp referenced in paragraph 12 of the Complaint, including any promissory note(s), term sheets, security agreements, or related financing Documents. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** All Documents and/or Communications exchanged between You and any Representative of Bancorp, and/or between You and any accountant, auditor, bookkeeper, tax preparer, or financial advisor, regarding the characterization of and/or basis for the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** All insurance policies (including directors' and officers' liability policies) that may provide coverage to You for any claim asserted in this Adversary Proceeding. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** All Documents and Communications that support Your statement in paragraph 2 of Your Affirmative Defenses that "Defendants are entitled to offset for amounts owed to Defendants by Bancorp." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** All Documents and Communications that support Your statement in paragraph 3 of Your Affirmative Defenses that "Bancorp was not insolvent at the time of the alleged fraudulent transfers." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All Documents and Communications that support Your statement in paragraph 4 of Your Affirmative Defenses that "Any alleged transfers were in payment of a debt incurred by Bancorp in the ordinary course of business or financial affairs of Bancorp and Defendants and were made according to ordinary business terms." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** All Documents and Communications that support Your statement in paragraph 5 of Your Affirmative Defenses that "Plaintiff received reasonably equivalent value for the transfers to Defendants." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** All Documents and Communications that support Your statement in paragraph 6 of Your Affirmative Defenses that "Plaintiff may not avoid the alleged transfers to Defendants pursuant to 11 U.S.C. § 548 or under applicable state law pursuant to 11 U.S.C. § 544 because (a) Bancorp was solvent when the alleged transfers were made or did not become insolvent as a result of the alleged transfers; (b) Bancorp was not engaged or about to engage in business or transactions for which any property remaining with Bancorp was unreasonably small capital; or (c) Bancorp did not intend to incur or did not believe that it would incur debts that would be beyond its ability to pay as such debts matured." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** All Documents and/or Communications that support Your statement in paragraph 8 of Your Affirmative Defenses that "Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefited Bancorp and were affirmed and completed with Bancorp's knowledge, agreement, or acquiescence." If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** All Documents regarding any expert witness whom Defendants intend to call or may call at trial or at any evidentiary hearing in this Adversary Proceeding, including, but not limited to, any expert reports, draft reports, reliance materials, underlying data, methodologies, and engagement letters or compensation agreements. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 39:</u>** The curriculum vitae or resume of each expert witness whom Defendants intend to call or may call at trial, along with a list of all publications authored by such expert in the last ten (10) years and a list of all cases in which such expert has testified as an expert at trial or by deposition in the last four (4) years, as required by Federal Rule of Civil Procedure 26(a)(2)(B). If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 40:</u>** All Documents that Defendants intend to offer or may offer as exhibits at trial or at any evidentiary hearing in this Adversary Proceeding. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 41:</u>** All board minutes, director meeting minutes, written consents of directors or officers, corporate resolutions, or other corporate authorization documents of Bancorp concerning, authorizing, or otherwise relating to the Transfers, including any Documents evidencing the absence of such authorization. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 42:</u>** All financial statements of Bancorp for all periods from Bancorp's formation through the Petition Date, including, but not limited to, balance sheets, income statements, statements of cash flows, statements of changes in equity, and any notes or schedules thereto, whether audited, reviewed, or compiled. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 43:</u>** All federal, state, and local tax returns filed by or on behalf of Bancorp for all tax periods from Bancorp's formation through the Petition Date, together with any supporting schedules, attachments, and workpapers. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST FOR PRODUCTION NO. 44:</u>** All Documents prepared by, received from, or exchanged with any accountant, auditor, bookkeeper, tax preparer, or financial advisor regarding Bancorp's financial condition, solvency, net worth, capital adequacy, or ability to pay its debts, at any time during Bancorp's existence. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>**

**REQUEST FOR PRODUCTION NO. 45:** All Documents and/or Communications regarding Your service, authority, or role as a director, officer, or other authorized representative of Bancorp, including, but not limited to, appointment documents, corporate resolutions, written consents, delegations of authority, and any Documents evidencing or describing actions You took on behalf of Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** All Documents and/or Communications regarding any intercompany accounts, intercompany receivables or payables, or transfers of funds or property between Bancorp and GloriFi or ASL, at any time during Bancorp's existence. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Melissa Transfer, from November 30, 2022, to the present. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** Bank statements, account statements, and wire transfer records for all bank or financial accounts into which any portion of the Transfers — including both the Toby Transfer and the Melissa Transfer — was deposited, from November 30, 2022, through the present. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** All Documents and/or Communications regarding any proof of claim, demand, anticipated claim, or other assertion of a right to payment by the Neugebauer Family Trust against the Debtor or the Estate in the Bankruptcy Case. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** All Documents and/or Communications regarding the potential or anticipated bankruptcy, insolvency, dissolution, or winding down of Bancorp, at any time prior to the Petition Date. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** All Documents and/or Communications regarding amounts owed by Bancorp to any creditor or claimant other than Capco as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence with such creditors. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** Admit that, from May 27, 2021, through the Petition Date, You held a 50% ownership interest in Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that, from May 27, 2021, through the Petition Date, Toby held a 50% ownership interest in Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that You were a director of Bancorp from the date of Bancorp's formation through the Petition Date.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that, on or about October 7, 2021, You provided $3,500,000 to Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that, on or about October 7, 2021, Toby provided $3,500,000 to Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, was not accompanied by a promissory note.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, did not bear interest.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, did not include a maturity date.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, was not accompanied by any repayment obligation on the part of Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Admit that You certified that the Original Application was true, correct, and complete.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Admit that the Original Application identified the $7,000,000 provided by You and Toby to Bancorp as a "direct investment in Bancorp by Toby and Melissa Neugebauer."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Admit that You certified that the Subsequent Application was true, correct, and complete.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Admit that the Subsequent Application classified the $7,000,000 provided by You and Toby to Bancorp as a "cash capital contribution."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Admit that, as of November 30, 2022, You knew that Bancorp had no operating revenue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Admit that You were aware of the Capco Demand prior to November 30, 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Admit that, on or about November 30, 2022, Bancorp transferred $3,500,000 to You (*i.e.*, the Melissa Transfer).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Admit that, on or about November 30, 2022, Bancorp transferred $3,500,000 to Toby (*i.e.*, the Toby Transfer).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Admit that, immediately after the Transfers, Bancorp held no more than $135,825.46 in cash.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Admit that You directed, caused, or authorized Bancorp to make the Melissa Transfer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Admit that the Melissa Transfer was not made pursuant to any written promissory note.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Admit that the Melissa Transfer was not made in exchange for any services or work You performed for Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Admit that the Melissa Transfer was not made in exchange for any asset, property, or other contemporaneous value You provided to Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Admit that You have not returned any portion of the Melissa Transfer to Bancorp or the Estate.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:** Admit that You directed, caused, or authorized Bancorp to make the Toby Transfer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** Admit that the Toby Transfer was not made pursuant to any written promissory note.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Admit that the Toby Transfer was not made in exchange for any services or work that Toby performed for Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Admit that the Toby Transfer was not made in exchange for any asset, property, or other contemporaneous value that Toby provided to Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Admit that Toby has not returned any portion of the Toby Transfer to Bancorp or the Estate.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Admit that You served as a director of Bancorp from the date of Bancorp's formation through the Petition Date.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:** Admit that You were aware of the Capco Demand prior to November 30, 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:** Admit that, as of November 30, 2022, You knew that Bancorp had no operating revenue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Admit that You directed, caused, or authorized Bancorp to make the Melissa Transfer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:** Admit that the $7,000,000 contributed by You and Toby to Bancorp in October 2021 was reflected as equity — not debt — on Bancorp's books and records as of November 30, 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:** Admit that no board resolution, written consent of Bancorp's directors, or other corporate authorization document of Bancorp specifically authorized the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:** Admit that the Transfers were not made pursuant to any formal plan of dissolution or liquidation of Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:** Admit that Bancorp had not obtained approval from the Federal Reserve Board to acquire Ganado as of November 30, 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:** Admit that between June 9, 2022, and November 30, 2022, Bancorp made no payments to Capco on the outstanding invoices totaling $396,904.38.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:** Admit that Bancorp had no operating revenue at any point from its formation through November 30, 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:** Admit that, as of November 30, 2022, Bancorp owed amounts to creditors other than Capco.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:** Admit that Bancorp's remaining cash of $135,825.46 following the Transfers was insufficient to satisfy the outstanding Capco invoices of $396,904.38.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:** Admit that, at no point during Bancorp's existence, was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of Bancorp to repay the $3,500,000 Toby contributed to Bancorp on or about October 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 42:** Admit that, at no point during Bancorp's existence, was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of Bancorp to repay the $3,500,000 You contributed to Bancorp on or about October 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 43:** Admit that, following the Transfers, Bancorp lacked sufficient funds to satisfy its outstanding obligations to its creditors.

**RESPONSE:**

# EXHIBIT G

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 24-50359-cag** |
| **ANIMO BANCORP, INC.,** | § | **Chapter 7** |
| **DEBTOR.** | § | |
| **JOHN PATRICK LOWE, TRUSTEE,** | § | |
| **Plaintiff,** | § | **Adversary No. 26-05011-cag** |
| **v.** | § | |
| **TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,** | § | |
| **Defendants.** | § | |

**DEFENDANT MELISSA NEUGEBAUER'S OBJECTIONS AND RESPOSNES TO TRUSTEE'S FIRST SET OF DISCOVERY**

TO: Trustee, John Patrick Lowe by and through his attorneys of record, Chase J. Potter and John L. Shepherd, IACUONE MCALLISTER POTTER PLLC, Energy Square One, 4925 Greenville Ave., Suite 1112, Dallas, TX 75206.

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36 and Federal Rules of Bankruptcy Procedure 7033, 7044, and 7036, Defendant Melissa Neugebauer ("M. Neugebauer" or "Defendant") hereby serves her Objections and Responses to Trustee John Patrick Lowe ("Trustee")'s First Set of Discovery Requests and reserves the right to supplement or amend these objections and further reserves all other rights she may have under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

Date: July 6, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

/s/ *Trey Crawford*
Trey Crawford
State Bar No. 24059623
tcrawford@cwl.law
Michael J. Lang
State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
State Bar No. 24091423
aohlinger@cwl.law
Gracen Moreno
State Bar No. 24116248
gmoreno@cwl.law
David M. Akere
State Bar No. 24126294
dakere@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

*Counsel for Toby Neugebauer and Melissa Neugebauer*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I served a copy of the foregoing document electronically in accordance with the applicable rules to counsel for Trustee.

/s/ *Trey Crawford*
Trey Crawford

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Global Objections**

1. Defendant objects to the instruction to state "none" "if no responsive documents are being produced." Defendant would only state "none" to the extent that, after a diligent search, no responsive records have been identified and Defendant does not believe any such records exist.

2. Defendant objects to each Request, Interrogatory, and Request for Admission to the extent it seeks information protected by attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

3. Except where a specific objection states otherwise, Defendant is not withholding responsive, non-privileged documents within his possession, custody, or control on the basis of these general objections. *See* Fed. R. Civ. P. 34(b)(2). Defendant will produce responsive documents as kept in the usual course of business and will produce documents on a rolling basis at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 1:** Produce the "financial records" referenced in Defendants' Initial Disclosures. If no responsive documents are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 2:** Produce the "transaction records, including but not limited to, secured convertible promissory notes, consent to assignment, and assignment of note" referenced in Defendants' Initial Disclosures. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 3:** Produce the "public filings" referenced in Defendants' Initial Disclosures. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 4:** Produce all Documents regarding Your service as a director, officer, and/or other authorized representative of Bancorp, including appointment documents, corporate resolutions, written consents, and/or delegations of authority. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 5:** Produce all Documents and/or Communications regarding the October 5, 2021, capital call notice issued by Bancorp to You and Toby, as referenced in paragraph 13 of the Complaint. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents and/or Communications regarding the $3,500,000 You contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 7:** Produce all Documents and/or Communications regarding the $3,500,000 that Toby contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 8:** Produce all Documents and/or Communications regarding the characterization, classification, and/or treatment of the $3,500,000 You provided to Bancorp on or about October 7, 2021, including, but not limited to, Documents regarding whether such contribution was treated as equity or debt on Bancorp's books and records. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 9:** Produce all Documents and/or Communications regarding the characterization, classification, and/or treatment of the $3,500,000 that Toby provided to Bancorp on or about October 7, 2021, including, but not limited to, Documents regarding whether such contribution was treated as equity or debt on Bancorp's books and records. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 10:** Produce all promissory notes, loan agreements, credit agreements, repayment agreements, security agreements, and/or other Documents, if any, evidencing or purporting to evidence any debt, loan, or other repayment obligation of Bancorp to You, if any. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 11:** All promissory notes, loan agreements, credit agreements, repayment agreements, security agreements, and/or other Documents, if any, evidencing or purporting to evidence any debt, loan, or other repayment obligation of Bancorp to Toby, if any. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 12:** All Documents and/or Communications regarding the Bank Acquisition Plan, including, but not limited to, all drafts, revisions, transmittals, and attachments. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 13:** All Documents and/or Communications regarding the Original Application, including, but not limited to, drafts, revisions, exhibits, attachments, any certifications signed or executed by You, and/or any other Documents or Communications regarding the decision to identify the Neugebauers' $7,000,000 capital contribution as a "direct investment in Bancorp." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 14:** All Documents and Communications regarding the Subsequent Application, including, but not limited to, drafts, revisions, exhibits, attachments, any certifications signed or executed by You, and/or any other Documents or Communications regarding the decision to identify the Neugebauers' $7,000,000 equity infusion as a "cash capital contribution" in Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 15:** All Documents and/or Communications regarding the engagement of Capco by Bancorp, including, but not limited to, the engagement agreement, statements of work, any amendments or change orders, and Your personal involvement with engaging Capco. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 16:** All Documents and/or Communications exchanged between You and Capco regarding Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 17:** All Documents and/or Communications regarding the Capco Demand. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 18:** All Documents and/or Communications regarding Your knowledge of amounts owed by Bancorp to Capco prior to November 30, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 19:** All Documents and/or Communications regarding Your knowledge, prior to November 30, 2022, that Bancorp needed to obtain FRB approval to acquire Ganado. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 20:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp had not obtained FRB approval. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 21:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp had no operating revenue. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 22:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp's primary remaining asset was the cash in its bank account. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 23:** All Documents and/or Communications regarding the decision to cause, direct, or authorize Bancorp to make the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 24:** All Documents regarding the cash balance of Bancorp on November 30, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 25:** All Documents regarding the cash balance of Bancorp on December 1, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 26:** All Documents and/or Communications regarding the Melissa Transfer, including, but not limited to, wire confirmations, bank records, accounting entries, and/or any other written confirmation or documentation of such same. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 27:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Melissa Transfer. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 28:** All Documents and/or Communications regarding Your knowledge, prior to November 30, 2022, of Bancorp's financial condition, solvency, liquidity, capital adequacy, and/or ability to pay its debts. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 29:** All Documents and Communications relating to the $28,000,000 contingent debt financing from the NFT to Bancorp referenced in paragraph 12 of the Complaint, including any promissory note(s), term sheets, security agreements, or related financing Documents. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 30:** All Documents and/or Communications exchanged between You and any Representative of Bancorp, and/or between You and any accountant, auditor, bookkeeper, tax preparer, or financial advisor, regarding the characterization of and/or basis for the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 31:** All insurance policies (including directors' and officers' liability policies) that may provide coverage to You for any claim asserted in this Adversary Proceeding. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 32:** All Documents and Communications that support Your statement in paragraph 2 of Your Affirmative Defenses that "Defendants are entitled to offset for amounts owed to Defendants by Bancorp." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 33:** All Documents and Communications that support Your statement in paragraph 3 of Your Affirmative Defenses that "Bancorp was not insolvent at the time of the alleged fraudulent transfers." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 34:** All Documents and Communications that support Your statement in paragraph 4 of Your Affirmative Defenses that "Any alleged transfers were in payment of a debt incurred by Bancorp in the ordinary course of business or financial affairs of Bancorp and Defendants and were made according to ordinary business terms." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 35:** All Documents and Communications that support Your statement in paragraph 5 of Your Affirmative Defenses that "Plaintiff received reasonably equivalent value for the transfers to Defendants." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 36:** All Documents and Communications that support Your statement in paragraph 6 of Your Affirmative Defenses that "Plaintiff may not avoid the alleged transfers to Defendants pursuant to 11 U.S.C. § 548 or under applicable state law pursuant to 11 U.S.C. § 544 because (a) Bancorp was solvent when the alleged transfers were made or did not become insolvent as a result of the alleged transfers; (b) Bancorp was not engaged or about to engage in business or transactions for which any property remaining with Bancorp was

unreasonably small capital; or (c) Bancorp did not intend to incur or did not believe that it would incur debts that would be beyond its ability to pay as such debts matured." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 37:** All Documents and/or Communications that support Your statement in paragraph 8 of Your Affirmative Defenses that "Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefited Bancorp and were affirmed and completed with Bancorp's knowledge, agreement, or acquiescence." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 38:** All Documents regarding any expert witness whom Defendants intend to call or may call at trial or at any evidentiary hearing in this Adversary Proceeding, including, but not limited to, any expert reports, draft reports, reliance materials, underlying data, methodologies, and engagement letters or compensation agreements. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as premature. Defendant will supplement with responsive documents pursuant to the scheduling order.

**REQUEST FOR PRODUCTION NO. 39:** The curriculum vitae or resume of each expert witness whom Defendants intend to call or may call at trial, along with a list of all publications authored by such expert in the last ten (10) years and a list of all cases in which such expert has testified as an expert at trial or by deposition in the last four (4) years, as required by Federal Rule of Civil Procedure 26(a)(2)(B). If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as premature. Defendant will supplement with responsive documents pursuant to the scheduling order.

**REQUEST FOR PRODUCTION NO. 40:** All Documents that Defendants intend to offer or may offer as exhibits at trial or at any evidentiary hearing in this Adversary Proceeding. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as premature. Defendant will supplement with responsive documents pursuant to the scheduling order.

**REQUEST FOR PRODUCTION NO. 41:** All board minutes, director meeting minutes, written consents of directors or officers, corporate resolutions, or other corporate authorization documents of Bancorp concerning, authorizing, or otherwise relating to the Transfers, including any Documents evidencing the absence of such authorization. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to the phrase "corporate authorization documents" as vague and ambiguous. Defendant further objects to the request to produce documents "evidencing the absence of such authorization" as nonsensical.

Subject to and without waiving these objections, Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 42:** All financial statements of Bancorp for all periods from Bancorp's formation through the Petition Date, including, but not limited to, balance sheets, income statements, statements of cash flows, statements of changes in equity, and any notes or schedules thereto, whether audited, reviewed, or compiled. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 43:** All federal, state, and local tax returns filed by or on behalf of Bancorp for all tax periods from Bancorp's formation through the Petition Date, together with any supporting schedules, attachments, and workpapers. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 44:** All Documents prepared by, received from, or exchanged with any accountant, auditor, bookkeeper, tax preparer, or financial advisor regarding Bancorp's financial condition, solvency, net worth, capital adequacy, or ability to pay its debts, at any time during Bancorp's existence. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 45:** All Documents and/or Communications regarding Your service, authority, or role as a director, officer, or other authorized representative of Bancorp, including, but not limited to, appointment documents, corporate resolutions, written consents, delegations of authority, and any Documents evidencing or describing actions You took on behalf of Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None. Defendant had no role with Bancorp.

**REQUEST FOR PRODUCTION NO. 46:** All Documents and/or Communications regarding any intercompany accounts, intercompany receivables or payables, or transfers of funds or property between Bancorp and GloriFi or ASL, at any time during Bancorp's existence. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 47:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Melissa Transfer, from November 30, 2022, to the present. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 48:** Bank statements, account statements, and wire transfer records for all bank or financial accounts into which any portion of the Transfers — including both the Toby Transfer and the Melissa Transfer — was deposited, from November 30, 2022, through the present. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case. Defendant further objects to this request as harassing.

**REQUEST FOR PRODUCTION NO. 49:** All Documents and/or Communications regarding any proof of claim, demand, anticipated claim, or other assertion of a right to payment by the Neugebauer Family Trust against the Debtor or the Estate in the Bankruptcy Case. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 50:** All Documents and/or Communications regarding the potential or anticipated bankruptcy, insolvency, dissolution, or winding down of Bancorp, at any time prior to the Petition Date. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 51:** All Documents and/or Communications regarding amounts owed by Bancorp to any creditor or claimant other than Capco as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence with such creditors. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that, from May 27, 2021, through the Petition Date, You held a 50% ownership interest in Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 2:** Admit that, from May 27, 2021, through the Petition Date, Toby held a 50% ownership interest in Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 3:** Admit that You were a director of Bancorp from the date of Bancorp's formation through the Petition Date.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 4:** Admit that, on or about October 7, 2021, You provided $3,500,000 to Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 5:** Admit that, on or about October 7, 2021, Toby provided $3,500,000 to Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 6:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, was not accompanied by a promissory note.

**RESPONSE:** Admit as to Defendant. Unable to admit or deny otherwise.

**REQUEST FOR ADMISSION NO. 7:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, did not bear interest.

**RESPONSE:** Admit as to Defendant. Unable to admit or deny otherwise.

**REQUEST FOR ADMISSION NO. 8:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, did not include a maturity date.

**RESPONSE:** Admit as to Defendant. Unable to admit or deny otherwise.

**REQUEST FOR ADMISSION NO. 9:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, was not accompanied by any repayment obligation on the part of Bancorp.

**RESPONSE:** Admit as to Defendant. Unable to admit or deny otherwise.

**REQUEST FOR ADMISSION NO. 10:** Admit that You certified that the Original Application was true, correct, and complete.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 11:** Admit that the Original Application identified the $7,000,000 provided by You and Toby to Bancorp as a "direct investment in Bancorp by Toby and Melissa Neugebauer."

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 12:** Admit that You certified that the Subsequent Application was true, correct, and complete.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 13:** Admit that the Subsequent Application classified the $7,000,000 provided by You and Toby to Bancorp as a "cash capital contribution."

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 14:** Admit that, as of November 30, 2022, You knew that Bancorp had no operating revenue.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 15:** Admit that You were aware of the Capco Demand prior to November 30, 2022.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 16:** Admit that, on or about November 30, 2022, Bancorp transferred $3,500,000 to You (*i.e.*, the Melissa Transfer).

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 17:** Admit that, on or about November 30, 2022, Bancorp transferred $3,500,000 to Toby (*i.e.*, the Toby Transfer).

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 18:** Admit that, immediately after the Transfers, Bancorp held no more than $135,825.46 in cash.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 19:** Admit that You directed, caused, or authorized Bancorp to make the Melissa Transfer.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 20:** Admit that the Melissa Transfer was not made pursuant to any written promissory note.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 21:** Admit that the Melissa Transfer was not made in exchange for any services or work You performed for Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 22:** Admit that the Melissa Transfer was not made in exchange for any asset, property, or other contemporaneous value You provided to Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 23:** Admit that You have not returned any portion of the Melissa Transfer to Bancorp or the Estate.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 24:** Admit that You directed, caused, or authorized Bancorp to make the Toby Transfer.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 25:** Admit that the Toby Transfer was not made pursuant to any written promissory note.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 26:** Admit that the Toby Transfer was not made in exchange for any services or work that Toby performed for Bancorp.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 27:** Admit that the Toby Transfer was not made in exchange for any asset, property, or other contemporaneous value that Toby provided to Bancorp.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 28:** Admit that Toby has not returned any portion of the Toby Transfer to Bancorp or the Estate.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 29:** Admit that You served as a director of Bancorp from the date of Bancorp's formation through the Petition Date.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 30:** Admit that You were aware of the Capco Demand prior to November 30, 2022.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 31:** Admit that, as of November 30, 2022, You knew that Bancorp had no operating revenue.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 32:** Admit that You directed, caused, or authorized Bancorp to make the Melissa Transfer.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 33:** Admit that the $7,000,000 contributed by You and Toby to Bancorp in October 2021 was reflected as equity — not debt — on Bancorp's books and records as of November 30, 2022.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 34:** Admit that no board resolution, written consent of Bancorp's directors, or other corporate authorization document of Bancorp specifically authorized the Transfers.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 35:** Admit that the Transfers were not made pursuant to any formal plan of dissolution or liquidation of Bancorp.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 36:** Admit that Bancorp had not obtained approval from the Federal Reserve Board to acquire Ganado as of November 30, 2022.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 37:** Admit that between June 9, 2022, and November 30, 2022, Bancorp made no payments to Capco on the outstanding invoices totaling $396,904.38.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 38:** Admit that Bancorp had no operating revenue at any

point from its formation through November 30, 2022.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 39:** Admit that, as of November 30, 2022, Bancorp owed amounts to creditors other than Capco.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 40:** Admit that Bancorp's remaining cash of $135,825.46 following the Transfers was insufficient to satisfy the outstanding Capco invoices of $396,904.38.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 41:** Admit that, at no point during Bancorp's existence, was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of Bancorp to repay the $3,500,000 Toby contributed to Bancorp on or about October 7, 2021.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 42:** Admit that, at no point during Bancorp's existence, was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of Bancorp to repay the $3,500,000 You contributed to Bancorp on or about October 7, 2021.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 43:** Admit that, following the Transfers, Bancorp lacked sufficient funds to satisfy its outstanding obligations to its creditors.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

# EXHIBIT H

**Chase J. Potter**
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
214.432.1548
potter@imcplaw.com

IACUONE McALLISTER POTTER

July 27, 2026

***Via Email***

Michael Lang
Crawford, Wishnew & Lang PLLC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
mlang@cwl.law

Re: *In re Animo Bancorp, Inc.*, Case No. 24-50359-cag; *John Patrick Lowe, Trustee v. Toby Neugebauer and Melissa Neugebauer*, Adversary No. 26-05011-cag, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division – Deficiencies in Defendant Melissa Neugebauer's Objections and Responses to Trustee's First Set of Discovery Requests

Dear Mr. Lang:

I write on behalf of John Patrick Lowe, the Chapter 7 Trustee (the "Trustee"), regarding the deficiencies in Defendant Melissa Neugebauer's ("Mrs. Neugebauer") Objections and Responses to Trustee's First Set of Discovery Requests to Defendant Melissa Neugebauer, served on July 6, 2026 (the "Responses"), in response to requests the Trustee served on June 5, 2026. We request that Mrs. Neugebauer cure each deficiency, serve complete, amended responses, and produce responsive documents by July 31, 2026. This letter is the Trustee's good-faith effort to resolve these disputes without court intervention.

1. **<u>The "no role with Bancorp" responses are non-responsive and do not comply with Rule 34.</u>**

Mrs. Neugebauer responded to Requests for Production Nos. 1 through 3, 5 through 9, 12 through 17, 19, 23 through 26, 29, 32 through 37, 41 through 42, 44, and 46 with the same sentence:

> *Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.*

This response answers a question the Trustee did not ask. Whatever role Mrs. Neugebauer contends she played at Bancorp does not excuse her obligations under the Federal Rules of Civil Procedure (the "Rules"), incorporated to this adversary proceeding through the Federal Rules of Bankruptcy Procedure. Those obligations turn on whether documents are within her possession,

custody, or control, not on any corporate title. *See* FED. R. CIV. P. 34. Furthermore, even if it were true that Mrs. Neugebauer "had no role with Bancorp," (which in and of itself is a highly suspect contention), that does not preclude Mrs. Neugebauer from having possession, custody, or control over the requested documents. *See, e.g.*, *League of United Latin Am. Citizens v. Abbott*, No. 3:21-CV-00299-DCG-JES-JVB, 2022 WL 1540589, at *1 (W.D. Tex. May 16, 2022) (stating that the definitions of "possession," "custody," and "control" under Rule 34 are broad and include more than actual possession or control of materials). A party claiming it lacks possession, custody, or control must say so explicitly and explain the basis for that claim, so the Court can assess whether a reasonable inquiry was made. *See Finalrod IP, LLC v. John Crane, Inc.*, No. MO:15-CV-00097-DC, 2018 WL 11361726, at *4 (W.D. Tex. May 22, 2018) (quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014)).

Deflecting to documents that Mr. Neugebauer may produce is no substitute: each Defendant must respond independently and completely. FED. R. CIV. P. 34(b)(2)(A). Please serve amended responses that, for each Request: (1) confirm whether responsive documents exist in Mrs. Neugebauer's possession, custody, or control; (2) state whether any are being withheld and, if so, on what basis; and (3) produce all responsive documents.

**2. <u>The "vague and ambiguous" objection to Request for Production No. 41 is improper and the use of "subject to and without waiving" is prohibited.</u>**

Mrs. Neugebauer objects that "corporate authorization documents" is vague and ambiguous. The phrase is not ambiguous by any means. Even if the phrase was ambiguous, a vague and ambiguous objection does not excuse the responding party from providing a substantive answer based on the responding party's current understanding of the request. *See Rodriguez-Meza v. Venegas*, No. 2:17-CV-54–AM–CW, 2020 WL 14100944, at *4 n.7 (W.D. Tex. Mar. 27, 2020); *see also Heller*, 303 F.R.D. at 488.

Additionally, the "subject to and without waiving" formulation preserves no objection and leaves the Trustee unable to tell what, if anything, is being withheld. *See Rodriguez-Meza*, 2020 WL 14100944, at *5; *see also Heller*, 303 F.R.D. at 486-87. Please withdraw the vague and ambiguous objection, remove the "subject to and without waiving" qualifier, and serve an amended response.

**3. <u>The relevance and proportionality objections to Requests for Production Nos. 27, 47, and 48 are improper.</u>**

These requests seek the subsequent transfers, dispositions, and uses of the funds comprising the Melissa Transfer and the Toby Transfer. Mrs. Neugebauer objects that they are "overbroad" and seek information "neither relevant to any claim or defense nor proportional to the needs of the case." However, she provides no explanation, making these objections nothing more than boilerplate. *See Rodriguez-Meza*, 2020 WL 14100944, at *4; *see also Heller*, 303 F.R.D. at 490-91. Where the funds went is direct evidence of the intent to hinder, delay, or defraud creditors and of the recognized badges of fraud. The proportionality of this discovery is plain given the $7,000,000 at issue. Please withdraw the objections and serve amended responses.

Mrs. Neugebauer's "harassing" objection in response to Request for Production No. 48 is also improper boilerplate as it is not specifically explained. *See Rodriguez-Meza*, 2020 WL 14100944, at *4; *see also Heller*, 303 F.R.D. at 490-91. Please remove the objection.

It also appears that responsive documents exist to Requests for Production Nos. 27, 47, and 48 given that Mrs. Neugebauer did not state that she does not have possession, custody, or control of any responsive documents. Given that Mrs. Neugebauer's objections to these Requests for Production are (1) boilerplate and (2) baseless, Mrs. Neugebauer must produce all responsive documents to Requests for Production Nos. 27, 47, and 48.

**4. <u>Mrs. Neugebauer has not stated whether any responsive materials to the Requests for Production are being withheld pursuant to her objections.</u>**

A systemic deficiency throughout Mrs. Neugebauer's objections and responses to the Requests for Production is that she does not state whether responsive materials have been withheld to each individual objection, as required by the Rules. Fed. R. Civ. P. 34(b)(2)(C); *see also Heller*, 303 F.R.D. at 485.

Mrs. Neugebauer's Global Objection No. 3 states that she is not withholding responsive, non-privileged documents within her possession, custody, or control on the basis of "these general objections" except where a specific objection states otherwise. However, not a single objection made by Mrs. Neugebauer states whether she is withholding responsive documents based on her objections (*see*, for example, Mrs. Neugebauer's responses and objections to Requests for Production Nos. 27, 47, and 48, as explained above). The Trustee is unable to determine whether responsive documents have been withheld to the Requests for Production. Mrs. Neugebauer must amend her responses and objections to clarify whether responsive documents have been withheld.

**5. <u>No privilege log has been served.</u>**

Global Objection No. 2 asserts the attorney-client privilege and work-product protection, but no privilege log has been provided. A party withholding documents on privilege grounds must serve a log identifying each document with enough detail to permit the Trustee to assess the claim. FED. R. CIV. P. 26(b)(5)(A). Mrs. Neugebauer must produce a privilege log. Please serve a compliant privilege log identifying the date, author, recipients, subject matter, privilege asserted, and basis for each withheld document, or confirm that nothing is being withheld on privilege grounds.

Trustee requests that Mrs. Neugebauer amend her discovery responses and objections to comply with the Rules. If the Trustee does not receive complete, amended responses and responsive documents curing these deficiencies by July 31, 2026, the Trustee will move to compel and will seek all available relief under Federal Rule of Civil Procedure 37. We remain willing to confer by telephone prior to July 31, 2026 at your convenience. Nothing in this letter waives any of the Trustee's rights, all of which are expressly reserved.

Sincerely,



Chase J. Potter

# EXHIBIT I

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**ANIMO BANCORP, INC.,**<br><br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-cag**<br><br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-cag** |

**<u>TRUSTEE'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT TOBY NEUGEBAUER</u>**

TO: Defendant Toby Neugebauer ("Toby"), by and through his counsel of record, Trey Crawford, Michael J. Lang, Alexandra Ohlinger, Gracen Moreno, and David M. Akere, CRAWFORD, WISHNEW & LANG PLLC, 1700 Pacific Avenue, Suite 2390, Dallas, Texas 75201

Plaintiff John Patrick Lowe, Trustee ("<u>Plaintiff</u>" or "<u>Trustee</u>") hereby serves this Second Set of Discovery Requests on Defendant Toby Neugebauer ("Toby" or "Defendant") in connection with the above-referenced Adversary Proceeding. Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and Rules 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure, Toby is required to provide his responses to the discovery requests set forth herein and produce any responsive documents and/or other materials within thirty (30) days.

Respectfully submitted,

*/s/ Chase J. Potter*

**CHASE J. POTTER**
Texas State Bar No. 24088245
E-Mail: potter@imcplaw.com
**GREG MCALLISTER**
Texas State Bar No.24071191
E-Mail: greg@imcplaw.com
**JOAHUA J. IACUONE**
Texas State Bar No. 24036818
E-Mail: josh@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas State Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**JESSE A. OKIROR**
Texas State Bar No. 24065843
E-Mail: okiror@imcplaw.com
**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**SPECIAL COUNSEL FOR**
**JOHN PATRICK LOWE, TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2026, a true and correct copy of the foregoing document was served in accordance with the applicable Rules to counsel for Toby Neugebauer.

*/s/ Chase J. Potter*
CHASE J. POTTER

## INSTRUCTIONS

1. Requests for Production:

All Documents shall either be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in each request.

You are required to produce all Documents requested within your possession, custody or control. Possession, custody or control includes constructive possession such that the person need not have actual physical possession. As long as the person has the superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody or control.

Responsive Documents and materials shall be produced for inspection and copying at the law offices of Iacuone McAllister Potter, PLLC c/o Chase J. Potter, Energy Square One, 4925 Greenville Ave., Suite 1112, Dallas, Texas 75206. In lieu of producing physical copies, responsive Documents and materials may be produced electronically by sending same to the following e-mail addresses: (1) potter@imcplaw.com and (2) emily@imcplaw.com

Unless expressly stated otherwise, each Request for Production shall be deemed to call for production of copies of the original document or documents, and any attachments or other materials appended thereto.

These Requests for Production are considered continuing and require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure.

If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each such document:

a. Specify the precise nature of the privilege claimed and the request or portion of the request to which the privilege applies;

b. State whether any document has been withheld based on the privilege asserted; and

c. Identify the document in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim (*i.e.*, by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name of the business address of its custodian).

2. Interrogatories:

You must answer the Interrogatories set forth below separately and fully in writing under oath.

These Interrogatories are considered continuing and require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure.

3. Requests for Admission:

You must either admit or deny each Request for Admission set forth below. If a matter is not admitted or denied, the answer must state in detail why it cannot be truthfully admitted or denied. A denial must fairly respond to the substance of the matter and, when good faith requires that an answer be qualified or a request only be partially denied, the answer must specify the part admitted and qualify or deny the rest. Lack of knowledge or information may only be asserted as a reason for failing to admit or deny if the response states that a reasonable inquiry was made and that the information known or that can be readily obtained is insufficient to enable an admission or denial.

4. In construing these requests along with the accompanying definitions and instructions, the plural includes the singular and the singular includes the plural; a masculine, feminine, or neutral shall not exclude the other genders; the words "and" and "or" are both conjunctive and disjunctive so as to require production of all documents responsive to the requests; "any" and "all" mean both "any" and "all"; "each" and "every" mean both "each" and "every;" and "including" means "including without limitation."

5. Unless otherwise specified, the requests set forth herein are limited to the time frame of May 27, 2021, to the present.

## DEFINITIONS

As used in these requests, the following terms should be understood to have the meanings listed below. If a request uses a term not defined herein, the term should be understood to have its ordinary meaning.

1. "Trustee" or "Plaintiff" means John Patrick Lowe, the Trustee in the Bankruptcy Case (as defined herein) and the plaintiff in the Adversary Proceeding (as defined herein).

2. "Toby," "Defendant," "You," or "Your" means Toby Neugebauer, one of the defendants in the Adversary Proceeding (as defined herein) and any of his agents, representatives, attorneys, and/or any other Person acting on his behalf or at his direction.

3. "Melissa" means Melissa Neugebauer, one of the defendants in the Adversary Proceeding (as defined herein) and any of her agents, representatives, attorneys, and/or any other Person acting on her behalf or at her direction.

4. The "Neugebauers" or "Defendants" means Toby and Melissa, collectively.

5. "NFT" means the Neugebauer Family Trust, and any of its trustees, beneficiaries, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

6. "Bancorp," "Animo Bancorp," the "Company," or the "Debtor" means Animo Bancorp, Inc., and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees,

agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

7. "GloriFi," "WPI," or "With Purpose" means With Purpose, Inc., and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

8. "ASL" means Animo Services, LLC, and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

9. "Ganado Bancshares" means Ganado Bancshares, Inc., which owned Citizens (as defined herein), and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

10. "Citizens" means Citizens State Bank, and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

11. "Ganado" means Ganado Bancshares and Citizens, collectively.

12. "Capco" means Capital Markets Company, LLC, and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

13. "Federal Reserve Board" or "FRB" means the Federal Reserve Board.

14. "Bank Acquisition Plan" means the Citizens State Bank Acquisition Business Plan, as referenced in paragraph 15 of the Complaint.

15. "Original Application" means Bancorp's application to the Board of Governors of the Federal Reserve System, as referenced in paragraph 16 of the Complaint.

16. "Subsequent Application" means Bancorp's new application to the Board of Governors of the Federal Reserve System, as referenced in paragraph 17 of the Complaint.

17. "Capco Demand" means the November 14, 2022, letter from Capco to Bancorp, as referenced in paragraph 23 of the Complaint.

18. "Capco Lawsuit" means Cause No. DC-22-17307, which Capco filed against Bancorp on December 16, 2022, in the 14th Judicial District Court of Dallas County, Texas, as referenced in paragraph 23 of the Complaint.

19. "Estate" means the bankruptcy estate of Bancorp.

20. "Transfers" means the transfers of the Debtor's property to the Neugebauers, as set forth in paragraphs 1 and 26 of the Complaint.

21. The "Toby Transfer" means the $3,500,000 transferred from the Debtor to Toby on November 30, 2022.

22. The "Melissa Transfer" means the $3,500,000 transferred from the Debtor to Melissa on November 30, 2022.

23. "Adversary Proceeding" means the Adversary Proceeding pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, under Adv. No. 26-05011-cag, styled *John Patrick Lowe, Trustee, v. Toby Neugebauer and Melissa Neugebauer*.

24. "Bankruptcy Case" means the Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, under Case No. 24-50359-cag, styled *In re: Animo Bancorp, Inc.*

25. "Complaint" means Trustee's Original Complaint, and any amended or supplemental complaints, in the Adversary Proceeding.

26. "Petition Date" means March 5, 2024.

27. "Person" or "Persons" means all individuals and entities including, without limitation, all natural persons, sole proprietorships, organizations, associations, companies, limited liability companies, holding companies, partnerships, joint ventures, affiliates, subsidiaries, parent entities, limited partnerships, corporations, firms, service providers, and/or any other individuals or entities having a separate identification, recognized in law or in fact.

28. "Representative" or "Representatives" means any agent, employee, officer, director, manager, member, board member, executive, trustee, attorney, or any other Person (as defined herein) acting on behalf of (or at the direction of) any of the referenced Persons or entities.

29. "Document" or "Documents" shall have the fullest scope permitted under the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure and includes, but is not limited to, any documents or electronically stored information such as writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations. The term "Document" or "Documents" further includes, but is not limited to, identical or non-identical copies or drafts, regardless of origin or location, and any record of any type or description, whether handwritten, typed, printed, punched, taped, filed, transcribed or otherwise created, regardless of whether it is produced, reproduced or stored on discs, tapes, cards or other computer or electronic devices or electronically compiled or stored information, including electronically stored information such as text messages, emails, and instant messages.

30. "Communication" or "Communications" means any transmission or exchange of information (including the transmission or exchange of any Documents) whether orally, in writing, or otherwise (*e.g.*, through mail), and includes without limitation, any conversation, letter, note, memorandum, intrafirm or intraoffice correspondence, telephone calls, including voicemails, telegraphs, telexes, telecopies, facsimile transmissions, cables, conferences, tape recordings, discussions, electronic transmissions, including but not limited to emails, text messages, and instant messages, or face to face communications.

31. "Identify" means:

(a) when used in reference to an individual, to state his or her full name, his or her present or last known address, his or her e-mail address, his or her telephone number, the full name and present or last known address of his or her employer or business, and his or her position with such employer or business.

(b) when used in reference to a corporation, partnership, unincorporated association, or other entity, to state its full name and its present or last known address.

(c) when used in reference to a document, to state the date, author(s), addressee(s), recipient(s), type of document, and general subject matter of same. If any document was, but is no longer, in your possession or custody or subject to your control, you are instead requested to provide a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

(d) when used in reference to a statement, a representation, a directive or other information, state the date it was made, the location where it was made, the location where it was received (if other than the location where it was made), and its specific content.

32. "Regarding" or "regarding" means directly or indirectly relating to, pertaining to, referring to, concerning, describing, evidencing, depicting, or constituting.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 38:** All Documents regarding any expert witness whom Defendants intend to call or may call at trial or at any evidentiary hearing in this Adversary Proceeding, including, but not limited to, any expert reports, draft reports, reliance materials, underlying data, methodologies, and engagement letters or compensation agreements. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** The curriculum vitae or resume of each expert witness whom Defendants intend to call or may call at trial, along with a list of all publications authored by such expert in the last ten (10) years and a list of all cases in which such expert has testified as an expert at trial or by deposition in the last four (4) years, as required by Federal Rule of Civil Procedure 26(a)(2)(B). If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** All Documents that Defendants intend to offer or may offer as exhibits at trial or at any evidentiary hearing in this Adversary Proceeding. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** All board minutes, director meeting minutes, written consents of directors or officers, corporate resolutions, or other corporate authorization documents of Bancorp concerning, authorizing, or otherwise relating to the Transfers, including any Documents evidencing the absence of such authorization. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** All financial statements of Bancorp for all periods from Bancorp's formation through the Petition Date, including, but not limited to, balance sheets, income statements, statements of cash flows, statements of changes in equity, and any notes or schedules thereto, whether audited, reviewed, or compiled. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** All federal, state, and local tax returns filed by or on behalf of Bancorp for all tax periods from Bancorp's formation through the Petition Date, together with any supporting schedules, attachments, and workpapers. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** All Documents prepared by, received from, or exchanged with any accountant, auditor, bookkeeper, tax preparer, or financial advisor regarding Bancorp's financial condition, solvency, net worth, capital adequacy, or ability to pay its debts, at any time during Bancorp's existence. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** All Documents and/or Communications regarding Melissa's service, authority, or role as a director, officer, or other authorized representative of Bancorp, including, but not limited to, appointment documents, corporate resolutions, written consents, delegations of authority, and any Documents evidencing or describing actions Melissa took on behalf of Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** All Documents and/or Communications regarding any intercompany accounts, intercompany receivables or payables, or transfers of funds or property between Bancorp and GloriFi or ASL, at any time during Bancorp's existence. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Melissa Transfer, from November 30, 2022, to the present. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** Bank statements, account statements, and wire transfer records for all bank or financial accounts into which any portion of the Transfers — including both the Toby Transfer and the Melissa Transfer — was deposited, from November 30, 2022, through the present. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** All Documents and/or Communications regarding any proof of claim, demand, anticipated claim, or other assertion of a right to payment by the Neugebauer Family Trust against the Debtor or the Estate in the Bankruptcy Case. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** All Documents and/or Communications regarding the potential or anticipated bankruptcy, insolvency, dissolution, or winding down of Bancorp, at any time prior to the Petition Date. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** All Documents and/or Communications regarding amounts owed by Bancorp to any creditor or claimant other than Capco as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence with such creditors. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

## INTERROGATORIES

**INTERROGATORY NO. 12:** Identify each expert witness whom Defendants intend to call or may call at trial or at any evidentiary hearing in this Adversary Proceeding, including, for each: (a) full name and professional address; (b) field of expertise; (c) a summary of the opinions such expert is expected to offer; and (d) the factual and documentary bases for such opinions.

**RESPONSE:**

**INTERROGATORY NO. 13:** Identify all persons, other than retained expert witnesses, whom Defendants intend to call or may call as witnesses at trial, and describe the subject matter of each such person's anticipated testimony.

**RESPONSE:**

**INTERROGATORY NO. 14:** Identify each amount or obligation that Defendants contend Bancorp owed to Defendants as of November 30, 2022 (as referenced in paragraph 2 of Your Affirmative Defenses), and for each such amount or obligation state: (a) the nature of the obligation; (b) the date the obligation arose; (c) the dollar amount; (d) the legal or contractual basis for the obligation; and (e) all Documents evidencing or supporting such obligation.

**RESPONSE:**

**INTERROGATORY NO. 15:** Identify all persons or entities to whom Bancorp owed any amount as of November 30, 2022, other than Capco, including for each: (a) the full name and address of the creditor; (b) the amount owed; (c) the date the obligation arose; and (d) the nature of the obligation.

**RESPONSE:**

**INTERROGATORY NO. 16:** Identify all transfers of funds or property between Bancorp and GloriFi or ASL from Bancorp's formation through the Petition Date, and for each transfer state: (a) the date; (b) the amount or description of property transferred; (c) the direction of the transfer (i.e., to or from Bancorp); and (d) the stated purpose or basis for the transfer.

**RESPONSE:**

**INTERROGATORY NO. 17:** Describe in detail every manner in which Defendants contend the Transfers benefited Bancorp, as referenced in paragraph 8 of Your Affirmative Defenses, and identify all Documents that support such contention.

**RESPONSE:**

**INTERROGATORY NO. 18:** Describe in detail the basis for Your contention that the Transfers were made in the "ordinary course of business or financial affairs of Bancorp and Defendants" and "according to ordinary business terms," as stated in paragraph 4 of Your Affirmative Defenses, including: (a) any prior instances in which Bancorp returned equity capital to its shareholders; and (b) any industry custom or practice You contend supports such characterization of the Transfers.

**RESPONSE:**

**INTERROGATORY NO. 19:** Identify the current trustees and beneficiaries of the Neugebauer Family Trust, and describe all transactions and financial arrangements between the Neugebauer Family Trust and Bancorp from Bancorp's formation through the Petition Date, including, for each, the date, amount, nature, and purpose of the transaction.

**RESPONSE:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 29:** Admit that Melissa served as a director of Bancorp from the date of Bancorp's formation through the Petition Date.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:** Admit that Melissa was aware of the Capco Demand prior to November 30, 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:** Admit that, as of November 30, 2022, Melissa knew that Bancorp had no operating revenue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Admit that Melissa directed, caused, or authorized Bancorp to make the Melissa Transfer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:** Admit that the $7,000,000 contributed by You and Melissa to Bancorp in October 2021 was reflected as equity — not debt — on Bancorp's books and records as of November 30, 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:** Admit that no board resolution, written consent of Bancorp's directors, or other corporate authorization document of Bancorp specifically authorized the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:** Admit that the Transfers were not made pursuant to any formal plan of dissolution or liquidation of Bancorp.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:** Admit that Bancorp had not obtained approval from the Federal Reserve Board to acquire Ganado as of November 30, 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:** Admit that between June 9, 2022, and November 30, 2022, Bancorp made no payments to Capco on the outstanding invoices totaling $396,904.38.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:** Admit that Bancorp had no operating revenue at any point from its formation through November 30, 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:** Admit that, as of November 30, 2022, Bancorp owed amounts to creditors other than Capco.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:** Admit that Bancorp's remaining cash of $135,825.46 following the Transfers was insufficient to satisfy the outstanding Capco invoices of $396,904.38.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:** Admit that, at no point during Bancorp's existence, was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of Bancorp to repay the $3,500,000 You contributed to Bancorp on or about October 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 42:** Admit that, at no point during Bancorp's existence, was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of Bancorp to repay the $3,500,000 Melissa contributed to Bancorp on or about October 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 43:** Admit that, following the Transfers, Bancorp lacked sufficient funds to satisfy its outstanding obligations to its creditors.

**RESPONSE:**

# EXHIBIT J

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**ANIMO BANCORP, INC.,**<br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-cag**<br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-cag** |

**DEFENDANT TOBY NEUGEBAUER'S OBJECTIONS AND RESPONSES TO TRUSTEE'S SECOND SET OF DISCOVERY REQUESTS**

TO: Trustee, John Patrick Lowe by and through his attorneys of record, Chase J. Potter and John L. Shepherd, IACUONE MCALLISTER POTTER PLLC, Energy Square One, 4925 Greenville Ave., Suite 1112, Dallas, TX 75206.

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36 and Federal Rules of Bankruptcy Procedure 7033, 7044, and 7036, Defendant Toby Neugebauer ("T. Neugebauer" or "Defendant") hereby serves his Objections and Responses to Trustee John Patrick Lowe ("Trustee")'s Second Set of Discovery Requests and reserves the right to supplement or amend these objections and further reserves all other rights he may have under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

Date: July 6, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

*/s/ Trey Crawford*

Trey Crawford
State Bar No. 24059623
tcrawford@cwl.law
Michael J. Lang
State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
State Bar No. 24091423
aohlinger@cwl.law
Gracen Moreno
State Bar No. 24116248
gmoreno@cwl.law
David M. Akere
State Bar No. 24126294
dakere@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

*Counsel for Toby Neugebauer and Melissa Neugebauer*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I served a copy of the foregoing document electronically in accordance with the applicable rules to counsel for Trustee.

/s/ *Trey Crawford*
Trey Crawford

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### Global Objections

1. Defendant objects to the instruction to state "none" "if no responsive documents are being produced." Defendant would only state "none" to the extent that, after a diligent search, no responsive records have been identified and Defendant does not believe any such records exist.

2. Defendant objects to each Request, Interrogatory, and Request for Admission to the extent it seeks information protected by attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

3. Except where a specific objection states otherwise, Defendant is not withholding responsive, non-privileged documents within his possession, custody, or control on the basis of these general objections. *See* Fed. R. Civ. P. 34(b)(2). Defendant will produce responsive documents as kept in the usual course of business and will produce documents on a rolling basis at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 38:** All Documents regarding any expert witness whom Defendants intend to call or may call at trial or at any evidentiary hearing in this Adversary Proceeding, including, but not limited to, any expert reports, draft reports, reliance materials, underlying data, methodologies, and engagement letters or compensation agreements. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as premature. Defendant will supplement with responsive documents pursuant to the scheduling order.

**REQUEST FOR PRODUCTION NO. 39:** The curriculum vitae or resume of each expert witness whom Defendants intend to call or may call at trial, along with a list of all publications authored by such expert in the last ten (10) years and a list of all cases in which such expert has testified as an expert at trial or by deposition in the last four (4) years, as required by Federal Rule of Civil Procedure 26(a)(2)(B). If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as premature. Defendant will supplement with responsive documents pursuant to the scheduling order.

**REQUEST FOR PRODUCTION NO. 40:** All Documents that Defendants intend to offer or may offer as exhibits at trial or at any evidentiary hearing in this Adversary Proceeding. If no responsive materials are being produced, You must state "none."

**RESPONSE**: Defendant objects to this request as premature. Defendant will supplement with

responsive documents pursuant to the scheduling order.

**REQUEST FOR PRODUCTION NO. 41:** All board minutes, director meeting minutes, written consents of directors or officers, corporate resolutions, or other corporate authorization documents of Bancorp concerning, authorizing, or otherwise relating to the Transfers, including any Documents evidencing the absence of such authorization. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to the phrase "corporate authorization documents" as vague and ambiguous. Defendant further objects to the request to produce documents "evidencing the absence of such authorization" as nonsensical.

Subject to and without waiving these objections, Defendant will produce any responsive documents within his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 42:** All financial statements of Bancorp for all periods from Bancorp's formation through the Petition Date, including, but not limited to, balance sheets, income statements, statements of cash flows, statements of changes in equity, and any notes or schedules thereto, whether audited, reviewed, or compiled. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce any responsive documents within his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 43:** All federal, state, and local tax returns filed by or on behalf of Bancorp for all tax periods from Bancorp's formation through the Petition Date, together with any supporting schedules, attachments, and workpapers. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 44:** All Documents prepared by, received from, or exchanged with any accountant, auditor, bookkeeper, tax preparer, or financial advisor regarding Bancorp's financial condition, solvency, net worth, capital adequacy, or ability to pay its debts, at any time during Bancorp's existence. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce any responsive documents within his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 45:** All Documents and/or Communications regarding Melissa's service, authority, or role as a director, officer, or other authorized representative of Bancorp, including, but not limited to, appointment documents, corporate resolutions, written consents, delegations of authority, and any Documents evidencing or describing actions Melissa

took on behalf of Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce any responsive documents within his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 46:** All Documents and/or Communications regarding any intercompany accounts, intercompany receivables or payables, or transfers of funds or property between Bancorp and GloriFi or ASL, at any time during Bancorp's existence. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant will produce any responsive documents within his possession, custody and control.

**REQUEST FOR PRODUCTION NO. 47:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Melissa Transfer, from November 30, 2022, to the present. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 48:** Bank statements, account statements, and wire transfer records for all bank or financial accounts into which any portion of the Transfers — including both the Toby Transfer and the Melissa Transfer — was deposited, from November 30, 2022, through the present. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case. Defendant further objects to this request as harassing.

**REQUEST FOR PRODUCTION NO. 49:** All Documents and/or Communications regarding any proof of claim, demand, anticipated claim, or other assertion of a right to payment by the Neugebauer Family Trust against the Debtor or the Estate in the Bankruptcy Case. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 50:** All Documents and/or Communications regarding the potential or anticipated bankruptcy, insolvency, dissolution, or winding down of Bancorp, at any time prior to the Petition Date. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 51:** All Documents and/or Communications regarding amounts owed by Bancorp to any creditor or claimant other than Capco as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence with such creditors. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

## INTERROGATORIES

**INTERROGATORY NO. 12:** Identify each expert witness whom Defendants intend to call or may call at trial or at any evidentiary hearing in this Adversary Proceeding, including, for each: (a) full name and professional address; (b) field of expertise; (c) a summary of the opinions such expert is expected to offer; and (d) the factual and documentary bases for such opinions.

**RESPONSE:** Defendant objects to this request as premature. Defendant will supplement with responsive documents pursuant to the scheduling order.

**INTERROGATORY NO. 13:** Identify all persons, other than retained expert witnesses, whom Defendants intend to call or may call as witnesses at trial, and describe the subject matter of each such person's anticipated testimony.

**RESPONSE:** Defendant objects to this request as premature. Defendant will supplement with responsive documents pursuant to the scheduling order.

**INTERROGATORY NO. 14:** Identify each amount or obligation that Defendants contend Bancorp owed to Defendants as of November 30, 2022 (as referenced in paragraph 2 of Your Affirmative Defenses), and for each such amount or obligation state: (a) the nature of the obligation; (b) the date the obligation arose; (c) the dollar amount; (d) the legal or contractual basis for the obligation; and (e) all Documents evidencing or supporting such obligation.

**RESPONSE:** Defendant objects as calling for a narrative answer more suitable for a deposition and calling for Defendant to marshal all his evidence and thus exceeding the scope of Rule 33.

**INTERROGATORY NO. 15:** Identify all persons or entities to whom Bancorp owed any amount as of November 30, 2022, other than Capco, including for each: (a) the full name and address of the creditor; (b) the amount owed; (c) the date the obligation arose; and (d) the nature of the obligation.

**RESPONSE:** Defendant object to this request to the extent it seeks information within the Trustee's possession, custody and control. Bancorp was established to acquire a bank, which never happened. Bancorp was not intended to be an operating entity that incurred debt until the bank was acquired.

Any debt that was incurred was the result of mistake.

**INTERROGATORY NO. 16:** Identify all transfers of funds or property between Bancorp and GloriFi or ASL from Bancorp's formation through the Petition Date, and for each transfer state: (a) the date; (b) the amount or description of property transferred; (c) the direction of the transfer (i.e., to or from Bancorp); and (d) the stated purpose or basis for the transfer.

**RESPONSE:** Defendant objects to this Request as irrelevant and overbroad as it seeks information that does not go to the claims and defense in this case.

**INTERROGATORY NO. 17:** Describe in detail every manner in which Defendants contend the Transfers benefited Bancorp, as referenced in paragraph 8 of Your Affirmative Defenses, and identify all Documents that support such contention.

**RESPONSE:** Defendant objects as calling for a narrative answer more suitable for a deposition and calling for Defendant to marshal all his evidence and thus exceeding the scope of Rule 33.

**INTERROGATORY NO. 18:** Describe in detail the basis for Your contention that the Transfers were made in the "ordinary course of business or financial affairs of Bancorp and Defendants" and "according to ordinary business terms," as stated in paragraph 4 of Your Affirmative Defenses, including: (a) any prior instances in which Bancorp returned equity capital to its shareholders; and (b) any industry custom or practice You contend supports such characterization of the Transfers.

**RESPONSE:** Defendant objects as calling for a narrative answer more suitable for a deposition and calling for Defendant to marshal all his evidence and thus exceeding the scope of Rule 33.

**INTERROGATORY NO. 19:** Identify the current trustees and beneficiaries of the Neugebauer Family Trust, and describe all transactions and financial arrangements between the Neugebauer Family Trust and Bancorp from Bancorp's formation through the Petition Date, including, for each, the date, amount, nature, and purpose of the transaction.

**RESPONSE:** Defendant objects to this request as irrelevant to any issue asserted in the Trustee's Complaint or any defenses to same.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 29:** Admit that Melissa served as a director of Bancorp from the date of Bancorp's formation through the Petition Date.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 30:** Admit that Melissa was aware of the Capco Demand prior to November 30, 2022.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 31:** Admit that, as of November 30, 2022, Melissa knew

that Bancorp had no operating revenue.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 32:** Admit that Melissa directed, caused, or authorized Bancorp to make the Melissa Transfer.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 33:** Admit that the $7,000,000 contributed by You and Melissa to Bancorp in October 2021 was reflected as equity — not debt — on Bancorp's books and records as of November 30, 2022.

**RESPONSE:** Defendant objects to "books and records" as vague and ambiguous, as the request does not identify any specific documents. However, Defendant admits that some documents reflect the $3.5 million contribution as equity.

**REQUEST FOR ADMISSION NO. 34:** Admit that no board resolution, written consent of Bancorp's directors, or other corporate authorization document of Bancorp specifically authorized the Transfers.

**RESPONSE:** Defendant objects to the phrase "corporate authorization document" as vague and ambiguous, Defendant admits that there was no written consent of the board or board resolutions specifically authorizing the Transfers, otherwise denied.

**REQUEST FOR ADMISSION NO. 35:** Admit that the Transfers were not made pursuant to any formal plan of dissolution or liquidation of Bancorp.

**RESPONSE:** Defendant objects to the phrase "any formal plan of dissolution or liquidation of Bancorp" as vague and ambiguous. As a result, Defendant denies.

**REQUEST FOR ADMISSION NO. 36:** Admit that Bancorp had not obtained approval from the Federal Reserve Board to acquire Ganado as of November 30, 2022.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 37:** Admit that between June 9, 2022, and November 30, 2022, Bancorp made no payments to Capco on the outstanding invoices totaling $396,904.38.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 38:** Admit that Bancorp had no operating revenue at any point from its formation through November 30, 2022.

**<u>RESPONSE:</u>** Admit.

**<u>REQUEST FOR ADMISSION NO. 39:</u>** Admit that, as of November 30, 2022, Bancorp owed amounts to creditors other than Capco.

**<u>RESPONSE:</u>** Denied.

**<u>REQUEST FOR ADMISSION NO. 40:</u>** Admit that Bancorp's remaining cash of $135,825.46 following the Transfers was insufficient to satisfy the outstanding Capco invoices of $396,904.38.

**<u>RESPONSE:</u>** Defendant admits that a cash balance of $135,825.46 is less than $396,904.38.

**<u>REQUEST FOR ADMISSION NO. 41:</u>** Admit that, at no point during Bancorp's existence, was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of Bancorp to repay the $3,500,000 You contributed to Bancorp on or about October 7, 2021.

**<u>RESPONSE:</u>** Admit.

**<u>REQUEST FOR ADMISSION NO. 42:</u>** Admit that, at no point during Bancorp's existence, was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of Bancorp to repay the $3,500,000 Melissa contributed to Bancorp on or about October 7, 2021.

**<u>RESPONSE:</u>** Admit.

**<u>REQUEST FOR ADMISSION NO. 43:</u>** Admit that, following the Transfers, Bancorp lacked sufficient funds to satisfy its outstanding obligations to its creditors.

**<u>RESPONSE:</u>** Defendant admits that the remaining cash balance of $135,825.46 is less than the claims filed in the bankruptcy.

# EXHIBIT K

**Chase J. Potter**
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
214.432.1548
potter@imcplaw.com

IACUONE McALLISTER POTTER

July 27, 2026

***Via Email***

Michael Lang
Crawford, Wishnew & Lang PLLC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
mlang@cwl.law

Re: *In re Animo Bancorp, Inc.*, Case No. 24-50359-cag; *John Patrick Lowe, Trustee v. Toby Neugebauer and Melissa Neugebauer*, Adversary No. 26-05011-cag, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division – Deficiencies in Defendant Toby Neugebauer's Objections and Responses to Trustee's Second Set of Discovery Requests

Dear Mr. Lang:

I write on behalf of John Patrick Lowe, the Chapter 7 Trustee (the "Trustee"), regarding the deficiencies in Defendant Toby Neugebauer's ("Mr. Neugebauer") Objections and Responses to Trustee's Second Set of Discovery Requests to Defendant Toby Neugebauer, served on July 6, 2026 (the "Responses"), in response to requests the Trustee served on June 5, 2026. We request that Mr. Neugebauer cure each deficiency and serve complete, amended responses, with the documents he has promised to produce, by July 31. This letter is the Trustee's good-faith effort to resolve these disputes without court intervention.

**1. The "will produce" responses repeat a defect present in Mr. Neugebauer's Objections and Responses to Trustee's First Set of Discovery *and were previously addressed in the Trustee's first discovery deficiency letter.***

Mr. Neugebauer responded to Request for Production Nos. 41, 42, 44, 45, and 46 by stating that he "will produce any responsive documents within his possession, custody and control," with no completion date and no statement of whether anything is being withheld. The Trustee's June 26, 2026, letter identified this precise deficiency in Mr. Neugebauer's Objections and Responses to Trustee's First Set of Discovery.

The Federal Rules of Civil Procedure (the "Rules"), incorporated to this adversary proceeding through the Federal Rules of Bankruptcy Procedure, require a responding party to produce responsive documents no later than the time stated in the request or another reasonable time identified in the response, and to state whether any responsive materials are being withheld

on the basis of an objection. *See* FED. R. CIV. P. 34(b)(2)(B) and (C). A promise to produce at some unspecified future time, with no completion date and no statement of whether anything is withheld, satisfies none of these requirements. *See id.; see also Rodriguez-Meza v. Venegas*, No. 2:17-CV-54–AM–CW, 2020 WL 14100944, at *4 (W.D. Tex. Mar. 27, 2020). Accordingly, Mr. Neugebauer has failed to comply with his obligations under the Rules. Please serve amended responses that comply with the Rules and in doing so: 1) confirm whether any responsive documents are being withheld; 2) if so, on what basis; and 3) produce all responsive documents.

**2. The "vague and ambiguous" objection to Request for Production No. 41 is improper and the use of "subject to and without waiving" is prohibited.**

Mr. Neugebauer objects that "corporate authorization documents" is vague and ambiguous. The phrase is not ambiguous. Even if the phrase was ambiguous, a vague and ambiguous objection does not excuse the responding party from providing a substantive answer based on the responding party's current understanding of the request. *See Rodriguez-Meza v. Venegas*, No. 2:17-CV-54–AM–CW, 2020 WL 14100944, at *4 n.7 (W.D. Tex. Mar. 27, 2020); *see also Heller*, 303 F.R.D. at 488.

Additionally, the "subject to and without waiving" formulation preserves no objection and leaves the Trustee unable to tell what, if anything, is being withheld. *See Rodriguez-Meza*, 2020 WL 14100944, at *5; *see also Heller*, 303 F.R.D. at 486-87. Please withdraw the vague and ambiguous objection, remove the "subject to and without waiving" qualifier, and serve an amended response.

**3. The relevance and proportionality objections to Requests for Production Nos. 47 and 48 are improper.**

These requests seek the subsequent transfers, dispositions, and uses of the funds comprising the Toby Transfer and Melissa Transfer. Mr. Neugebauer objects that they are "overbroad" and seek information "neither relevant to any claim or defense nor proportional to the needs of the case." However, he provides no explanation, making these objections nothing more than boilerplate. *See Rodriguez-Meza*, 2020 WL 14100944, at *4; *see also Heller*, 303 F.R.D. at 490-91. Where the funds went is direct evidence of the intent to hinder, delay, or defraud creditors and of the badges of fraud. The proportionality of this discovery is plain given the $7,000,000 at issue. Please withdraw the objections and serve amended responses.

Mr. Neugebauer's "harassing" objection in response to Request for Production No. 48 is also improper boilerplate as it is not specifically explained. *See Rodriguez-Meza*, 2020 WL 14100944, at *4; *see also Heller*, 303 F.R.D. at 490-91. Please remove the objection.

**4. The refusal to answer Interrogatories Nos. 14, 17, and 18 is invalid.**

Interrogatories Nos. 14, 17, and 18 ask Mr. Neugebauer to disclose the factual bases for the affirmative defenses Defendants themselves pleaded. Mr. Neugebauer refused to answer each one, objecting that they call for "a narrative answer more suitable for a deposition" and require him to "marshal all his evidence." These objections are improper.

As addressed in the June 26, 2026, letter, absent a court order or a binding stipulation between parties, Federal Rule of Civil Procedure 26(d) allows a party to conduct discovery in any

sequence. *See*, *e.g.*, *Heller*, 303 F.R.D. at 493. Interrogatories Nos. 14, 17, and 18 do not require Mr. Neugebauer to marshal all his trial evidence before it has been gathered, but he is required to provide the Trustee with the facts and documents currently supporting his defenses. *See Carrizal v. Tex. - Health & Human Services Comm'n*, No. EP-23-CV-00343-DCG, 2025 WL 2648256, at *6 (W.D. Tex. Sept. 8, 2025). Mr. Neugebauer's boilerplate objections cannot shield him from providing substantive responses.

Furthermore, Interrogatories Nos. 14, 17, and 18 are proper contention interrogatories and are expressly permitted under the Rules: "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." FED. R. CIV. P. 33(a)(2); *see also Innovative Commc'ns Sys., Inc. v. Innovative Computing Sys., Inc.*, No. A-13-CV-1044-LY, 2014 WL 3535716, at *2 (W.D. Tex. July 16, 2014). Please serve complete, substantive answers to Interrogatories Nos. 14, 17, and 18.

**5. <u>The objection and non-answer to Interrogatory No. 15 are improper.</u>**

Interrogatory No. 15 asks Mr. Neugebauer to identify Bancorp's creditors, other than Capco, as of November 30, 2022. After a qualified objection which does not say what, if anything, is actually being withheld on that basis, Mr. Neugebauer provides a narrative that identifies no creditor, no amount, and no date, offering only that Bancorp was not intended to incur debt and that "[a]ny debt that was incurred was the result of mistake."

Mr. Neugebauer answered a question the Trustee did not ask. Interrogatory No. 15 asks who Bancorp's other creditors were, not why any debt arose. His own answer, that "[a]ny debt that was incurred was the result of mistake," concedes that debt to someone other than Capco existed. Accordingly, Mr. Neugebauer must now answer the question actually asked: identify other creditors, the amounts owed, the dates the obligations arose, and their nature. Please serve a complete, substantive answer to Interrogatory No. 15.

**6. <u>The overbroad and relevance objections to Interrogatories Nos. 16 and 19 are improper.</u>**

Mr. Neugebauer refused to answer Interrogatory No. 16 (seeking the identity of all transfers of funds or property between Bancorp and GloriFi or ASL) and Interrogatory No. 19 (seeking the identity of the current trustees and beneficiaries of the Neugebauer Family Trust). He objects only that Interrogatory No. 16 is irrelevant and overbroad and not related to the claims and defenses in the case and that Interrogatory No. 19 is irrelevant to any issue asserted in the Trustee's Complaint or any defenses to same. However, he provides no explanation, making these objections nothing more than boilerplate. *See Rodriguez-Meza*, 2020 WL 14100944, at *4; *see also Heller*, 303 F.R.D. at 490-91. Please withdraw the objections and serve amended answers.

**7. <u>Mr. Neugebauer's Document Production Is Deficient.</u>**

Mr. Neugebauer's production is deficient in both form and substance, and Mr. Neugebauer must supplement. As to form, Mr. Neugebauer did not produce his documents in native format. The production consists of 41 static, Bates-stamped PDFs, unaccompanied by any load file, metadata, or field-level data. This is so even though the documents' own properties confirm that

the originals were native electronic files, including PowerPoint presentations, Word documents, and at least one Outlook email, all of which were converted to images for production.

Federal Rule of Civil Procedure 34(b)(2)(E) requires Mr. Neugebauer to produce electronically stored information in the form in which it is ordinarily maintained or in a reasonably usable form and to preserve associated metadata. Flattening native files (and the emails, spreadsheets, and accounting records among them) into images strips that information and is not a reasonably usable form.

As to substance, the production omits the single most basic category of documents in this case, namely the bank and transaction records evidencing the November 30, 2022 Transfers. Mr. Neugebauer represented that he would produce documents responsive to Request for Production Nos. 24, 25, and 26, which sought the cash balance of Bancorp on November 30 and December 1, 2022, and all records of the Mr. Neugebauer Transfer, including wire confirmations, bank records, and accounting entries. Yet the production contains no such records.

**8. <u>No privilege log has been served.</u>**

As explained in the Trustee's June 26, 2026 letter, no privilege log accompanied Mr. Neugebauer's Objections and Responses to Trustee's First Set of Discovery. The same is true here. Global Objection No. 2 to the Second Set again reserves attorney-client privilege and work-product protection. A party withholding documents on privilege grounds must serve a log identifying each document with enough detail to permit the Trustee to assess the claim. FED. R. CIV. P. 26(b)(5)(A). Yet no privilege log has been provided to date. Please serve a compliant privilege log or confirm that nothing is being withheld on privilege grounds.

Trustee requests that Mr. Neugebauer amend his discovery responses and objections to comply with the Rules and supplement his deficient production. If the Trustee does not receive complete, amended responses and supplemental production curing these deficiencies by July 31, 2026, the Trustee will move to compel and will seek all available relief under Federal Rule of Civil Procedure 37. We remain willing to confer prior to July 31, 2026 by telephone at your convenience. Nothing in this letter waives any of the Trustee's rights, all of which are expressly reserved.

Sincerely,

Chase J. Potter