**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**ANIMO BANCORP, INC.,**<br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-alt**<br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-alt** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendants Toby and Melissa Neugebauer respond to Plaintiff John Patrick Lowe, Trustee's Motion to Compel Discovery and respectfully state the following:

## I. INTRODUCTION

As pled, this is a straightforward fraudulent-transfer case arising from a single transaction: on November 30, 2022, Bancorp transferred a total of $7 million—$3.5 million to Toby Neugebauer and $3.5 million to Melissa Neugebauer—after the Neugebauers had contributed the same $7 million to Bancorp. *See* ECF No. 1. The Plaintiff pleads five substantive

avoidance counts under 11 U.S.C. § 548 and the Texas Uniform Fraudulent Transfer Act ("TUFTA"), all arising from those same November 30, 2022 transfers.[1]

Despite the apparent simplicity, the Plaintiff has propounded 142 requests for production, 42 interrogatories, and 130 requests for admission across seven sets of discovery served on two individual defendants. The Plaintiff already has Bancorp's bank records as custodian of the estate. The Plaintiff has already used those bank records to prepare a lengthy expert report to prove up this case. There is no practical reason to litigate these discovery issues with trial in October. *See* ECF No. 34.

Four days after new counsel appeared on this case, the Plaintiff filed the Motion to Compel without meaningfully conferring. And rather than focus discovery on the elements actually in dispute—or resolve this issue outside of motion practice—the Plaintiff has pursued broad and duplicative requests that reach far beyond the transfers, and a motion to compel to boot. This approach imposes substantial burden on the bankruptcy estate without a corresponding benefit and diverts the parties from preparing the merits for trial. Defendants respectfully request that the Court enforce Rule 26's proportionality limits and deny relief that would expand this single-transaction case into an open-ended inquiry into Bancorp's entire business history.

## II. <u>BACKGROUND</u>

Defendants' current counsel, Tillotson Patton, entered an appearance less than a month ago. *See* ECF No. 19. Since taking over, counsel has diligently reconstructed the discovery record, reviewed the requests served to date, and worked to understand what discovery had

[1] Notably, under the "fee sharing" agreement in the underlying bankruptcy, any funds recovered in this case in excess of the creditors' claims go to a private corporation – not the estate itself. Defendants respectfully submit that the private beneficiaries of these adversary cases are driving disproportionate litigation costs to the disadvantage of creditors and this court.

already occurred. Those efforts were initially hampered because counsel did not receive access to the prior discovery requests until September 3, 2026.

Counsel immediately sought to resolve the dispute cooperatively. Defendants proactively searched for responsive documents, ran search terms, and on September 4 produced 80 responsive, non-privileged documents totaling 977 pages. The production was made in the agreed-upon ESI format. Defendants continue to search and have not withheld relevant, non-privileged documents. Despite these efforts—and rather than allowing new counsel a reasonable opportunity to complete the process—the Plaintiff filed this Motion.

## III. LEGAL STANDARD

Federal Rules of Civil Procedure 26 and 37 apply in this adversary proceeding through Federal Rules of Bankruptcy Procedure 7026 and 7037. Rule 26(b)(1) permits discovery of nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Relevance alone is not enough; discovery must remain within the limits of proportionality. Proportionality requires consideration of six factors: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

A court must limit the frequency or extent of discovery otherwise allowed if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

26(b)(2)(C). *Crawford v. Bleeden*, No. 3:21-CV-2181-X-BK, 2023 U.S. Dist. LEXIS 239440, at *7 (N.D. Tex. 2023). Further, under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id.*

Courts have "substantial discretion" and may deny a motion to compel if discovery is disproportionate. *Langley v. IBM*, No. A-18-CV-443-LY, 2019 U.S. Dist. LEXIS 160581, at *5 (W.D. Tex. 2019).

## IV. <u>ARGUMENT</u>

### A. Plaintiff's discovery requests are disproportionate to the needs of this case.

Rule 26(b)(1)'s six proportionality factors all weigh against the breadth of the Plaintiff's discovery. The Plaintiff served seven sets of discovery to two individuals totaling 142 requests for production, 42 interrogatories, and 130 requests for admission—more than 300 individual requests directed to a single November 30, 2022 transaction. That volume is not justified by the pleadings, the evidence already available to the Trustee, or the needs of a case set for trial in October.

First, the importance of the issues at stake does not justify the breadth of the requests. The case concerns whether the two November 30, 2022 payments—$3.5 million to each Defendant—were fraudulent transfers under § 548 and TUFTA. The issues are significant because the Trustee seeks a $7 million recovery, but they are narrow: they involve the parties' intent, whether Bancorp received value, and Bancorp's financial condition at the time of the transfers. Those issues call for focused merits discovery, not unrestricted inquiry into every aspect of Bancorp's history, operations, or relationships.

Second, the parties' relative access to information strongly favors limiting discovery. As Bancorp's Chapter 7 Trustee and custodian of the estate, Plaintiff has access to Bancorp's corporate records, bank statements, financial packages, accounting records, books, and other estate files. The Plaintiff already has the bank records reflecting the transfers and has hired an expert who compiled a lengthy report using those records. Requiring Defendants to recreate or re-produce information already in the estate's possession has little incremental value.

Third, the importance of the proposed discovery in resolving the issues is limited. Requests about Bancorp's general business operations, the Bank Acquisition Plan, unrelated corporate records, or every account Bancorp ever held are not targeted to the elements of the November 30 transfers. The likely benefit of such requests to resolving the actual dispute is marginal.

Fourth, the burden and expense of the proposed discovery substantially outweigh its likely benefit. Seven sets of discovery, directed to two individual defendants and totaling 142 requests for production, 42 interrogatories, and 130 requests for admission, impose a grossly disproportionate collection, review, and response burden in a case involving one transaction. The burden is particularly acute where the requests use sweeping formulations and seek information already held by the Plaintiff. The Court should deny or substantially limit such requests rather than compel an exercise that will add cost without materially advancing trial preparation.

The breadth of the requests confirms that they are being used as a fishing expedition. The requests seek tangential evidence of alleged wrongdoing unrelated to whether the November 30 transfers were fraudulent.

Several requests illustrate the problem. RFP 12 seeks "All Documents and/or Communications regarding the Bank Acquisition Plan," without a meaningful limitation.

Information about the Bank Acquisition Plan, standing alone, does not make any claim or defense concerning the November 30 transfers more or less likely. RFP 64 seeks "All bank statements…for every bank or financial account held in Bancorp's name," even though the Plaintiff, as custodian of Bancorp's estate, already has those statements. RFPs 38 and 39 seek "All Documents regarding any expert witness" and each expert's curriculum vitae or resume, while RFP 40 seeks "All Documents that Defendants intend to offer or may offer as exhibits at trial." Those requests duplicate disclosures governed by the Scheduling Order.

Discovery was to be completed by July 6, 2026. The Plaintiff has nevertheless continued to pile additional requests onto an already overburdened process while trial preparations were underway, and then filed a motion to compel responses **four days** after new counsel appeared without meaningfully conferring. The Motion should be denied on those facts alone.

**B. Defendants have acted in good faith and are producing responsive information.**

Despite the overbreadth of the discovery, Defendants have acted in complete good faith since appearing. Counsel reviewed all prior discovery requests once counsel obtained access, organized the issues, developed search terms, and asked Defendants to run those terms across their sources. Defendants did so and produced 80 responsive, non-privileged documents totaling 977 pages. The production was made in the agreed-upon ESI format and reflects a meaningful effort to move the case forward. Defendants continue to evaluate and supplement the production as appropriate. If the continuing search identifies privileged documents, Defendants will provide a privilege log identifying the documents and the basis for withholding them. Defendants will supplement as appropriate and continue to confer in good faith regarding any genuinely disputed issue.

Plaintiff's impatience is not a basis for relief under Rule 37. The Motion predates the review, search, and production efforts undertaken by current counsel. Given the change in counsel, the volume and scope of the requests, and Defendants' documented production, there is no basis to compel. The Defendants should be permitted to complete the discovery process without diverting further estate resources from preparing for the trial.

C. **The Motion to Compel should be denied as to the Third and Fourth Sets of Discovery because they were served after the discovery deadline.**

The original Scheduling Order set July 6, 2026 as the deadline for completing discovery. ECF No. 6. The July 1, 2026 modification extended the dispositive-motion deadline and reset docket call, but it did not extend the discovery deadline. ECF No. 11. The Plaintiff served the Third and Fourth Sets of Discovery on August 7, 2026—approximately one month after the discovery period expired.

That timing is dispositive. Paragraph 12(d) of the Scheduling Order requires discovery to be commenced at a time that allows the full response time provided by the applicable rules to run on or before the discovery deadline. ECF No. 6 at ¶ 12(d). Discovery served after the deadline is untimely, and a party may not enlarge the Court's schedule unilaterally by serving new requests after the period has closed and then seeking Rule 37 relief.

The Court should therefore deny the Motion as to every request in the Third and Fourth Sets. At a minimum, the Trustee would have to show good cause to modify the Scheduling Order before seeking to compel responses to untimely discovery, and the Motion does not supply a basis for that extraordinary relief. The untimeliness is especially significant here because the requests add substantial volume and breadth while the parties are preparing for the October 26 docket call.

D. **The specific issues in the Motion to Compel are immaterial.**

The Plaintiff's specific objections in the Motion to Compel do not move the needle of this discovery dispute. It is notable that the Motion to Compel does not look to specific requests needed by the Plaintiff. During conferrals with the Plaintiff, they could not identify specific documents that were missing. The reason is simple – this is a fraudulent transfer case and Plaintiff is already the custodian of all relevant banking and financial records.

The Plaintiff's complaints are as follows: First, the Plaintiff complains that previous counsel's objections were boilerplate. However, Defendants are not withholding documents on the basis of those objections. Second, the Plaintiff complains that previous counsel's objections fail to state whether documents were withheld. However, current counsel is producing relevant documents and not withholding any on the basis of any objections. Third, the Plaintiff asks this court to order that "Melissa has possession, custody, or control over responsive documents." But ordering that a responsive document exists does not make it so. And current counsel is performing a diligent search for responsive documents. There is no reason to make such an order. Fourth, the Plaintiff states that a privilege log was withheld. Defendants have performed a diligent search for a privilege log and have not found any. Defendants will produce a privilege log to the extent they withhold documents on the basis of privilege. Finally, the Plaintiff complains that the Defendants omit bank records. Defendants have produced bank records in their most recent production and will continue to search for more.

Because the Motion to Compel is not reasonably specific and does not take into account the subsequent search efforts of counsel, it should be denied.

E. **The Court should deny the request for sanctions or fees.**

The Plaintiff's proposed order also seeks compliance within ten days. That deadline is unreasonable in light of the volume of requests, the need to review and preserve privilege, the

ESI format at issue, the transition to current counsel, and the approaching trial. A ten-day deadline would force hurried review of hundreds of requests and documents, increase the risk of inadvertent production of privileged material, and impose burden far beyond any likely benefit.

Any request for fees or expenses should likewise be denied. Defendants have acted in good faith: counsel promptly reviewed the discovery, developed and ran Plaintiff's requested search terms, produced 80 responsive non-privileged documents totaling 977 pages, used the agreed ESI format, and continues to search. Any failure to provide a complete response to every request was substantially justified by the change in counsel, the delayed access to the prior requests, the disproportionate scope of the discovery, and the untimeliness of the Third and Fourth Sets.

Rule 37(a)(5)(A) directs that expenses must not be awarded when the nondisclosure or response was substantially justified or when other circumstances make an award of expenses unjust. Both conditions are present. An award would penalize Defendants for asserting legitimate proportionality and scheduling objections while they were working to complete a reasonable production, and would be inconsistent with the Court's direction that the parties attempt to resolve discovery disputes by agreement.

## V. CONCLUSION

For these reasons, Defendants respectfully request that the Court: (1) deny the Motion to Compel in its entirety; (2) limit any remaining discovery to requests that are relevant and proportional to the needs of this case and that comply with the Scheduling Order; and (3) deny any request for sanctions, expenses, or attorneys' fees. Defendants further request all other relief to which they may be entitled.

Date: September 11, 2026

Respectfully submitted,

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Enrique Ramirez
Texas Bar No. 24122158
eramirez@tillotsonlaw.com
Ian Miller
Texas Bar No. 24149222
imiller@tillotsonlaw.com

**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR DEFENDANTS TOBY NEUGEBAUER AND MELISSA NEUGEBAUER**

## CERTIFICATE OF SERVICE

I certify that on September 11, 2026, a true and correct copy of the foregoing document was served electronically.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson