# EXHIBIT 3

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**ANIMO BANCORP, INC.,**<br><br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-cag**<br><br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-cag** |

**DEFENDANT MELISSA NEUGEBAUER'S OBJECTIONS AND RESPOSNES TO TRUSTEE'S FIRST SET OF DISCOVERY**

TO: Trustee, John Patrick Lowe by and through his attorneys of record, Chase J. Potter and John L. Shepherd, IACUONE MCALLISTER POTTER PLLC, Energy Square One, 4925 Greenville Ave., Suite 1112, Dallas, TX 75206.

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36 and Federal Rules of Bankruptcy Procedure 7033, 7044, and 7036, Defendant Melissa Neugebauer ("M. Neugebauer" or "Defendant") hereby serves her Objections and Responses to Trustee John Patrick Lowe ("Trustee")'s First Set of Discovery Requests and reserves the right to supplement or amend these objections and further reserves all other rights she may have under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

Date: July 6, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

/s/ *Trey Crawford*
Trey Crawford
State Bar No. 24059623
tcrawford@cwl.law
Michael J. Lang
State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
State Bar No. 24091423
aohlinger@cwl.law
Gracen Moreno
State Bar No. 24116248
gmoreno@cwl.law
David M. Akere
State Bar No. 24126294
dakere@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

*Counsel for Toby Neugebauer and Melissa Neugebauer*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, I served a copy of the foregoing document electronically in accordance with the applicable rules to counsel for Trustee.

/s/ *Trey Crawford*
Trey Crawford

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**Global Objections**

1. Defendant objects to the instruction to state "none" "if no responsive documents are being produced." Defendant would only state "none" to the extent that, after a diligent search, no responsive records have been identified and Defendant does not believe any such records exist.

2. Defendant objects to each Request, Interrogatory, and Request for Admission to the extent it seeks information protected by attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

3. Except where a specific objection states otherwise, Defendant is not withholding responsive, non-privileged documents within his possession, custody, or control on the basis of these general objections. *See* Fed. R. Civ. P. 34(b)(2). Defendant will produce responsive documents as kept in the usual course of business and will produce documents on a rolling basis at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 1:** Produce the "financial records" referenced in Defendants' Initial Disclosures. If no responsive documents are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 2:** Produce the "transaction records, including but not limited to, secured convertible promissory notes, consent to assignment, and assignment of note" referenced in Defendants' Initial Disclosures. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 3:** Produce the "public filings" referenced in Defendants' Initial Disclosures. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 4:** Produce all Documents regarding Your service as a director, officer, and/or other authorized representative of Bancorp, including appointment documents, corporate resolutions, written consents, and/or delegations of authority. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 5:** Produce all Documents and/or Communications regarding the October 5, 2021, capital call notice issued by Bancorp to You and Toby, as referenced in paragraph 13 of the Complaint. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents and/or Communications regarding the $3,500,000 You contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 7:** Produce all Documents and/or Communications regarding the $3,500,000 that Toby contributed to Bancorp on or about October 7, 2021, including, but not limited to, wire confirmations, bank records, and Bancorp accounting entries. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 8:** Produce all Documents and/or Communications regarding the characterization, classification, and/or treatment of the $3,500,000 You provided to Bancorp on or about October 7, 2021, including, but not limited to, Documents regarding whether such contribution was treated as equity or debt on Bancorp's books and records. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 9:** Produce all Documents and/or Communications regarding the characterization, classification, and/or treatment of the $3,500,000 that Toby provided to Bancorp on or about October 7, 2021, including, but not limited to, Documents regarding whether such contribution was treated as equity or debt on Bancorp's books and records. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 10:** Produce all promissory notes, loan agreements, credit agreements, repayment agreements, security agreements, and/or other Documents, if any, evidencing or purporting to evidence any debt, loan, or other repayment obligation of Bancorp to You, if any. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 11:** All promissory notes, loan agreements, credit agreements, repayment agreements, security agreements, and/or other Documents, if any, evidencing or purporting to evidence any debt, loan, or other repayment obligation of Bancorp to Toby, if any. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 12:** All Documents and/or Communications regarding the Bank Acquisition Plan, including, but not limited to, all drafts, revisions, transmittals, and attachments. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 13:** All Documents and/or Communications regarding the Original Application, including, but not limited to, drafts, revisions, exhibits, attachments, any certifications signed or executed by You, and/or any other Documents or Communications regarding the decision to identify the Neugebauers' $7,000,000 capital contribution as a "direct investment in Bancorp." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 14:** All Documents and Communications regarding the Subsequent Application, including, but not limited to, drafts, revisions, exhibits, attachments, any certifications signed or executed by You, and/or any other Documents or Communications regarding the decision to identify the Neugebauers' $7,000,000 equity infusion as a "cash capital contribution" in Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 15:** All Documents and/or Communications regarding the engagement of Capco by Bancorp, including, but not limited to, the engagement agreement, statements of work, any amendments or change orders, and Your personal involvement with engaging Capco. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 16:** All Documents and/or Communications exchanged between You and Capco regarding Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 17:** All Documents and/or Communications regarding the Capco Demand. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 18:** All Documents and/or Communications regarding Your knowledge of amounts owed by Bancorp to Capco prior to November 30, 2022. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 19:** All Documents and/or Communications regarding Your knowledge, prior to November 30, 2022, that Bancorp needed to obtain FRB approval to acquire Ganado. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 20:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp had not obtained FRB approval. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 21:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp had no operating revenue. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 22:** All Documents and/or Communications regarding Your knowledge that, at the time of the Capco Demand, Bancorp's primary remaining asset was the cash in its bank account. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 23:** All Documents and/or Communications regarding the decision to cause, direct, or authorize Bancorp to make the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**<u>REQUEST FOR PRODUCTION NO. 24:</u>** All Documents regarding the cash balance of Bancorp on November 30, 2022. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**<u>REQUEST FOR PRODUCTION NO. 25:</u>** All Documents regarding the cash balance of Bancorp on December 1, 2022. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**<u>REQUEST FOR PRODUCTION NO. 26:</u>** All Documents and/or Communications regarding the Melissa Transfer, including, but not limited to, wire confirmations, bank records, accounting entries, and/or any other written confirmation or documentation of such same. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**<u>REQUEST FOR PRODUCTION NO. 27:</u>** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Melissa Transfer. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case.

**<u>REQUEST FOR PRODUCTION NO. 28:</u>** All Documents and/or Communications regarding Your knowledge, prior to November 30, 2022, of Bancorp's financial condition, solvency, liquidity, capital adequacy, and/or ability to pay its debts. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>** None.

**<u>REQUEST FOR PRODUCTION NO. 29:</u>** All Documents and Communications relating to the $28,000,000 contingent debt financing from the NFT to Bancorp referenced in paragraph 12 of the Complaint, including any promissory note(s), term sheets, security agreements, or related financing Documents. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE:</u>** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**<u>REQUEST FOR PRODUCTION NO. 30:</u>** All Documents and/or Communications exchanged between You and any Representative of Bancorp, and/or between You and any accountant, auditor, bookkeeper, tax preparer, or financial advisor, regarding the characterization of and/or basis for the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 31:** All insurance policies (including directors' and officers' liability policies) that may provide coverage to You for any claim asserted in this Adversary Proceeding. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 32:** All Documents and Communications that support Your statement in paragraph 2 of Your Affirmative Defenses that "Defendants are entitled to offset for amounts owed to Defendants by Bancorp." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 33:** All Documents and Communications that support Your statement in paragraph 3 of Your Affirmative Defenses that "Bancorp was not insolvent at the time of the alleged fraudulent transfers." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 34:** All Documents and Communications that support Your statement in paragraph 4 of Your Affirmative Defenses that "Any alleged transfers were in payment of a debt incurred by Bancorp in the ordinary course of business or financial affairs of Bancorp and Defendants and were made according to ordinary business terms." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 35:** All Documents and Communications that support Your statement in paragraph 5 of Your Affirmative Defenses that "Plaintiff received reasonably equivalent value for the transfers to Defendants." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 36:** All Documents and Communications that support Your statement in paragraph 6 of Your Affirmative Defenses that "Plaintiff may not avoid the alleged transfers to Defendants pursuant to 11 U.S.C. § 548 or under applicable state law pursuant to 11 U.S.C. § 544 because (a) Bancorp was solvent when the alleged transfers were made or did not become insolvent as a result of the alleged transfers; (b) Bancorp was not engaged or about to engage in business or transactions for which any property remaining with Bancorp was

unreasonably small capital; or (c) Bancorp did not intend to incur or did not believe that it would incur debts that would be beyond its ability to pay as such debts matured." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 37:** All Documents and/or Communications that support Your statement in paragraph 8 of Your Affirmative Defenses that "Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefited Bancorp and were affirmed and completed with Bancorp's knowledge, agreement, or acquiescence." If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 38:** All Documents regarding any expert witness whom Defendants intend to call or may call at trial or at any evidentiary hearing in this Adversary Proceeding, including, but not limited to, any expert reports, draft reports, reliance materials, underlying data, methodologies, and engagement letters or compensation agreements. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as premature. Defendant will supplement with responsive documents pursuant to the scheduling order.

**REQUEST FOR PRODUCTION NO. 39:** The curriculum vitae or resume of each expert witness whom Defendants intend to call or may call at trial, along with a list of all publications authored by such expert in the last ten (10) years and a list of all cases in which such expert has testified as an expert at trial or by deposition in the last four (4) years, as required by Federal Rule of Civil Procedure 26(a)(2)(B). If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as premature. Defendant will supplement with responsive documents pursuant to the scheduling order.

**REQUEST FOR PRODUCTION NO. 40:** All Documents that Defendants intend to offer or may offer as exhibits at trial or at any evidentiary hearing in this Adversary Proceeding. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this request as premature. Defendant will supplement with responsive documents pursuant to the scheduling order.

**REQUEST FOR PRODUCTION NO. 41:** All board minutes, director meeting minutes, written consents of directors or officers, corporate resolutions, or other corporate authorization documents of Bancorp concerning, authorizing, or otherwise relating to the Transfers, including any Documents evidencing the absence of such authorization. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to the phrase "corporate authorization documents" as vague and ambiguous. Defendant further objects to the request to produce documents "evidencing the absence of such authorization" as nonsensical.

Subject to and without waiving these objections, Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 42:** All financial statements of Bancorp for all periods from Bancorp's formation through the Petition Date, including, but not limited to, balance sheets, income statements, statements of cash flows, statements of changes in equity, and any notes or schedules thereto, whether audited, reviewed, or compiled. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 43:** All federal, state, and local tax returns filed by or on behalf of Bancorp for all tax periods from Bancorp's formation through the Petition Date, together with any supporting schedules, attachments, and workpapers. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 44:** All Documents prepared by, received from, or exchanged with any accountant, auditor, bookkeeper, tax preparer, or financial advisor regarding Bancorp's financial condition, solvency, net worth, capital adequacy, or ability to pay its debts, at any time during Bancorp's existence. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 45:** All Documents and/or Communications regarding Your service, authority, or role as a director, officer, or other authorized representative of Bancorp, including, but not limited to, appointment documents, corporate resolutions, written consents, delegations of authority, and any Documents evidencing or describing actions You took on behalf of Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None. Defendant had no role with Bancorp.

**REQUEST FOR PRODUCTION NO. 46:** All Documents and/or Communications regarding any intercompany accounts, intercompany receivables or payables, or transfers of funds or property between Bancorp and GloriFi or ASL, at any time during Bancorp's existence. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant had no role with Bancorp and does not have possession, custody or control of any responsive documents other than documents, if any, produced by Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 47:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Melissa Transfer, from November 30, 2022, to the present. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 48:** Bank statements, account statements, and wire transfer records for all bank or financial accounts into which any portion of the Transfers — including both the Toby Transfer and the Melissa Transfer — was deposited, from November 30, 2022, through the present. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant objects to this Request as overbroad as it seeks documents neither relevant to any claim or defense nor proportional to the needs of the case. Defendant further objects to this request as harassing.

**REQUEST FOR PRODUCTION NO. 49:** All Documents and/or Communications regarding any proof of claim, demand, anticipated claim, or other assertion of a right to payment by the Neugebauer Family Trust against the Debtor or the Estate in the Bankruptcy Case. If no responsive materials are being produced, You must state "none."

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 50:** All Documents and/or Communications regarding the potential or anticipated bankruptcy, insolvency, dissolution, or winding down of Bancorp, at any time prior to the Petition Date. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 51:** All Documents and/or Communications regarding amounts owed by Bancorp to any creditor or claimant other than Capco as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence with such creditors. If no responsive materials are being produced, You must state "none."

**RESPONSE:** Defendant has no responsive documents.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that, from May 27, 2021, through the Petition Date, You held a 50% ownership interest in Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 2:** Admit that, from May 27, 2021, through the Petition Date, Toby held a 50% ownership interest in Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 3:** Admit that You were a director of Bancorp from the date of Bancorp's formation through the Petition Date.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 4:** Admit that, on or about October 7, 2021, You provided $3,500,000 to Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 5:** Admit that, on or about October 7, 2021, Toby provided $3,500,000 to Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 6:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, was not accompanied by a promissory note.

**RESPONSE:** Admit as to Defendant. Unable to admit or deny otherwise.

**REQUEST FOR ADMISSION NO. 7:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, did not bear interest.

**RESPONSE:** Admit as to Defendant. Unable to admit or deny otherwise.

**REQUEST FOR ADMISSION NO. 8:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, did not include a maturity date.

**RESPONSE:** Admit as to Defendant. Unable to admit or deny otherwise.

**REQUEST FOR ADMISSION NO. 9:** Admit that the $7,000,000 provided by You and Toby to Bancorp on or about October 7, 2021, was not accompanied by any repayment obligation on the part of Bancorp.

**RESPONSE:** Admit as to Defendant. Unable to admit or deny otherwise.

**REQUEST FOR ADMISSION NO. 10:** Admit that You certified that the Original Application was true, correct, and complete.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 11:** Admit that the Original Application identified the $7,000,000 provided by You and Toby to Bancorp as a "direct investment in Bancorp by Toby and Melissa Neugebauer."

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 12:** Admit that You certified that the Subsequent Application was true, correct, and complete.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 13:** Admit that the Subsequent Application classified the $7,000,000 provided by You and Toby to Bancorp as a "cash capital contribution."

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 14:** Admit that, as of November 30, 2022, You knew that Bancorp had no operating revenue.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 15:** Admit that You were aware of the Capco Demand prior to November 30, 2022.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 16:** Admit that, on or about November 30, 2022, Bancorp transferred $3,500,000 to You (*i.e.*, the Melissa Transfer).

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 17:** Admit that, on or about November 30, 2022, Bancorp transferred $3,500,000 to Toby (*i.e.*, the Toby Transfer).

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 18:** Admit that, immediately after the Transfers, Bancorp held no more than $135,825.46 in cash.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 19:** Admit that You directed, caused, or authorized Bancorp to make the Melissa Transfer.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 20:** Admit that the Melissa Transfer was not made pursuant to any written promissory note.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 21:** Admit that the Melissa Transfer was not made in exchange for any services or work You performed for Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 22:** Admit that the Melissa Transfer was not made in exchange for any asset, property, or other contemporaneous value You provided to Bancorp.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 23:** Admit that You have not returned any portion of the Melissa Transfer to Bancorp or the Estate.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 24:** Admit that You directed, caused, or authorized Bancorp to make the Toby Transfer.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 25:** Admit that the Toby Transfer was not made pursuant to any written promissory note.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 26:** Admit that the Toby Transfer was not made in exchange for any services or work that Toby performed for Bancorp.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 27:** Admit that the Toby Transfer was not made in exchange for any asset, property, or other contemporaneous value that Toby provided to Bancorp.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 28:** Admit that Toby has not returned any portion of the Toby Transfer to Bancorp or the Estate.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 29:** Admit that You served as a director of Bancorp from the date of Bancorp's formation through the Petition Date.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 30:** Admit that You were aware of the Capco Demand prior to November 30, 2022.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 31:** Admit that, as of November 30, 2022, You knew that Bancorp had no operating revenue.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 32:** Admit that You directed, caused, or authorized Bancorp to make the Melissa Transfer.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 33:** Admit that the $7,000,000 contributed by You and Toby to Bancorp in October 2021 was reflected as equity — not debt — on Bancorp's books and records as of November 30, 2022.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 34:** Admit that no board resolution, written consent of Bancorp's directors, or other corporate authorization document of Bancorp specifically authorized the Transfers.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 35:** Admit that the Transfers were not made pursuant to any formal plan of dissolution or liquidation of Bancorp.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 36:** Admit that Bancorp had not obtained approval from the Federal Reserve Board to acquire Ganado as of November 30, 2022.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 37:** Admit that between June 9, 2022, and November 30, 2022, Bancorp made no payments to Capco on the outstanding invoices totaling $396,904.38.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 38:** Admit that Bancorp had no operating revenue at any

point from its formation through November 30, 2022.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 39:** Admit that, as of November 30, 2022, Bancorp owed amounts to creditors other than Capco.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 40:** Admit that Bancorp's remaining cash of $135,825.46 following the Transfers was insufficient to satisfy the outstanding Capco invoices of $396,904.38.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 41:** Admit that, at no point during Bancorp's existence, was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of Bancorp to repay the $3,500,000 Toby contributed to Bancorp on or about October 7, 2021.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 42:** Admit that, at no point during Bancorp's existence, was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of Bancorp to repay the $3,500,000 You contributed to Bancorp on or about October 7, 2021.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**REQUEST FOR ADMISSION NO. 43:** Admit that, following the Transfers, Bancorp lacked sufficient funds to satisfy its outstanding obligations to its creditors.

**RESPONSE:** Unable to either admit or deny due to lack of personal knowledge.

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**ANIMO BANCORP, INC.,**<br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-cag**<br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-cag** |

**DEFENDANT MELISSA NEUGEBAUER's OBJECTIONS AND RESPONSES TO TRUSTEE'S SECOND SET OF DISCOVERY REQUESTS**

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36 and Federal Rules of Bankruptcy Procedure 7033, 7044, and 7036, Defendant Melissa Neugebauer ("M. Neugebauer" or "Defendant") hereby serves her Objections and Responses to Trustee John Patrick Lowe's ("Trustee") Second Set of Discovery Requests (the "Responses"). Defendant reserves the right to supplement or amend these Responses and further reserves all other rights she may have under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

Dated: August 14, 2026

Respectfully submitted,

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Enrique Ramirez
Texas Bar No. 24122158
eramirez@tillotsonlaw.com
**TILLOTSON PATTON**
One Main Place
1201 Main St., Suite 1300
Dallas, Texas 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564

*Counsel for Toby Neugebauer and Melissa Neugebauer*

## CERTIFICATE OF SERVICE

I certify that on August 14, 2026, I served a copy of the foregoing document electronically in accordance with the applicable rules to counsel for Trustee.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson

## REQUESTS FOR PRODUCTION

**Global Objections**

1. Defendant objects to each Request, Interrogatory, and Request for Admission to the extent it seeks information protected by attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 52**: All Documents and/or Communications between You and Joiner regarding Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks every document or communication regardless of whether the document or communication has any relation to the transfers, claims or elements of each claim at issue in this Adversary Proceeding.

Defendant has no responsive documents within her possession, custody and control. Any responsive documents would be within documents under the Trustee's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 53**: All Documents and/or Communications between You and Joiner regarding the Transfers. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant has no responsive documents within her possession, custody and control. Any responsive documents would be within documents under the Trustee's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 54**: All Documents and/or Communications between You and Joiner regarding the Capco Demand. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant has no responsive documents within her possession, custody and control.

**REQUEST FOR PRODUCTION NO. 55**: All Documents and/or Communications between You and Joiner regarding Bancorp's financial condition, solvency, or ability to pay its debts. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant does not have any responsive documents in her possession, custody, and control. Defendant refers to any documents produced by Defendant Toby Neugebauer.

**REQUEST FOR PRODUCTION NO. 56**: All Documents and/or Communications between You and Joiner regarding the characterization of the $7,000,000 provided to Bancorp by You and Toby on October 7, 2021. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant objects to this request as confusing as worded.

Defendant does not have any responsive documents in her possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 57**: All Documents and/or Communications regarding Joiner's role, engagement, authority, or involvement with Bancorp. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant objects to this request as overbroad and not reasonably tailored in time and scope to lead to the discovery of admissible evidence.

Defendant does not have any responsive documents in her possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 58**: All Documents and/or Communications regarding Joiner's role, engagement, authority, or involvement with You, Toby, or the NFT. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant objects to this request as overly broad and because it seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence. All communications regarding Joiner's role, etc. with Toby Neugebauer, Melissa Neugebauer or the Neugebauer Family Trust without any limitation (or other language limiting it to any issue in this case) is objectively overly broad and harassing. Defendant further objects to this request as confusing and ambiguous as worded.

Defendant does not have any responsive documents in her possession, custody, and control.

**<u>REQUEST FOR PRODUCTION NO. 59</u>**: All Documents and/or Communications evidencing any agreement or engagement between Joiner and any of the following: Bancorp, You, Toby, or the NFT. This Request includes, but is not limited to, engagement letters, consulting agreements, retainer agreements, statements of work, and any amendments thereto. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE</u>**:

Defendant objects to this request as overly broad and because it seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence. All communications regarding Joiner's role, etc. with Toby Neugebauer, Melissa Neugebauer or the Neugebauer Family Trust without any limitation (or other language limiting it to any issue in this case) is objectively overly broad and harassing.

Defendant does not have any responsive documents in her possession, custody, and control.

**<u>REQUEST FOR PRODUCTION NO. 60</u>**: All Documents and/or Communications regarding any compensation arrangements between Joiner and any of the following: Bancorp, You, Toby, or the NFT. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE</u>**:

Defendant objects to this request as overly broad and because it seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence. All communications regarding Joiner's role, etc. with Toby Neugebauer, Melissa Neugebauer or the Neugebauer Family Trust without any limitation (or other language limiting it to any issue in this case) is objectively overly broad and harassing.

Defendant does not have any responsive documents in her possession, custody, and control.

**<u>REQUEST FOR PRODUCTION NO. 61</u>**: All Documents and/or Communications regarding any payments made to Joiner by any of the following: Bancorp, You, Toby, or the NFT. If no responsive materials are being produced, You must state "none."

**<u>RESPONSE</u>**:

Defendant objects to this request as overly broad and because it seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence. All communications regarding Joiner's role, etc. with Toby Neugebauer, Melissa Neugebauer or the Neugebauer Family Trust without any limitation (or other language limiting it to any issue in this case) is objectively overly broad and harassing.

Defendant does not have any responsive documents in her possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 62**: All Documents and/or Communications regarding the scope or limits of Joiner's authority to act on behalf of Bancorp, You, Toby, or the NFT. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant objects to this request as overly broad and because it seeks evidence that is not reasonably calculated to lead to the discovery of admissible evidence. All communications regarding Joiner's role, etc. with Toby Neugebauer, Melissa Neugebauer or the Neugebauer Family Trust without any limitation (or other language limiting it to any issue in this case) is objectively overly broad and harassing. Defendant further objects to this request as confusing and ambiguous as worded.

Defendant does not have any responsive documents in her possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 63:** All Documents and/or Communications supporting any contention that Bancorp received any asset, property, service, work, or other contemporaneous value in exchange for the Melissa Transfer. If no responsive materials are being produced, You must state "none."

**RESPONSE:**

Defendant does not have any responsive documents in her possession, custody, and control. Defendant refers to any documents produced by Defendant Toby Neugebauer.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify all Persons who participated in, authorized, directed, approved, and/or were consulted regarding the Transfers, and describe in detail each such Person's role in connection with same.

**RESPONSE**:

Defendant objects to this request as seeking information in the possession, custody, or control of others.

Defendant lacks personal knowledge sufficient to respond to this request.

**INTERROGATORY NO. 2**: State all facts, if any, and Identify all Documents, if any, supporting any contention that the $3,500,000 You provided to Bancorp on or about October 7, 2021 was a loan, debt, or other repayment obligation (as opposed to equity), including, but not limited to, the principal amount, date on which the obligation was incurred, interest rate, maturity date, security, and repayment terms.

**RESPONSE**:

None.

**INTERROGATORY NO. 3**: Identify all subsequent transfers, disbursements, investments, and uses of the funds comprising the Melissa Transfer from November 30, 2022, to the present.

**RESPONSE**:

Defendant objects to this request as not properly tailored to obtain the discovery of admissible evidence and as seeking information that is not relevant and disproportionate to the needs of the case.

**INTERROGATORY NO. 4**: Identify all subsequent transfers, disbursements, investments, and uses of the funds comprising the Toby Transfer from November 30, 2022, to the present.

**RESPONSE**:

Defendant objects to this request as not properly tailored to obtain the discovery of admissible evidence and as seeking information that is not relevant and disproportionate to the needs of the case. Defendant objects to this request as seeking information in the possession, custody, or control of others.

Defendant lacks personal knowledge sufficient to respond to this interrogatory.

**INTERROGATORY NO. 5**: Identify and describe in detail each service, work, asset, property, or other value that You contend Bancorp received from You in exchange for the Melissa Transfer.

**RESPONSE**:

Defendant objects as calling for a narrative answer more suitable for a deposition and calling for Defendant to marshal all her evidence and thus exceeding the scope of Rule 33.

**INTERROGATORY NO. 6**: Identify and describe in detail each service, work, asset, property, or other value that You contend Bancorp received from Toby in exchange for the Toby Transfer.

**RESPONSE**:

Defendant objects to this request as seeking information in the possession, custody, or control of others.

Defendant lacks personal knowledge sufficient to respond to this interrogatory.

**INTERROGATORY NO. 7**: Describe in detail the basis for Your defense that Bancorp's financial condition was not vulnerable at the time of the Transfers (i.e., paragraph 6 of Your Affirmative Defenses).

**RESPONSE**:

Defendant objects as calling for a narrative answer more suitable for a deposition and calling for Defendant to marshal all her evidence and thus exceeding the scope of Rule 33. To the extent the term "vulnerable" is a legal term, Defendant further objects as requesting a legal conclusion.

**INTERROGATORY NO. 8**: Identify each expert witness whom Defendants intend to call or may call at trial or at any evidentiary hearing in this Adversary Proceeding, including, for each: (a) full name and professional address; (b) field of expertise; (c) a summary of the opinions such expert is expected to offer; and (d) the factual and documentary bases for such opinions.

**RESPONSE**:

Defendant objects to this request as premature. Defendant will disclose experts consistent with the scheduling order governing this case.

**INTERROGATORY NO. 9**: Identify all persons, other than retained expert witnesses, whom Defendants intend to call or may call as witnesses at trial, and describe the subject matter of each such person's anticipated testimony.

**RESPONSE**:

Defendant objects to this request as premature. Defendant will disclose witnesses consistently with the scheduling order governing this case.

**INTERROGATORY NO. 10**: Identify each amount or obligation that Defendants contend Bancorp owed to Defendants as of November 30, 2022 (as referenced in paragraph 2 of Your Affirmative Defenses), and for each such amount or obligation state: (a) the nature of the obligation; (b) the date the obligation arose; (c) the dollar amount; (d) the legal or contractual basis for the obligation; and (e) all Documents evidencing or supporting such obligation.

**RESPONSE**:

Defendant objects as calling for a narrative answer more suitable for a deposition and calling for Defendant to marshal all her evidence and thus exceeding the scope of Rule 33.

**INTERROGATORY NO. 11**: Identify all persons or entities to whom Bancorp owed any amount as of November 30, 2022, other than Capco, including for each: (a) the full name and address of the creditor; (b) the amount owed; (c) the date the obligation arose; and (d) the nature of the obligation.

**RESPONSE**:

Defendant lacks sufficient personal knowledge to respond to this interrogatory.

**INTERROGATORY NO. 12**: Identify all transfers of funds or property between Bancorp and GloriFi or ASL from Bancorp's formation through the Petition Date, and for each transfer state: (a) the date; (b) the amount or description of property transferred; (c) the direction of the transfer (i.e., to or from Bancorp); and (d) the stated purpose or basis for the transfer.

**RESPONSE**:

Defendant objects to this request as irrelevant and overbroad, as it seeks information that does not go to the claims and defense in this case.

Defendant lacks sufficient personal knowledge to respond to this interrogatory.

**INTERROGATORY NO. 13**: Describe in detail every manner in which Defendants contend the Transfers benefited Bancorp, as referenced in paragraph 8 of Your Affirmative Defenses, and identify all Documents that support such contention.

**RESPONSE**:

Defendant objects as calling for a narrative answer more suitable for a deposition and calling for Defendant to marshal all her evidence and thus exceeding the scope of Rule 33.

**INTERROGATORY NO. 14**: Describe in detail the basis for Your contention that the Transfers were made in the "ordinary course of business or financial affairs of Bancorp and Defendants" and "according to ordinary business terms," as stated in paragraph 4 of Your Affirmative Defenses, including: (a) any prior instances in which Bancorp returned equity capital to its shareholders; and (b) any industry custom or practice You contend supports such characterization of the Transfers.

**RESPONSE**:

Defendant objects as calling for a narrative answer more suitable for a deposition and calling for Defendant to marshal all her evidence and thus exceeding the scope of Rule 33.

**INTERROGATORY NO. 15**: Identify the current trustees and beneficiaries of the Neugebauer Family Trust, and describe all transactions and financial arrangements between the Neugebauer Family Trust and Bancorp from Bancorp's formation through the Petition Date, including, for each, the date, amount, nature, and purpose of the transaction.

**RESPONSE**:

Defendant objects to this request as not properly tailored to obtain the discovery of admissible evidence and as seeking information that is not relevant to any issue in this case and disproportionate to the needs of the case.

Defendants lacks sufficient personal knowledge to respond to this interrogatory.

**INTERROGATORY NO. 16**: Describe in detail Joiner's relationship with Bancorp, including any positions, titles, or roles he held with Bancorp, the responsibilities he had pursuant to each position, title, or role, and the dates of each.

**RESPONSE**:

Defendant objects to this request as not properly tailored to obtain the discovery of admissible evidence and as seeking information that is not relevant and disproportionate to the needs of the case.

Defendants lacks personal knowledge sufficient to respond to this interrogatory.

**INTERROGATORY NO. 17**: State all facts and provide the Bates range of all Documents supporting Your denial of Request for Admission No. 15 (which requested admission that You were aware of the Capco Demand prior to November 30, 2022), including, but not limited to, the date on which, the manner by which, and the Person(s) from whom You first became aware of the Capco Demand.

**RESPONSE**:

Defendant objects to this request as nonsensical in that it asks for documents and facts proving a negative. Defendant was not aware of the Capco Demand prior to November 30, 2022. Defendant refers Trustee to Defendant Toby Neugebauer's response to Interrogatory No. 21.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 44**: Admit that Joiner participated in the decision to cause, direct, or authorize the Transfers.

**RESPONSE**:

Defendant lacks personal knowledge, can neither admit nor deny.

**REQUEST FOR ADMISSION NO. 45**: Admit that Joiner was not acting as Your attorney in connection with the Transfers.

**RESPONSE**:

Admit.

**REQUEST FOR ADMISSION NO. 46**: Admit that the total amount of the Transfers ($7,000,000) equaled the total amount that You and Toby provided to Bancorp on or about October 7, 2021.

**RESPONSE**:

Admit.

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**ANIMO BANCORP, INC.,**<br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-cag**<br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-cag** |

**DEFENDANT MELISSA NEUGEBAUER's OBJECTIONS AND RESPONSES TO TRUSTEE'S THIRD SET OF DISCOVERY REQUESTS**

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36 and Federal Rules of Bankruptcy Procedure 7033, 7034, and 7036, Defendant Melissa Neugebauer ("M. Neugebauer" or "Defendant") hereby serves her Objections and Responses to Trustee John Patrick Lowe's ("Trustee") Third Set of Discovery Requests (the "Responses"). Defendant reserves the right to supplement or amend these Responses and further reserves all other rights she may have under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

Date: September 8, 2026

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson

Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Enrique Ramirez
Texas Bar No. 24122158
eramirez@tillotsonlaw.com
Ian Miller
Texas Bar No. 24149222
imiller@tillotsonlaw.com

**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR DEFENDANTS TOBY NEUGEBAUER AND MELISSA NEUGEBAUER**

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2026, a true and correct copy of the foregoing document was served to counsel for the Trustee.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson

## REQUESTS FOR PRODUCTION

**Global Objections**

1. Defendant objects to each Request, Interrogatory, and Request for Admission to the extent it seeks information protected by attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 64**:

All bank statements, account statements, canceled checks, deposit records, and wire transfer records for every bank or financial account held in Bancorp's name or for Bancorp's benefit, from Bancorp's formation through the Petition Date. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 65**:

All Documents and/or Communications regarding amounts owed by Bancorp to Predictive Analytics as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 66**:

All Documents and/or Communications regarding amounts owed by Bancorp to Personetics Technologies as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 67**:

All Documents and/or Communications regarding amounts owed by Bancorp to Birmingham Financial Center as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 68**:

All Documents and/or Communications regarding amounts owed by Bancorp to Dallas County as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 69**:

All Documents and/or Communications regarding amounts owed by Bancorp to the Comptroller of Public Accounts of the State of Texas as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 70**:

All Documents and/or Communications regarding amounts owed by Bancorp to the Tennessee Department of Revenue as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 71**:

All Documents and/or Communications regarding amounts owed by Bancorp to the State of New Jersey Division of Taxation as of November 30, 2022, including, but not limited to, invoices, statements, demands, contracts, or correspondence. If no responsive materials are being produced, You must state "none."

**RESPONSE**:

Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

## INTERROGATORIES

**INTERROGATORY NO. 18**:

Identify every bank, brokerage, or other financial account held in Bancorp's name or for Bancorp's benefit at any time, stating for each the financial institution, the account number, the dates during which the account was open, and each Person authorized to transact on the account.

**RESPONSE**:

Defendant objects that "for Bancorp's benefit" is vague and asks Trustee to clarify this Request. Defendant refers Plaintiff to bank records already produced in this case.

**INTERROGATORY NO. 19**:

State all facts supporting Your contention that You did not serve as a director of Bancorp.

**RESPONSE**:

None.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 47**:

Admit that You signed an Action by Unanimous Written Consent of the Board of Directors of Animo Bancorp, Inc. effective as of May 27, 2021.

**RESPONSE**:

Admitted.

**REQUEST FOR ADMISSION NO. 48**:

Admit that You signed an Action by Unanimous Written Consent of the Board of Directors of Animo Bancorp, Inc. effective as of August 26, 2021.

**RESPONSE**:

Admitted.

**REQUEST FOR ADMISSION NO. 49**:

Admit that, as of November 30, 2022, Bancorp owed unpaid amounts to Predictive Analytics.

**RESPONSE**:

Denied.

**REQUEST FOR ADMISSION NO. 50**:

Admit that, as of November 30, 2022, Bancorp owed unpaid amounts to Personetics Technologies.

**RESPONSE**:

Denied.

**REQUEST FOR ADMISSION NO. 51**:

Admit that, as of November 30, 2022, Bancorp owed unpaid amounts to Birmingham Financial Center.

**RESPONSE**:

Denied.

**REQUEST FOR ADMISSION NO. 52**:

Admit that, as of November 30, 2022, Bancorp owed unpaid amounts to Dallas County.

**RESPONSE**:

Denied.

**REQUEST FOR ADMISSION NO. 53**:

Admit that, as of November 30, 2022, Bancorp owed unpaid amounts to the Comptroller of Public Accounts of the State of Texas.

**RESPONSE**:

Denied.

**REQUEST FOR ADMISSION NO. 54**:

Admit that, as of November 30, 2022, Bancorp owed unpaid amounts to the Tennessee Department of Revenue.

**RESPONSE**:

Denied.

**REQUEST FOR ADMISSION NO. 55**:

Admit that, as of November 30, 2022, Bancorp owed unpaid amounts to the State of New Jersey Division of Taxation.

**RESPONSE**:

Denied.

**REQUEST FOR ADMISSION NO. 56**:

Admit that, as of November 30, 2022, Bancorp owed unpaid amounts to Capco.

**RESPONSE**:

Denied.

**REQUEST FOR ADMISSION NO. 57**:

Admit that Bancorp's Texas charter was forfeited on February 23, 2024.

**RESPONSE**:

Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 58**:

Admit that, as of November 30, 2022, You were aware that Bancorp owed unpaid amounts to Predictive Analytics.

**RESPONSE**:

Denied as phrased.

**REQUEST FOR ADMISSION NO. 59**:

Admit that, as of November 30, 2022, You were aware that Bancorp owed unpaid amounts to Personetics Technologies.

**RESPONSE**:

Denied as phrased.

**REQUEST FOR ADMISSION NO. 60**:

Admit that, as of November 30, 2022, You were aware that Bancorp owed unpaid amounts to Birmingham Financial Center.

**RESPONSE**:

Denied as phrased.

**REQUEST FOR ADMISSION NO. 61**:

Admit that, as of November 30, 2022, You were aware that Bancorp owed unpaid amounts to Dallas County.

**RESPONSE**:

Denied as phrased.

**REQUEST FOR ADMISSION NO. 62**:

Admit that, as of November 30, 2022, You were aware that Bancorp owed unpaid amounts to Capco.

**RESPONSE**:

Denied as phrased.

**REQUEST FOR ADMISSION NO. 63**:

Admit that, as of November 30, 2022, You were aware that Bancorp owed unpaid amounts to the Comptroller of Public Accounts of the State of Texas.

**RESPONSE**:

Denied as phrased.

**REQUEST FOR ADMISSION NO. 64**:

Admit that, as of November 30, 2022, You were aware that Bancorp owed unpaid amounts to the Tennessee Department of Revenue.

**RESPONSE**:

Denied as phrased.

**REQUEST FOR ADMISSION NO. 65**:

Admit that, as of November 30, 2022, You were aware that Bancorp owed unpaid amounts to the State of New Jersey Division of Taxation.

**RESPONSE**:

Denied as phrased.