# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ANIMO BANCORP, INC., | § | Case No. 24-50359-alt |
| | § | |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| JOHN PATRICK LOWE, TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 26-05011 |
| | § | |
| TOBY NEUGEBAUER AND MELISSA NEUGEBAUER, | § | |
| | § | |
| | § | |
| Defendants. | § | |

*********************************************************

ORAL AND VIDEOTAPED DEPOSITION OF

TOBY RANDOLPH NEUGEBAUER

SEPTEMBER 11, 2026

VOLUME 1

*********************************************************

ORAL AND VIDEOTAPED DEPOSITION OF TOBY RANDOLPH NEUGEBAUER, produced as a witness at the instance of the Plaintiff, John Patrick Lowe, Trustee, and duly sworn, was taken in the above-styled and numbered cause on September 11, 2026, from 9:14 a.m. to 12:56 p.m., before

April R. Brunson, Certified Shorthand Reporter in and for the State of Texas, reported by machine shorthand, at the law offices of Tillotson Patton, 1201 Main Street, Suite 1300, Dallas, Texas, pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure and the provisions stated on the record or attached hereto.

A P P E A R A N C E S

FOR THE PLAINTIFF:
Mr. Chase J. Potter
Mr. Nicolas J. McCarthy
Ms. Anna Richardson (Via Videoconference.)
IACUONE McALLISTER POTTER, PLLC
Energy Squire One
4925 Greenville Avenue
Suite 1112
Dallas, Texas 75206
214.432.1536
potter@imcplaw.com
mccarthy@imcplaw.com
anna@imcplaw.com

FOR THE DEFENDANTS:
Mr. Jeff Tillotson
Mr. Enrique Ramirez
Mr. Ian Miller
TILLOTSON PATTON
1201 Main Street
Suite 1300
Dallas, Texas 75202
214.382.3041
jtilltson@tillotsonlaw.com
eramirez@tillotsonlaw.com
imiller@tillotsonlaw.com

ALSO PRESENT:
Crystal Iacuone, Iacuone McAllister Potter, PLLC

ALSO PRESENT (VIA VIDEOCONFERENCE):
Emily Cabrera, Iacuone McAllister Potter, PLLC
Ryan Harty, Representative of the Defendants

THE VIDEOGRAPHER:
Collin McCaskill

CERTIFIED SHORTHAND REPORTER:
April R. Brunson, Texas CSR No. 7495

# I N D E X

PAGE

Appearances...............................3

Exhibit List..............................5

Stipulations..............................98

THE WITNESS: TOBY RANDOLPH NEUGEBAUER

Examination by Mr. Potter.............6

Signature and Changes.....................108

Reporter's Certificate....................110

E X H I B I T S

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Animo Bancorp, Inc., Claims Register 24-50359-cag | 17 |
| Exhibit 2 | Response to Plaintiff's Traditional Motion for Summary Judgment | 30 |
| Exhibit 3 | Motion to Convert Bankruptcy Case to Chapter 11 Pursuant to Section 706(A) of the Bankruptcy Code | 34 |
| Exhibit 4 | Capital Call Letter, 10/5/2021 Animo Bancorp, Inc. to Toby Neugebauer ABI_Neug_017402 | 36 |
| Exhibit 5 | Capital Call Letter, 10/5/2021 Animo Bancorp, Inc. to Melissa Neugebauer ABI_Neug_01740e | 39 |
| Exhibit 6 | Defendant Toby Neugebauer's Objections and Responses to Trustee's First Set of Discovery Requests to Defendant Toby Neugebauer | 44 |
| Exhibit 7 | Action by Unanimous Written Consent of the Board of Directors of Animo Bancorp, Inc., effective 5/27/2021 Neug-Animo00001563-1567 | 87 |
| Exhibit 8 | Action by Unanimous Written Consent of the Board of Directors of Animo Bancorp, Inc., effective 8/26/2021 Neug-Animo0001561-1562 | 89 |

P R O C E E D I N G S

(Proceeding commenced at 9:14 a.m.)

THE VIDEOGRAPHER: Going on the record, today's date is September 11th, 2026. The time is 9:14 a.m.

Will counsel please state their appearances for the record, after which the court reporter may swear in the witness.

MR. POTTER: Chase Potter on behalf of the plaintiff. I also have my colleague Nick McCarthy and Crystal Iacuone here in the room with us.

And then on the Zoom are our colleagues Anna Richardson and Emily Cabrera.

MR. RAMIREZ: I'm Enrique Ramirez, Ian Miller and Jeff Tillotson on behalf of the defendants, Toby Neugebauer, the witness, and Melissa Neugebauer.

TOBY RANDOLPH NEUGEBAUER,

having been first duly sworn, testified as follows:

EXAMINATION

BY MR. POTTER:

Q. Sir, state your full name for the record, please.

A. Toby Neugebauer.

Q. Mr. Neugebauer, we've done this before, have we not?

love to hear what they did.
Q. You don't believe it was anything for Animo Bancorp; is that fair? You don't need your lawyers to tell you that. You were there. You were the CEO of --
A. No, I wasn't --
Q. -- WPI.
A. -- the CEO of Animo Bancorp.
Q. I just said you were the CEO of WPI. Were you not?
A. Yeah. I thought they did work for WPI.
Q. Right. And you were the CEO of that company, correct?
A. I was. Did I believe they did work for WPI? Yes.
Q. And you were a 50 percent owner and on the board of ABI, correct?
A. Yes. But the Fed demanded that they be a very wide gap.
Q. But you don't have any knowledge of anything that Capco did for ABI?
A. Not that I'm aware of, no.
Q. The next one on here, going back to Deposition Exhibit 1, right underneath Capital Markets Company is a Personetics Technologies. Do you see that?
A. Mm-hmm.

did you use a different platform to come up with it?
A. It was my idea to file it.
Q. Based on your experience at WPI and knowledge of a Motion to Convert?
A. Yes. Judge Clark.
Q. Judge Leif Clark you're talking about, correct?
A. Mm-hmm, yes.
Q. Do you know if Mr. Clark was -- oh, Mr., that's too informal of me.
Do you know if Judge Clark was willing to continue to serve as the CRO after he heard you testify?
A. I have no clue.
Q. I want to go back, Mr. Neugebauer, to where I started the deposition, talking about those $7 million in transfers. And if you'll turn to page 4 of the Motion to Convert, paragraph 13, and tell me when you're there, sir.
A. I'm there.
Q. It starts: On November 30th, 2022, debtor made distributions to the shareholders -- and I'll tell you that shareholders is defined previously as you and your wife -- of $3,500,000 each for a total of $7 million, the distributions representing a return of

the shareholders' October 7, 2021, equity contribution to the debtor.

Do you see that, sir?

A. Yes.

Q. Do you agree with that statement?

A. I have no reason not to agree with that statement.

Q. Okay. So -- and I'm just trying to get some dates here. So we've confirmed --

A. Yeah, I've said -- I've said earlier it was at the end of November, early December.

Q. The other date I was trying to -- to lock down here, it appears that the contributions were made in October of 2021 by both you and your wife. Does that sound right to you?

A. I have no way of remembering that.

Q. I can show you.

Just to make the record clear, sir, I'll hand you first what I'll mark as Deposition Exhibit 4.

(Exhibit 4 marked.)

Q. (BY MR. POTTER) Sir, this is a letter dated October 5th, 2021, to you with a re: line of Capital Call Notice.

Do you see that?

Q. Okay. You see here this capital call notice is -- is telling you that -- and you see it's from Animo Bancorp at the top? You see that, sir?
A. Yes.
Q. It says: We are writing to notify you that the company, Animo Bancorp, hereby requests a capital contribution in the amount of $7 million. Based on your ownership percentage of 50 percent the total amount owed by you $3,500,000.
Do you see that?
A. Yes.
Q. And it says: Payment must be received on or prior to October 7th, 2021.
Do you see that, sir?
A. Yes.
Q. And you ultimately made that contribution, did you not?
A. Yes.
Q. And you agree that that was an equity contribution as it says here, do you not?
A. Yes.
MR. POTTER: If you'll hand me TN 2.
(Sotto voce conversation.)
MR. POTTER: Is that Exhibit 4 that I just marked?

THE REPORTER: Yes.

MR. POTTER: Thank you.

(Exhibit 5 marked.)

Q. (BY MR. POTTER) Mr. Neugebauer, I'll hand you what I'll mark as Deposition Exhibit 5.

This is almost an identical document. It's addressed to your wife, Melissa. Do you see that, sir?

A. Yes.

Q. And it says the same thing about making a capital contribution to Animo Bancorp by the same date. Do you see that?

A. Yes.

Q. And it's in the same amount of 3.5 million, is it not?

A. Correct.

Q. And your wife, Melissa, did, in fact, make a $3.5 million capital contribution to Animo Bancorp, correct?

A. Correct.

Q. At the beginning of the deposition, we were talking about the ultimate return of that money, and that's referenced here in paragraph 13. It refers to it as the distributions -- do you see that -- of 7 million?

A. Yes.

Q. And so these equity distributions were made to you and your wife November 30th, 2022, or thereabout. Fair?
A. On February?
Q. Did I say February? I meant November.
A. Yeah, November. Yes.
Q. Okay. Let me say that better.
A. November, early December.
Q. So November 2022, $3.5 million equity distributions were made to both you and your wife, yes?
A. Correct.
MR. RAMIREZ: Objection, calls for a legal conclusion.
A. Let's use the word "wire." A wire was sent.
Q. (BY MR. POTTER) That's fine.
And in your -- there's been numerous discovery requests and responses in this case. You're aware of that, are you not?
A. Yes.
Q. Interrogatories and requests for admissions, you know what those are?
A. Yes.
Q. And some of the things are already established by way of the admissions that either you or your wife answered, so I'm not going to try to get back in those

things.
But in the request for admission to you as to whether or not you authorized the $3.5 million transfer to your wife, you said that you did; is that fair?
A. Mm-hmm, yes.
Q. Okay. Did you also authorize the $3.5 million transfer to yourself?
A. Yes.
Q. Was anyone else at Animo Bancorp involved in the decision to make those transfers?
A. Well, there was no one left at Animo Bancorp. But who really was involved in the decision was Pennington, Gardner and I forget the other woman name, because I was using their payables list and their balance -- income statement, balance sheet, et cetera, to make sure that all of the payments -- that there was enough capital to get everybody paid.
So yes, there was a bunch of people involved, but at the time when, you know, you've alluded to, the -- so Locke Lord was involved. Crowe was involved. The accounting department was involved. Everybody was involved because I used all of the information that all of those people had prepared in order to make sure, based on, as you know, I was using

else by all these firms, right?
A. I'm saying what I said.
Q. Okay. And you do recognize we've already collected over $15 million for these estates, do you not?
A. I fully understood what you've done.
Q. Okay. Did you provide any services in exchange for this $3.5 million payment?
A. No.
Q. Did Melissa provide any services in exchange for that $3.5 million payment?
A. No.
Q. And you're not contesting that it was a loan being repaid, are you?
A. No.
Q. It was just what it says on paragraph 13, page 4 of the Motion to Convert, and that's a distribution to the shareholders of $7 million, correct?
A. I -- yeah, I would say it was the winding up of Animo Bancorp pursuant to advice of counsel. That's what I'm willing to say.
Q. Okay. Was there any obligation that you're aware of -- and I'm not asking for a legal thing. I'm saying if you're aware of it -- any obligation for Animo Bancorp to make those payments to you and Melissa?

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ANIMO BANCORP, INC., | § | Case No. 24-50359-alt |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| JOHN PATRICK LOWE, TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 26-05011 |
| | § | |
| TOBY NEUGEBAUER AND MELISSA NEUGEBAUER, | § | |
| | § | |
| | § | |
| Defendants. | § | |

********************************************************

REPORTER'S CERTIFICATION

DEPOSITION OF TOBY RANDOLPH NEUGEBAUER

SEPTEMBER 11, 2026

VOLUME 1

********************************************************

I, April R. Brunson, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, TOBY RANDOLPH NEUGEBAUER, was duly

sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

I further certify pursuant to FRCP Rule 30(f)(1) that the examination and signature by the deponent was requested by the deponent or a party before the completion of the deposition and that, therefore, the deposition transcript was submitted on September 14, 2026, to the witness or to the attorney for the witness for examination and signature before any notary public and to be returned to me within 30 days (or ____ days per agreement of counsel) from date of receipt of the transcript. If returned, the attached Changes and Signature Page contains any changes and the reasons therefore;

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

FOR THE PLAINTIFF:
Mr. Chase J. Potter
Mr. Nicolas J. McCarthy
Ms. Anna Richardson
IACUONE McALLISTER POTTER, PLLC
Energy Squire One
4925 Greenville Avenue
Suite 1112
Dallas, Texas 75206
214.432.1536
potter@imcplaw.com
mccarthy@imcplaw.com

FOR THE DEFENDANTS:
Mr. Jeff Tillotson
Mr. Enrique Ramirez
Mr. Ian Miller
TILLOTSON PATTON
1201 Main Street
Suite 1300
Dallas, Texas 75202
214.382.3041
jtilltson@tillotsonlaw.com
eramirez@tillotsonlaw.com
imiller@tillotsonlaw.com

That the amount of time used by each party at the deposition is as follows:

MR. POTTER - 1 hour, 53 minutes

MR. RAMIREZ - 0 minutes

That $__________ is the deposition officer's charges to the Plaintiff, John Patrick Lowe, Trustee, for preparing the original deposition transcript and any copies of exhibits;

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this 14th day of September, 2026.

April R. Brunson
Texas CSR No. 7495
Expiration Date: 4/30/2028
Elite Deposition Technologies, Inc.
Firm Registration No.: 10110
1700 Pacific Avenue, Suite 2200
Dallas, Texas 75201
214.698.5199
www.EliteDeps.com