# EXHIBIT 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**ANIMO BANCORP, INC.,**<br><br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-alt**<br><br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-alt** |

**<u>BUSINESS RECORDS DECLARATION</u>**

1. My name is Stephen R. Hoops. I am over twenty-one (21) years of age, have never been convicted of a felony, and am competent to make this Declaration. The matters set forth herein are within my personal knowledge and are true and correct.

2. I am the custodian of records for Predictive Analytics Group, Inc. ("Predictive") with respect to the documents requested and produced in response to the subpoena issued in the above-referenced adversary proceeding by the Trustee's counsel to Predictive (the "Subpoena").

3. By virtue of my duties and responsibilities as the custodian of records for Predictive, I am familiar with the manner in which Predictive's records are created and maintained.

4. Attached are <u>78</u> pages of records being produced in response to the Subpoena (the "Records").

5. The Records are kept under my care, supervision, custody, and/or control.

6. The Records are original records or exact duplicates of the original records.

7. The Records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth therein.

8. The Records were made by, or from information transmitted by, persons with knowledge of the matters set forth in the records, and it is the regular practice of Predictive for these types of records to be made by, or from information transmitted by, persons with knowledge of the matters set forth in them.

9. The Records were kept in the course of regularly conducted business activity, and it is the regular practice of Predictive to make these Records.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New Castle County, State of Delaware, on the 3rd of September, 2026.

DocuSigned by:
Stephen Hoops
5AA697AFBAC443E...
9/3/2026

Stephen R. Hoops
Chief Executive Officer

Predictive Analytics Group, Inc.

**EXHIBIT 9-A**

BAILEY GLASSER LLP

2961 Centerville Road
Suite 302
Wilmington, DE 19808
Tel: 302.504.6333

David A. Felice
dfelice@baileyglasser.com

January 11, 2023

By Email and Certified Mail, Return Receipt:
Hunter Bywaters
Animo Bancorp, Inc. (a/k/a GloriFi)
10000 N. Central Expressway, Suite 1300
Dallas, TX 75231
hunter@bywatersmanagement.com

Re: Default under the July 29, 2022 Statement of Work
Demand for Full Payment or Arbitration

Dear Mr. Bywaters:

This firm represents Predicative Analytics Group, Inc. ("PAG") pertaining to the July 29, 2022 Statement of Work (the "contract") by and between PAG and Animo Bancorp, Inc. ("GloriFi"). We are writing to demand immediate payment of all amounts due PAG or demand that GloriFi agree to the selection of an arbitrator for the contractually-required arbitration. In GloriFi is represented by an attorney in this matter, please immediately forward this letter to your attorney.

Consistent with the contract, GloriFi was to pay PAG for various services and expenses PAG incurred in discharging its duties under the contract. From August 1, 2022 through November 30, 2022, PAG performed the required services for GloriFi consistent with the contract's terms. Each month GloriFi was invoiced for services provided. GloriFi did not dispute or contest the invoices for the services provided. As a result, the total amount of $218,500 is due and owing to PAG under the contact. Copies of the underlying invoices are attached for your convenience. To date, GloriFi failed to disburse any payments to PAG. Consistent with the contract, interest is accruing on the receivables at a monthly rate of 1.5%. If PAG is forced to reduce the amount owed to a judgment, interest will accrue at the legal rate, compounded monthly.

My client demands full payment no later than January 18, 2023. If full payment is not received by this date, PAG intends to pursue the contractually-

required arbitration to reduce this dispute to a court judgment. PAG intends to appoint American Arbitration Association neutral Lawrence Lewis as the arbitrator to adjudicate this dispute. If GloriFi objects to this appointment or would like PAG to consider another potential candidate for arbitrator, please let me know no later than January 18, 2023. If we do not hear from GloriFi by this date, we may be forced to make application to the Delaware Court of Chancery for the appointment of an arbitrator consistent with the contract and the Delaware Rapid Arbitration Act.

We look forward to your written response no later than January 18, 2023. If you have any questions about this letter or my client's demand, please contact me at your earliest convenience. Thank you.

Regards,

David A. Felice

David A. Felice

Enclosures

cc: Jin Kang (by email)
Dan Murphy (by email)
William Izlar (by email)
Jonathan Pennington (by email)
Larry Gordon (by email)
Stephen Hoops (by email)
David LaRoche (by email)