**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**ANIMO BANCORP, INC.,**<br><br>**DEBTOR.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 24-50359-alt**<br><br>**Chapter 7** |
| **JOHN PATRICK LOWE, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 26-05011-alt** |

**Emergency relief has been requested. Relief is requested not later than 5:00 p.m. on October 15, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

## EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENT IMPROPERLY WITHHELD AS PRIVILEGED AND BRIEF IN SUPPORT

Plaintiff John Patrick Lowe (the "Trustee" or "Plaintiff"), as the duly-appointed Chapter 7 Trustee for the estate of Animo Bancorp, Inc. (the "Debtor" or "Bancorp"), files this *Emergency Motion to Compel Production of Document Improperly Withheld as Privileged and Brief in Support* (the "Motion") against Defendants Toby Neugebauer ("Toby") and Melissa Neugebauer ("Melissa," and collectively with Toby, the "Defendants" or the "Neugebauers"). Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding

through Rules 7026 and 7037 of the Federal Rules of Bankruptcy Procedure, the Trustee respectfully moves this Court to compel production of a single document withheld on Defendants' privilege log or, alternatively, to review that document in camera, and shows:

## I. INTRODUCTION

1. This Motion seeks one solitary document. On November 30, 2022, Defendants directed Bancorp to wire them $7,000,000 – the same $7,000,000 they had contributed as equity a year earlier, and substantially all of Bancorp's cash – in exchange for no services or value. Ex. D, RFA Nos. 16–17, 21, 26, 40, 46; Ex. E, Neugebauer Dep. 40:9–14, 41:2–9, 48:7–12. That ***same day***, Toby was emailing with Jennifer Wertz, a bankruptcy partner at Jackson Walker LLP ("Jackson Walker"),[1] under the subject line "RE: Amino bancorp." Ex. A. Defendants withheld that email chain [Document No. 7572092_00073068] (the "Withheld Document"), and their privilege log, served September 28, 2026 (the "Privilege Log"), describes it as follows:

> *Email chain from Toby Neugebauer to counsel that represents him individually asking for legal advice concerning the wind-down of Amino Bancorp.*
> Ex. A, Privilege Log, Doc. No. 7572092_00073068 (the "Log Entry").

2. Defendants themselves have put that advice at the center of this case. Asked at his deposition about the $7,000,000 taken from Bancorp, Toby testified:

> *I – yeah, I would say it was the winding up of Animo Bancorp pursuant to advice of counsel. That's what I'm willing to say.*
> Ex. E, Neugebauer Dep. 48:19–21.

3. The Log Entry defeats itself. Advice "concerning the wind-down of Amino Bancorp" is advice ***about and as to the Debtor***, and when a corporation enters chapter 7, control of its attorney-client privilege passes to its trustee. *Commodity Futures Trading Comm'n v.*

[1] Ms. Wertz is a partner in Jackson Walker's Bankruptcy, Restructuring, & Recovery section and is Board Certified in Business Bankruptcy Law by the Texas Board of Legal Specialization. Ex. F. The other Jackson Walker recipients of the Withheld Document are Bruce Ruzinsky (bruzinsky@jw.com) and Bradley Knippa (bknippa@jw.com), the author of the Engagement Letter with With Purpose Inc. Ex. C.

*Weintraub*, 471 U.S. 343, 349, 358, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985). The Trustee controls Bancorp's privilege, not its director. Jackson Walker's engagement letter with With Purpose Inc. – signed by Toby – disclaims any representation of employees or shareholders. And a non-lawyer third party who Defendants admit "was not acting as [Toby's] attorney" ***also*** received the email. Ex. D, RFA No. 45. The privilege claim fails three times over. At an absolute minimum, the Court should review this email chain in camera.

4. Emergency consideration is warranted. The Debtor's Motion to Convert and Motion for Summary Judgment are set for hearing on October 20, 2026, and this Adversary Proceeding is set for docket call on October 26, 2026, on the Trustee's fraudulent transfer claims – claims to which wind-down advice given on the ***day of the Transfers*** goes directly.

5. Defendants did not serve the Privilege Log until September 28, 2026; the Trustee sought a conference the next day, conferred, and asked Defendants to remove the designation or agree to in camera review. After the Trustee's counsel pressed for an answer and need to file for expedited relief given the upcoming hearings, Defendants' answer: "Feel free to file your motion and mark us as opposed." Ex. B. These facts are the exceptional circumstances contemplated by L. Rule 7026-1(e), and relief is needed by October 15, 2026,[2] so the Court and (then) Trustee have time to review this key communication.

## II. FACTUAL AND PROCEDURAL BACKGROUND

6. Toby and Melissa each owned 50% of Bancorp, and on October 7, 2021, each contributed $3,500,000 to Bancorp as equity. Ex. D, RFA Nos. 1–2, 4–5; Ex. E, Neugebauer Dep. 38:16–21, 39:14–20. The $7,000,000 carried no promissory note, no interest, no maturity date, and no repayment obligation, and Defendants identify no facts supporting any loan (nor do Defendants

[2] A separate Motion for Emergency Hearing on this Motion, with a proposed order, is filed concurrently pursuant to L. Rule 9014-1(e).

claim it was a loan). Ex. D, RFA Nos. 6–9, 41–42, ROG No. 6 ("None."). Toby and Melissa were also Directors of Bancorp. Ex. E, Neugebauer Dep. 33:15-18, 87:6-88:4.

7. Two days before the contributions, on October 5, 2021, With Purpose, Inc. ("WPI") – the GloriFi enterprise entity that Defendants say owned Bancorp's former subsidiary – engaged Jackson Walker for "general corporate and securties [sic] law matters." Ex. C, Engagement Letter at 1. The letter, authored by Jackson Walker attorney Bradley Knippa, who was copied on the Withheld Document, and signed by Toby as WPI's Founder and Chairman, defines the firm's client:

> *CLIENT AND SCOPE OF REPRESENTATION. In this engagement, our representation is solely of the Company. . . . Unless specifically agreed to by us in a letter like this one, we will not be representing other related persons or entities, including any subsidiaries, affiliates or shareholders.*

Ex. C, Engagement Letter at 2 (emphasis added).

8. On November 30, 2022, Toby authorized Bancorp to wire $3,500,000 to himself and $3,500,000 to Melissa (the "Transfers") – a "dollar-for-dollar return" of their equity, in Toby's words, made when "shareholders wound the company down." Ex. D, RFA Nos. 16–17, 24, 46, ROG Nos. 5, 22; Ex. E, Neugebauer Dep. 40:9–14, 41:2–9. Neither Defendant provided any services or work in exchange. Ex. D, RFA Nos. 21, 26; Ex. E, Neugebauer Dep. 48:7–12. The Transfers left Bancorp with $135,825.46 – less than the $396,904.38 in outstanding Capco invoices alone. Ex. D, RFA Nos. 40, 43. The Withheld Document is an email chain dated ***that same day***, from Jackson Walker bankruptcy partner Wertz to Toby ***<u>and</u>*** Bryan Joiner, copying two more Jackson Walker lawyers, including Bradley Knippa, who signed the WPI Engagement Letter, about "Amino bancorp." Ex. A.

9. Joiner is not a lawyer. Defendants admit that Joiner "was not acting as [Toby's] attorney in connection with the Transfers" and that he "was never employed by and did not receive

any compensation from Bancorp" – yet Toby identifies Joiner as one of only two persons who "participated in, authorized, directed, approved, and/or were consulted regarding the Transfers." Ex. D, RFA No. 45, ROG Nos. 5, 20. Accordingly, and as a matter of law, none of these activities that relate to the Transfers are privileged.

10. Bancorp filed chapter 7 on March 5, 2024. The Trustee filed this action on March 2, 2026, pleading actual and constructive fraudulent transfer claims under 11 U.S.C. §§ 544, 548, and 550 and TUFTA. Adv. Dkt. No. 1. The Trustee's document requests to Toby called for, among other things, all documents and communications regarding the decision to cause Bancorp to make the Transfers, Toby's knowledge of Bancorp's financial condition before November 30, 2022, and communications with any representative or advisor regarding the characterization of and basis for the Transfers. Ex. D, RFP Nos. 23, 28, 30. Defendants produced no privilege log with their responses, and the Trustee moved to compel. Adv. Dkt. No. 21. After Defendants agreed to cure, the Trustee withdrew that motion. Adv. Dkt. Nos. 36, 37. Defendants completed their production and served the Privilege Log on September 28, 2026. Ex. G.

11. The Trustee moved immediately. His counsel requested a conference the next day, September 29; conferred with Defendants' counsel by telephone on September 30, 2026; and raised the same grounds asserted in this Motion. On October 5, the Trustee's counsel asked in writing whether Defendants would "remove the designation and produce, or shall we submit to Court in camera for review?" Receiving no substantive response, counsel advised on October 6 that a motion would follow. Defendants' counsel replied: "Feel free to file your motion and mark us as opposed." Ex. B. The Privilege Log's other five entries – January 2023 emails in which Toby

sought "legal representation individually" from a different firm, Wick Phillips, after the Transfers – are not challenged here.[3]

## III. LEGAL STANDARD

12. Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling discovery . . . ." *Superior Sales West, Inc. v. Gonzalez*, 335 F.R.D. 98, 102 (W.D. Tex. 2020).

13. "The burden of demonstrating the applicability of the privilege rests on the party who invokes it." *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). The proponent "must prove: (1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017). The burden is document-by-document and "extends to proof of preliminary facts showing that the matter is eligible for protection," *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 n.7 (5th Cir. 2001), ambiguities are construed against the proponent, *BDO USA*, 876 F.3d at 695, and the burden of establishing the privilege never shifts to the challenger. *Id.*

[3] *See* Ex. A (Doc. Nos. 7572092_00081957, 7572092_00081960, 7572092_00071146, 7572092_00071128, and 7572092_00071139). The Trustee reserves all rights as to those entries.

## IV. ARGUMENTS AND AUTHORITIES

### A. The Privilege Over Advice Concerning Bancorp's Wind-Down Belongs to Bancorp's Estate, Not to the Neugebauers

14. "[T]he trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to prebankruptcy communications." *Weintraub*, 471 U.S.358. "[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well," and "[d]isplaced managers may not assert the privilege over the wishes of current managers, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties." *Id.* at 359. The Fifth Circuit follows and has extended *Weintraub*. *United States v. Campbell*, 73 F.3d 44, 47 (5th Cir. 1996).

15. The Log Entry describes corporate advice in its own words: "legal advice concerning the wind-down of Amino [sic] Bancorp." Ex. A. Toby's testimony matches: the Transfers were "the winding up of Animo Bancorp pursuant to advice of counsel." Ex. E, Neugebauer Dep. 48:19–21. The dissolution of the company, the disposition of its cash, and the treatment of its creditors are "matters within the scope of [a director's] corporate duties" – precisely the communications a displaced manager may not shield from the trustee. *Weintraub*, 471 U.S.349. Control of Bancorp's privilege passed to the Trustee on the Petition Date. The Withheld Document must be produced to the Trustee.

### B. Defendants Cannot Prove That Jackson Walker Represented Toby Individually, Because Jackson Walker's Own Engagement Letter Says It Did Not

16. The only engagement letter in the record contradicts the Log Entry: Jackson Walker's representation was "solely of the Company," and the firm "w[ould] not be representing other related persons or entities…," absent a separate written engagement. Ex. C at 2. Toby signed that letter. Wertz is a bankruptcy and restructuring partner who represents ***companies*** in

reorganization and liquidation proceedings, Ex. F, the email's subject is the company's name, and the described subject matter is the company's wind-down. Ex. A. There is no evidence that the Neugebauers needed advice on personal bankruptcies. Any legal advice related solely and only as to Bancorp.

17. A corporate officer or Director claiming a personal privilege in communications with company counsel must show, among other things, that he made clear he sought advice "in [his] individual rather than in [his] representative capacit[y]" and that the substance "did ***not*** ***concern matters within the company or the general affairs of the company***." *Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 123 (3d Cir. 1986) (emphasis added). The Log Entry concedes the substance concerned the company's wind-down, and Toby was Bancorp Director at that time. If the communication was privileged, it was privileged as to Bancorp (not Toby) and, thus, belongs to the Estate.

### C. A Non-Lawyer Third Party Received the Communication, Destroying Any Claim of Privilege

18. "[T]he presence of a third person while such communications are made or the disclosure of an otherwise privileged communication to a third person eliminates the intent for confidentiality on which the privilege rests." *Hodges*, 768 F.2d at 721. "[W]hen a communication between attorney and client occurs in the presence of a third party who is not the attorney's client, the communication generally is not confidential, and the privilege is waived." *United States v. Brown*, 151 F.4th 647, 656 (5th Cir. 2025). Joiner received the Withheld Document; Defendants admit he was not Toby's attorney and was never employed by Bancorp. Ex. A; Ex. D, RFA No. 45, ROG No. 20. This fact should end the inquiry and require production.

**D. At Minimum, the Court Should Review the Withheld Document In Camera**

19. A party seeking in camera review need only show "a factual basis adequate to support a good faith belief by a reasonable person" that review may be probative; that threshold "need not be a stringent one," and review "does not have the legal effect of terminating the privilege." *United States v. Zolin*, 491 U.S. 554, 568, 572, 109 S. Ct. 2619, 105 L. Ed. 2d 469 (1989). A privilege log must permit the court and the parties "to test the merits of the privilege claim," *BDO USA*, 876 F.3d at 697, and courts may order in camera review where entries are conclusory. *Slocum v. Int'l Paper Co.*, 549 F. Supp. 3d 519, 525 (E.D. La. 2021); *Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 70 (E.D. La. 2024). This is one email chain, not a mountain of documents, and the Log Entry is both conclusory and self-contradicting. Review would also permit the Court to assess the Trustee's suspicion that the crime-fraud exception could also independently defeat any privilege over advice sought on the very day Bancorp's cash was wired to its owners for nothing. *See In re Andrews*, 186 B.R. 219, 222 (Bankr. E.D. Va. 1995); *In re Sam Industrias S.A.*, 653 B.R. 196, 210-11 (Bankr. S.D. Fla. 2023).

## V. CONCLUSION AND PRAYER FOR RELIEF

20. This is a simple request. The Log Entry claims an individual privilege for undisputedly corporate advice, for a purportedly (with no proof) individual client Jackson Walker expressly disclaimed,[4] over a communication shared with a non-lawyer third party, concerning the wind-down Toby says was done "pursuant to advice of counsel." The Trustee respectfully requests that the Court grant this Motion on an emergency basis; order Defendants to produce Document No. 7572092_00073068, unredacted and with all attachments, within one day[5] of the Court's order;

---

[4] Even if the Neugebauers had an individual representation agreement with JW, the addition of Mr. Joiner to the email chain still destroys any such claim to privilege.

[5] It is a single document, so one day should be more than sufficient time.

alternatively, order Defendants to submit the Withheld Document to the Court for in camera review within one day; and grant the Trustee all other relief to which he has shown himself justly entitled. A proposed order is being submitted herewith.

Respectfully submitted,

*/s/ Joshua J. Iacuone*

**CHASE J. POTTER**
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
**GREG MCALLISTER**
Texas State Bar No. 24071191
E-Mail: greg@imcplaw.com
**JOSHUA J. IACUONE**
Texas Bar No. 24036818
E-Mail: josh@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**JESSE A. OKIROR**
Texas Bar No. 24065843
E-Mail: jesse@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**SPECIAL COUNSEL FOR THE TRUSTEE**

## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiff conferred in good faith with counsel for Defendants regarding the relief requested in this Motion. Counsel for Plaintiff requested a conference on September 29, 2026, one day after service of the Privilege Log, and conferred with Defendants' counsel by telephone on September 30, 2026, raising the grounds asserted in this Motion. On October 5, 2026, Plaintiff's counsel asked in writing whether Defendants would remove the privilege designation and produce the Withheld Document or agree to submit it to the Court for in camera review. On October 6, 2026, after receiving no substantive response, Plaintiff's counsel advised that this Motion would be filed on an expedited basis as "hearings coming up shortly," and Defendants' counsel responded: "Feel free to file your motion and mark us as opposed." This Motion is therefore opposed.

*_/s/ Joshua J. Iacuone_*
**JOSHUA J. IACUONE**

## CERTIFICATE OF SERVICE

I certify that on October 8, 2026, a true and correct copy of the foregoing was served on all parties receiving electronic notice through the Court's ECF system.

*_/s/ Joshua J. Iacuone_*
**JOSHUA J. IACUONE**