**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 19, 2026.**

**AUBREY L. THOMAS**
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-50359-ALT |
| | § | |
| AMINO BANCORP, INC. | § | |
| | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| JOHN PATRICK LOWE, Trustee, Plaintiff, | § | Adv. No. 26-05011-ALT |
| | § | |
| | § | |
| v. | § | |
| | § | |
| TOBY NEUGEBAUER, and MELISSA NEUGEBAUER, Defendants. | § | |
| | § | |
| | § | |

**ORDER GRANTING TRUSTEE'S EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENT WITHHELD AS PRIVILEGED**

Before the Court is an *Emergency Motion to Compel Production of Document Improperly Withheld as Privileged and Brief in Support* (the "Emergency Motion") filed by Plaintiff John Patrick Lowe, the duly appointed chapter 7 trustee for Debtor Animo Bancorp, Inc. The Plaintiff seeks production of an email identified as

Document No. 7572092_00073068, and any response to that email (collectively referred to herein after as the "Documents").[1] Defendants Toby and Melissa Neugebauer (the "Defendants") filed a *Response*[2] objecting to the Emergency Motion, in which they argued that the Documents are protected by attorney-client privilege and offered to produce the Documents for *in camera* review to resolve the discovery dispute.

After considering the arguments made by the parties at the hearing held on the Emergency Motion on October 14, 2026, as well as the arguments made in their filings (including Plaintiff's *Reply*[3]), the Court ordered the Defendants to produce the Documents for *in camera* review.[4] The Defendants timely complied with the Order and produced the Documents to the Court. Based on the Court's review of the Documents, the Emergency Motion is granted, and the Defendants are ordered to produce the Documents to Plaintiff no later than 5 p.m. (CST) on October 19, 2026.

"The party asserting the attorney-client privilege bears the burden of proof and must show that [they] '(1) made a confidential communication; (2) to a lawyer or [their] subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'"[5] In this case, there is no dispute that the communication was to a lawyer for the primary purpose of seeking legal advice. The dispute over the Documents revolves around who sought the advice, in what capacity, and whether including Mr. Bryan Joiner, the Defendants' financial advisor, destroyed confidentiality, thereby waiving the privilege.

Although the Defendants' privilege log describes the email chain labeled Document Number 7572092_00073068 as an "email chain from Toby Neugebauer," it is not. Instead, the emails are from Mr. Bryan Joiner. At the time he sent the emails, Mr. Joiner was the Chief Financial Officer of Dorado Capital Partners, which he

---

[1] Docket No. 45.

[2] Docket No. 51.

[3] Docket No. 52.

[4] Docket No. 55.

[5] *In re the Roman Cath. Church for the Archdiocese of New Orleans* (*In re New Orleans Diocese*), No. 20-10846, 2024 WL 87499, at *6–7 (Bankr. W.D. La. Jan. 5, 2024) (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)).

describes as the "Neugebauer family office."[6] Thus, the issue before the Court is whether the Defendants may assert attorney-client privilege over a communication they did not make, but that was made by a third party seeking legal advice on their personal behalf.[7]

Because the privilege operates "to restrict or withhold relevant information from the factfinder, it has been interpreted narrowly by the Fifth Circuit."[8] Generally, including a third party in the communication destroys confidentiality and thereby waives the privilege.[9] That said, the attorney-client privilege may still apply to communications involving a third party in four narrow exceptions.: (1) the common legal interest exception, (2) the translator exception, (3) the functional equivalent exception, and (4) the consultant exception.[10]

Although not explicit, it appears that the Defendants are relying on the "consultant" exception.[11] Specifically, in his Declaration, Mr. Joiner attests that

> I reached out to counsel at Mr. Neugebauer's request. I did so on behalf of Mr. Neugebauer, individually and in his capacity as a shareholder of Bancorp, to obtain legal advice for him concerning the shareholders' wind-down of Bancorp and the return of their capital.[12]

In their Response, the Defendants argue that "courts hold that communications involving a nonlawyer remain protected when the nonlawyer's participation is necessary, or at least highly useful, to effective consultation between client and counsel." Although that statement is true, it omits the important guardrails that

---

[6] Docket No. 51-1 (Joiner Declaration), ¶ 3.

[7] It appears that the Defendants would concede that if Mr. Joiner's communications were on behalf of the Debtor, the trustee would then have the right to waive such privilege, and the Documents would therefore have to be produced.

[8] *Nw. Senior Hous. Corp. v. Intercity Inv. Props., Inc.* (*In re Nw. Senior Hous. Corp.*), No. 22-30659, 2023 WL 2938386, at *3 (Bankr. N.D. Tex. Apr. 13, 2023) (citing *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)).

[9] *United States v. Brown*, 151 F.4th 647, 656 (5th Cir. 2025).

[10] *In re New Orleans Diocese*, 2024 WL 87499, at *9.

[11] To the extent the Defendants make the novel argument that an individual may utilize agents to seek legal advice on their behalf and that such communications between their agents and the lawyer are subject to attorney-client privilege, the Court finds no legal authority to support such a position and declines to create a new contour to the attorney-client privilege based on the record before the Court.

[12] Joiner Declaration, ¶ 8.

ensure that the exception does not swallow the rule. In the Fifth Circuit, courts have held that the presence of a third-party consultant does not destroy the privileged nature of the conversation with an attorney ***but only if*** the third-party professional was "hired for a specific purpose, which significantly relates to the disputed communications. Thus, the third-party professional's services must have 'enabled the giving of legal advice.'"[13]

In this case, there is simply no evidence that Mr. Joiner's participation or services as CFO for the "Neugebauer family office" were necessary to provide legal services or enabled the lawyers to provide the requested legal advice for the Defendants in November 2022. Therefore, the Defendants destroyed the confidentiality of the communication with counsel by including a third party, thereby waiving the privilege.

IT IS THEREFORE ORDERED that the Emergency Motion is granted.

IT IS FURTHER ORDERED that the Defendants shall produce the Documents to counsel for the Plaintiff no later than **October 19, 2026, at 5 p.m. (CST)**.

# # #

[13] *Osherow v. Vann*, (*In re Hardwood P-G, Inc.*), 403 B.R. 445, 458 (Bankr. W.D. Tex. 2009) (quoting *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961)).